UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————— x

CITY OF PROVIDENCE, RHODE ISLAND,   :   Civil Action No. 1:14-cv-02811-JMF
Individually and on Behalf of All Others   :
Similarly Situated,   :   <u>CLASS ACTION</u>
                                            :
                        Plaintiff,   :
                                            :
            vs.   :
                                            :
BATS GLOBAL MARKETS, INC., et al.,   :
                                            :
                        Defendants.   :
——————————————————— :

AMERICAN EUROPEAN INSURANCE   :   Civil Action No. 1:14-cv-03133-JMF
COMPANY, Individually and on Behalf of All   :
Others Similarly Situated,   :   <u>CLASS ACTION</u>
                                            :
                        Plaintiff,   :
                                            :
            vs.   :
                                            :
BATS GLOBAL MARKETS, INC., et al.,   :
                                            :
                        Defendants.   :
——————————————————— x

[Caption continued on following page.]


MEMORANDUM OF LAW IN SUPPORT OF THE INSTITUTIONAL INVESTORS'
MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF COUNSEL

950204_1

|  |  |
|---|---|
| ————————————————— x | |
| HAREL INSURANCE CO, LTD., Individually : and on Behalf of All Others Similarly Situated, : | Civil Action No. 1:14-cv-03608-JMF |
| : | CLASS ACTION |
| Plaintiff, : | |
| : | |
| vs. : | |
| : | |
| BATS GLOBAL MARKETS, INC., et al., : | |
| : | |
| Defendants. : | |
| ————————————————— x | |
| JAMES J. FLYNN and DOMINIC A. MORELLI, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:14-cv-04321-UA |
| : | |
| : | CLASS ACTION |
| Plaintiff, : | |
| : | |
| vs. : | |
| : | |
| BANK OF AMERICA CORPORATION, et al., : | |
| : | |
| Defendants. : | |
| ————————————————— | |

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ............................................................................................................1

II.  SUMMARY OF THE ACTION ....................................................................................3

III. ARGUMENT ..................................................................................................................6

    A.   The Related Actions Should Be Consolidated.........................................................6

    B.   The Institutional Investors Should Be Appointed Lead Plaintiff ...........................7

        1.   The Institutional Investors' Motion Is Timely.............................................7

        2.   The Institutional Investors Possess the Largest Financial Interest .............8

        3.   The Institutional Investors Otherwise Satisfy Rule 23 ...............................8

    C.   The Institutional Investors' Selection of Counsel Should Be Approved...............10

IV.  CONCLUSION..............................................................................................................12

950204_1

# TABLE OF AUTHORITIES

**Page**

## CASES

*In re Enron Corp. Sec.*,

*In re NPS Pharmaceuticals, Inc. Securities Litigation*,
   No. 2:06-cv-00570-PGC-PMW,
   2006 U.S. Dist. LEXIS 87231 (D. Utah Nov. 17, 2006) ........................................................11

*Sgalambo v. McKenzie*,
   268 F.R.D. 170 (S.D.N.Y. 2010) .......................................................................................8, 10

## STATUTES, RULES AND REGULATIONS

15 U.S.C.
   §78t-1 .....................................................................................................................................6
   §78u-4(a)(1) ...........................................................................................................................7
   §78u-4(a)(3)(A)(i) ..................................................................................................................7
   §78u-4(a)(3)(B)(i) ..................................................................................................................3
   §78u-4(a)(3)(B)(ii) ..............................................................................................................2, 6
   §78u-4(a)(3)(B)(iii) .............................................................................................................3, 7
   §78u-4(a)(3)(B)(iii)(I)(bb) .....................................................................................................8
   §78u-4(a)(3)(B)(iii)(I)(cc) ......................................................................................................8
   §78u-4(a)(3)(B)(iii)(II)(aa) ...................................................................................................10
   §78u-4(a)(3)(B)(v) ............................................................................................................3, 10

Federal Rules of Civil Procedure
   Rule 23 .................................................................................................................................7, 8
   Rule 23(a)(3) ........................................................................................................................8, 9
   Rule 23(a)(4) ........................................................................................................................8, 9
   Rule 42(a) .....................................................................................................................1, 2, 6, 7

Class members and proposed lead plaintiffs City of Providence, Rhode Island, Plumbers and Pipefitters National Pension Fund, Employees' Retirement System of the Government of the Virgin Islands, State-Boston Retirement System, and Första AP-fonden (collectively, the "Institutional Investors") respectfully submit this memorandum of law in support of their motion for an order: (1) consolidating the above-captioned actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)"); (2) appointing the Institutional Investors lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (3) approving their selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), Motley Rice LLC ("Motley Rice") and Labaton Sucharow LLP ("Labaton Sucharow") as lead counsel for the proposed class.

## I.      INTRODUCTION

Presently pending in this District are four related securities class actions (the "Related Actions") brought on behalf of public investors who purchased and/or sold publicly traded shares of common stock in the United States between April 18, 2009 and the present (the "Class Period") on a registered public stock exchange or U.S.-based alternate trading venue and were injured as a result of the alleged misconduct:

| CASE NAME | CASE NO. | DATE FILED |
|---|---|---|
| *City of Providence, Rhode Island v. BATS Global Markets, Inc., et al.* | 1:14-cv-02811 | Apr. 18, 2014 |
| *American European Insurance Co. v. BATS Global Markets, Inc., et al.* | 1:14-cv-03133 | May 2, 2014 |
| *Harel Insurance Co., Ltd. v. BATS Global Markets, Inc., et al.* | 1:14-cv-03608 | May 20, 2014 |
| *Flynn, et al. v. Bank of America Corp., et al.* | 1:14-cv-04321 | Jun. 13, 2014 |

The Related Actions allege that registered public stock exchanges (the "Exchange Defendants")[1], together with a number of brokerage firms (the "Brokerage Firm Defendants")[2] and certain sophisticated high frequency trading firms (the "HFT Defendants")[3] (collectively, "Defendants"), engaged in a fraudulent scheme whereby a select group of market participants were provided with or otherwise obtained material, non-public information which was then used to manipulate the U.S. securities markets, diverting billions of dollars annually to themselves and other defendants to the detriment of the class, in violation of the federal securities laws.

Under the PSLRA, the court must first determine whether to consolidate the Related Actions prior to selecting a lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Here, consolidation under Rule 42(a) is appropriate as each of the Related Actions assert substantially the same (or overlapping) claims and raise substantially the same questions of fact and law.  Additionally, consolidation will promote judicial efficiency and prevent duplication.

---

[1]   The "Exchange Defendants" are: BATS Global Markets, Inc.; Chicago Board Options Exchange, Inc.; Chicago Stock Exchange, Inc.; C2 Options Exchange, Inc.; Direct Edge ECN, LLC; International Securities Exchange Holdings, Inc.; The NASDAQ Stock Market LLC; NASDAQ OMX BX, Inc.; NASDAQ OMX PHLX, LLC; National Stock Exchange, Inc.; New York Stock Exchange, LLC; and NYSE Arca, Inc.  The recently filed *Flynn* Action also names BOX Options Exchange LLC and OneChicago, LLC as defendants; other Related Actions have voluntarily dismissed claims against these defendants.

[2]   The "Brokerage Firm Defendants" are: Bank of America Corp.; Barclays PLC; Citigroup Inc.; Credit Suisse Group AG; Deutsche Bank AG; The Goldman Sachs Group, Inc.; JPMorgan Chase & Co.; Morgan Stanley & Co. LLC; UBS AG; The Charles Schwab Corporation; E*TRADE Financial Corporation; FMR, LLC; Fidelity Brokerage Services, LLC; Scottrade Financial Services, Inc.; and TD Ameritrade Holding Corp.; together with a defendant class of similarly situated brokerage firms. The *Harel Insurance* and *American European Insurance* Actions also name Wedbush Securities Inc.

[3]   The "HFT Defendants" are: Citadel LLC; DRW Holdings, LLC; GTS Securities, LLC; Hudson River Trading LLC; Jump Trading, LLC; KCG Holdings, Inc.; Quantlab Financial LLC; Tower Research Capital LLC; Tradebot Systems, Inc.; Tradeworx Inc.; Virtu Financial Inc.; and Chopper Trading, LLC; together with a defendant class of similarly situated high frequency trading firms.  In addition, the recently filed *Flynn* Action also names BIDS Trading, L.P. as a defendant.

950204_1

After consolidation, the PSLRA directs the Court to appoint as lead plaintiff the class member or members it "determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Pursuant to the PSLRA's lead plaintiff provisions, the Institutional Investors are the "most adequate plaintiff" to represent the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition to timely filing their motion, the Institutional Investors have engaged in billions of dollars' worth of securities transactions on U.S. stock markets and/or alternate trading venues during the Class Period and, to their counsel's knowledge, possess the largest financial interest in the relief sought by the class. The Institutional Investors are sophisticated institutional investors that rely on the fair and honest functioning of the U.S. markets, and their significant financial interest in the relief sought by the class, in addition to their collective resources and experience, ensure that they will fairly and adequately represent the interests of the class. Accordingly, the Institutional Investors should be appointed Lead Plaintiff.

The Institutional Investors have also selected Robbins Geller, Motley Rice and Labaton Sucharow to serve as lead counsel for the putative class in the event their motion is granted. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Institutional Investors' chosen counsel have extensive experience in the prosecution of complex securities class actions, and have litigated numerous such cases together to successful conclusions. *See, e.g.*, §III.C, *infra*. As a result, the Institutional Investors' selection of counsel should be approved.

## II.   SUMMARY OF THE ACTION

High frequency trading (or "HFT") is a type of algorithmic trading that uses sophisticated technological tools and computer algorithms to rapidly trade securities. Instead of investing in stocks based on the perceived value of a stock issuer like conventional traders, high frequency traders move in and out of positions extremely rapidly, aiming to capture sometimes just a fraction

- 3 -

of a cent in profit on every trade.  HFT firms make up for these low margins with incredibly high volumes of trading, frequently numbering in the millions.  However, HFT firms execute on only a tiny fraction of the bids and orders they place on stock exchanges and alternate trading venues, instead placing thousands of bids and orders for only seconds at a time that are never executed in order to discover the intentions of other traders.  This activity floods the market with an enormous amount of misleading, expensive information that distorts the market price of securities to the detriment of the investing public.

Despite their obligations to provide orderly and honest trading and to match the bids and orders placed on behalf of investors at the best available price, the Exchange Defendants engaged in and facilitated manipulative and deceptive conduct by: (i) accepting kickback payments from HFT firms in exchange for situating HFT firms' servers in close proximity to the Exchanges' own order matching servers ("co-location") to create informational asymmetries and otherwise rig the market so that HFT firms could profit from access to, and utilization of, material non-public information; (ii) accepting kickback payments from HFT firms in exchange for providing enhanced proprietary data feeds that allow HFT firms to receive enriched trading information at faster delivery speeds than the widely available securities information processor feeds; (iii) designing and implementing hundreds of new and exceedingly complex order types to attract order flow and fees from HFT firms and facilitate those firms' ability to pick off investors' trades; and (iv) paying hundreds of millions of dollars in kickback payments and rebates to brokerage firms to entice them to direct their customers' bids and offers to exchanges ("payment for order flow") where HFT firms would be able to preview this material non-public data before the rest of the market, to the detriment of the plaintiffs and the class.

In addition, those Defendants that controlled alternate trading venues, demanded and received substantial kickback payments in exchange for providing the HFT Defendants access to material trading data via preferred access to exchange floors and/or through proprietary trading products. Likewise, in exchange for kickback payments, and notwithstanding their duties to fairly and honestly transact the purchase and sale of securities on behalf of their clients, the Brokerage Firm Defendants provided access to their customers' bids and offers, and directed their customers' trades to stock exchanges and alternate trading venues that the Brokerage Firm Defendants knew had been rigged through the use of HFT practices and were subject to informational asymmetries.  For example, the Brokerage Firm Defendants sold "special access" to material data, including orders placed by the putative class, so that the HFT Defendants could then trade against the Brokerage Firm Defendants' own clients and generate unfair profits based on this informational asymmetry and other market manipulation.

Other examples of Defendants' manipulative, self-dealing conduct during the Class Period include:

- *"electronic front-running"* – where, in exchange for kickback payments, the HFT Defendants are provided early notice of investors' intentions to transact by being shown initial bids and offers placed on exchanges and other trading venues by their brokers, and then race ahead of those investors to transact in the desired securities at better prices;

- *"rebate arbitrage"* – where the HFT and Brokerage Firm Defendants obtain kickback payments from the securities exchanges without providing the promised liquidity that the kickback scheme was purportedly designed to entice;

- *"slow-market (or latency) arbitrage"* – where the HFT Defendants are shown changes in the price of a stock on one exchange, and pick off orders sitting on other exchanges, before those exchanges are able to react and adjust their own bid/offer quotes accordingly;

- *"spoofing"* – where the HFT Defendants send out orders with corresponding cancellations, often at the opening or closing of the stock market, in order to manipulate the market price of a security and/or induce a particular market reaction;

- *"layering"* – where the HFT Defendants send out waves of false orders intended to give the impression that the market for shares of a particular security is deep in order to take advantage of the market's reaction; and

- *"contemporaneous trading"* – whereby obtaining material, non-public information concerning the trading intentions of the putative class and then transacting against them, Defendants violate the federal securities laws, including §20A of the Securities Exchange Act of 1934 (the "Exchange Act").

As a result of this misconduct, the proposed class has suffered, and continues to suffer, substantial economic harm and damages on an ongoing basis, damages which flow to Defendants and their associates in the form of billions of dollars annually in ill-gotten proceeds.  In addition, Defendants' misconduct has eroded the public confidence vital to the robust and orderly functioning of the marketplace.

## III.   ARGUMENT

### A.     The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under [the Act] has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered."  15 U.S.C. §78u-4(a)(3)(B)(ii).   Under Rule 42(a), consolidation is appropriate when the actions involve common questions of law or fact.  *See* Fed. R. Civ. P. 42(a).

Here, the Related Actions share numerous common questions of law and fact.  Indeed, the complaints contain largely the same allegations related to fraudulent and manipulative HFT trading practices against a largely overlapping set of defendants.   The Related Actions all assert violations of the Exchange Act and applicable SEC rules and regulations as a result of this misconduct during an identical Class Period and on behalf of a largely similar putative class.  Given the numerous common questions of law and fact presented by the Related Actions, their consolidation would result

in significant efficiencies and improve judicial economy and should therefore be granted pursuant to Rule 42(a).

**B.      The Institutional Investors Should Be Appointed Lead Plaintiff**

The PSLRA establishes a procedure for the appointment of a lead plaintiff in "each private action arising under [the Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1).  First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  The Institutional Investors meet each of these requirements and should therefore be appointed Lead Plaintiff.

**1.      The Institutional Investors' Motion Is Timely**

On April 18, 2014, notice of the first-filed complaint, filed by City of Providence, Rhode Island, was published and advised class members of the pendency of the first of the Related Actions, the alleged claims, the class definition, and the option of moving the Court to be appointed as lead plaintiff 60 days from April 18, 2014, or by June 17, 2014.  *See* Declaration of Patrick J. Coughlin in Support of the Institutional Investors' Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Coughlin Decl."), Ex. A.  Thus, the Institutional Investors filed within the applicable deadline and their motion is eligible to be considered for lead plaintiff appointment.

- 7 -

950204_1

### 2.     The Institutional Investors Possess the Largest Financial Interest

During the Class Period, the Institutional Investors, in the aggregate, purchased and sold over 3 billion shares on U.S. registered public securities exchanges or alternate trading venues, which were affected by Defendants' misconduct.  Coughlin Decl., Ex. B.  With a total dollar value exceeding $65 billion, these transactions represent the largest financial interest in the relief sought by the class.  *See id.*; 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).  Upon information and belief, no other qualified class members have sought, or are seeking, appointment as lead plaintiff with a larger financial interest.

### 3.     The Institutional Investors Otherwise Satisfy Rule 23

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure". 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  "At the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23.'"  *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (citation omitted).  "Typicality 'requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'"  *Id*. at 173-74 (citation omitted); *see also* Fed. R. Civ. P. 23(a)(3).  "'The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class.'"  *Sgalambo*, 268 F.R.D. at 174 (citation omitted); *see also* Fed. R. Civ. P. 23(a)(4).

950204_1

The Institutional Investors claims are typical because, like all members of the putative class, they purchased and/or sold shares of stock on a U.S. registered public stock exchange or U.S.-based alternate trading venue during the Class Period and suffered damages as a result of Defendants' manipulative scheme.  *See* Coughlin Decl., Ex. B.  The Institutional Investors' claims rise from the same course of events as all class members and will require similar (if not identical) legal arguments in order to prove Defendants' liability.  Thus, the Institutional Investors satisfy the typicality requirements of Rule 23(a)(3).

The Institutional Investors would be adequate representatives for the proposed class.  Their substantial financial interest in the outcome of the Related Actions demonstrates that their interests are perfectly aligned with those of the class.  *See* Coughlin Decl., Ex. B.  Moreover, the Institutional Investors represent a sophisticated cross-section of institutional investors, each of which will leverage their collective resources and experience to ensure vigorous and competent advocacy for the benefit of all putative class members.  *See* Coughlin Decl., Ex. C, ¶¶1-10, 14 (Joint Declaration).  The Institutional Investors have already conferred together prior to seeking lead plaintiff appointment, and have established protocols and procedures to ensure the zealous and efficient prosecution of this litigation and the active oversight of class counsel.  *See id.*, ¶¶11-12.  The Institutional Investors have also selected highly experienced counsel committed to zealously and efficiently prosecuting this action to a successful conclusion.  *See id.*, ¶13.  Thus, the Institutional Investors satisfy the adequacy requirements of Rule 23(a)(4).

Because the Institutional Investors are deemed to be the presumptive "most adequate plaintiff" under the PSLRA, they should be appointed Lead Plaintiff.

### C.    The Institutional Investors' Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  This Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).  Here, the Institutional Investors have selected Robbins Geller, Motley Rice and Labaton Sucharow to serve as lead counsel for the proposed class.  *See* Coughlin Decl., Exs. D-F.  Robbins Geller, Motley Rice and Labaton Sucharow possess the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class.

With more than 200 lawyers in offices nationwide, including within this District, Robbins Geller possesses substantial experience in complex securities litigation.  District courts throughout the nation have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of complex securities class action cases.  *See, e.g.*, *Sgalambo*, 258 F.R.D. at 175, 177 (appointing Robbins Geller lead counsel and noting its "substantial securities class action experience"); *In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (Harmon, J.) (commenting that the "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country"); Coughlin Decl., Ex. D.

Likewise, Motley Rice has substantial experience in the prosecution of securities class actions and has demonstrated the ability to work in an efficient fashion in the best interests of the class.  Motley Rice is currently serving as lead counsel or co-lead counsel in several high profile securities class actions, including several in this District.  *See, e.g.*, *City of Brockington Ret. Sys. v. Avon Products*, No. 11-cv-466-PGG, Dkt. No. 21 (S.D.N.Y. Sept. 29, 2011) (appointing Motley Rice as lead counsel); *Birmingham Ret. and Relief Sys. v. S.A.C. Capital Advisors, LLC*, No. 13-cv-

- 10 -

2459-VM-KNF, Dkt. No. 115 (S.D.N.Y. Oct. 22, 2013) (appointing Motley Rice as co-lead counsel); *In re Barrick Gold Sec. Litig.*, No. 13-cv-03851-RPP, Dkt. No. 26 (S.D.N.Y. Aug. 9, 2013) (same).  As the court in *In re NPS Pharmaceuticals, Inc. Securities Litigation* noted, "[Motley Rice has] expertise and experience in the prosecution of shareholder and securities class actions and, as a result, [is] adequate to represent the interests of the class."  No. 2:06-cv-00570-PGC-PMW, 2006 U.S. Dist. LEXIS 87231, at *14 (D. Utah Nov. 17, 2006); *see also* Coughlin Decl., Ex. E.

Similarly, Labaton Sucharow has served as lead counsel in numerous actions on behalf of defrauded investors, including noteworthy cases in this District.  Labaton Sucharow served as lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-08141 (S.D.N.Y.), in which it recently achieved a recovery totaling more than $1 billion for the class.  In addition, in November 2012, Labaton Sucharow secured a $294.9 million settlement in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-1963 (S.D.N.Y.), in which the firm served as co-lead counsel.  Labaton Sucharow currently serves as lead or co-lead counsel in securities fraud cases against Federal National Mortgage Association (Fannie Mae), MF Global Holdings Ltd., and Facebook, Inc., among other significant investor class actions.  *See* Coughlin Decl., Ex. F.

Robbins Geller, Motley Rice and Labaton Sucharow have also demonstrated that they can work together effectively and efficiently, having jointly prosecuted complex securities class actions to a successful conclusion on numerous occasions and recovering millions of dollars for the benefit of injured investors.  For example, Robbins Geller and Labaton Sucharow presently serve as co-lead counsel in *In re Goldman Sachs Group, Inc. Securities Litigation*, No. 10-cv-03461 (S.D.N.Y.), which has proceeded past defendants' motions to dismiss, with parties currently conducting

- 11 -

discovery.  And, Motley Rice and Robbins Geller are currently prosecuting the complex securities class action *City of Sterling Heights General Employees' Retirement System v. Hospira, Inc.*, No. 11-cv-08332-AJS (N.D. Ill.).  After vigorously litigating the action for more than two years, on April 1, 2014, the *Hospira* court preliminarily approved a $60 million settlement for the benefit of the class.  In addition, Motley Rice and Labaton Sucharow presently serve as co-lead counsel in *In re Hewlett-Packard Company Securities Litigation*, No. SACV 11-1404-AG-RNBx (C.D. Cal.), in which the court recently granted preliminarily approval of a $57 million settlement on behalf of a class of damaged investors.  Thus, the Court can be assured that by approving the Institutional Investors' choice of counsel the putative class will receive the highest caliber of representation.

## IV.     CONCLUSION

The Related Actions should be consolidated because they present substantially similar (if not identical) factual and legal issues.  In addition, the Institutional Investors have timely filed their motion seeking appointment as lead plaintiff, possess the largest financial interest in this litigation of any qualified plaintiff of which their counsel is aware, and will fairly and adequately represent the interests of the putative class.  Moreover, the Institutional Investors have retained counsel with the resources and experience necessary to adequately represent the interests of the class in this large and

950204_1

complex action.  For these reasons, the Court should consolidate the Related Actions, appoint the

Institutional Investors as Lead Plaintiff and approve their selection of Robbins Geller, Motley Rice

and Labaton Sucharow as Lead Counsel for the class.[4]

DATED:  June 17, 2014

Respectfully submitted,
ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN
RANDI BANDMAN


                                    s/ Patrick J. Coughlin
                              PATRICK J. COUGHLIN

                       30 Vesey Street, Suite 200
                       New York, NY 10007
                       Telephone:  212/693-1058
                       patc@rgrdlaw.com
                       randib@rgrdlaw.com

                       ROBBINS GELLER RUDMAN
                         & DOWD LLP
                       SAMUEL H. RUDMAN
                       VINCENT M. SERRA
                       58 South Service Road, Suite 200
                       Melville, NY  11747
                       Telephone:  631/367-7100
                       631/367-1173 (fax)
                       srudman@rgrdlaw.com
                       vserra@rgrdlaw.com

---

[4]   Finally, Pomerantz LLP, counsel for American European Insurance Co. and Harel Insurance Co. in two of the Related Actions has notified the undersigned counsel that American European Insurance Co. and Harel Insurance Co. both support the consolidation of the Related Actions, the appointment of the Institutional Investors as Lead Plaintiff and the approval of Lead Plaintiff's selection of counsel.

- 13 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
ANDREW J. BROWN
DAVID W. MITCHELL
BRIAN O. O'MARA
LONNIE A. BROWNE
600 West Broadway
San Diego, CA 92101
Telephone:  619/231-1058
619/231-7423 (fax)
andrewb@rgrdlaw.com
davidm@rgrdalw.com
bomara@rgrdlaw.com
lbrowne@rgrdlaw.com

MOTLEY RICE LLC
JOSEPH F. RICE
WILLIAM H. NARWOLD
ANN K. RITTER
DAVID P. ABEL
28 Bridgeside Blvd.
Mount Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)
jrice@motleyrice.com
bnarwold@motleyrice.com
aritter@motleyrice.com
dabel@motleyrice.com

MOTLEY RICE LLC
DONALD A. MIGLIORI
REBECCA KATZ
600 Third Avenue, Suite 2101
New York, NY  10016
Telephone:  212/577-0040
212/577-0054 (fax)
dmigliori@motleyrice.com
rkatz@motleyrice.com

- 14 -

LABATON SUCHAROW LLP
CHRISTOPHER J. KELLER
JOEL H. BERNSTEIN
MICHAEL W. STOCKER
140 Broadway
New York, New York  10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
jbernstein@labaton.com
mstocker@labaton.com

[Proposed] Co-Lead Counsel for Plaintiffs

O'DONOGHUE & O'DONOGHUE LLP
LOUIS P. MALONE
4748 Wisconsin Avenue, N.W.
Washington, DC  20016
Telephone:  202/362-0041
202/362-2640 (fax)

Additional Counsel for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 17, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on June 17, 2014.

s/ Patrick J. Coughlin
PATRICK J. COUGHLIN

ROBBINS GELLER RUDMAN
   & DOWD LLP
30 Vesey Street, Suite 200
New York, NY  10007
Telephone:  212/693-1058

E-mail:patc@rgrdlaw.com

# Mailing Information for a Case 1:14-cv-02811-JMF

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Randi Dawn Bandman**
  randib@rgrdlaw.com

- **Stephen P Bedell**
  sbedell@foley.com

- **Jeremy A. Berman**
  jberman@skadden.com

- **Julia Marie Beskin**
  juliabeskin@quinnemanuel.com

- **David Charles Bohan**
  david.bohan@kattenlaw.com,ecfdocket@kattenlaw.com,bridget.diedrich@kattenlaw.com

- **Sara B. Brody**
  sbrody@sidley.com,rfant@sidley.com,dspenner@sidley.com,tnewman@sidley.com,rbmartin@sidley.com

- **Andrew J. Brown**
  andrewb@rgrdlaw.com,nhorstman@rgrdlaw.com,kirstenb@rgrdlaw.com,ldeem@rgrdlaw.com

- **Thomas Bundy**
  thomas.bundy@sutherland.com

- **Richard W Clary**
  rclary@cravath.com

- **Patrick Joseph Coughlin**
  patc@rgrdlaw.com

- **Douglas Randall Cox**
  dcox@gibsondunn.com,aarias@gibsondunn.com,smartin@gibsondunn.com

- **Agnes Dunogue**
  Agnes.Dunogue@Shearman.com

- **Angus White Dwyer**
  adwyer@spencerfane.com,pozias@spencerfane.com,lvile@spencerfane.com

- **Jamie Stephen Dycus**
  jamie.dycus@wilmerhale.com

- **Joe Wesley Earnhardt**
  wearnhardt@cravath.com

- **Scott Alexander Edelman**
  sedelman@milbank.com

- **Stephen Ehrenberg**

ehrenbergs@sullcrom.com,s&cmanagingclerk@sullcrom.com

- **Jonathan Neil Eisenberg**
  jon.eisenberg@klgates.com

- **Peter Nicholas Flocos**
  peter.flocos@klgates.com

- **Brian Lawrence Friedman**
  blfriedman@proskauer.com,LSOSDNY@proskauer.com

- **Harry Frischer**
  hfrischer@proskauer.com,LSOSDNY@proskauer.com

- **James Loyd Gattis**
  lgattis@spencerfane.com,kholm@spencerfane.com

- **Faith E. Gay**
  faithgay@quinnemanuel.com

- **Charles Alan Gilman**
  cgilman@cahill.com,mmcloughlin@cahill.com,nmarcantonio@cahill.com

- **Robert Joseph Giuffra , Jr**
  giuffrar@sullcrom.com,s&cmanagingclerk@sullcrom.com

- **Andrew Garry Gordon**
  agordon@paulweiss.com

- **Marc Laurence Greenwald**
  marcgreenwald@quinnemanuel.com

- **Adam Selim Hakki**
  ahakki@shearman.com

- **Stacie Rachel Hartman**
  shartman@schiffhardin.com,edocket@schiffhardin.com

- **Fraser Lee Hunter , Jr**
  fraser.hunter@wilmerhale.com,whmao@wilmerhale.com

- **David George Januszewski**
  djanuszewski@cahill.com

- **Alex Jason Kaplan**
  ajkaplan@sidley.com,nyefiling@sidley.com

- **Arnold Richard Kaplan**
  akaplan@spencerfane.com

- **Jay B. Kasner**
  jkasner@skadden.com

- **Ankush Khardori**
  akhardori@paulweiss.com

- **Daniel Jonathan Kramer**
  dkramer@paulweiss.com

- **Thomas Paul Krebs**
  tkrebs@foley.com

- **Mark D. Lanpher**
  mark.lanpher@shearman.com

- **Matthew Joseph Laroche**
  mlaroche@milbank.com

- **David Sapir Lesser**
  david.lesser@wilmer.com,whmao@wilmerhale.com,lesserda@yahoo.com

- **Seth L. Levine**
  slevine@levinelee.com

- **Lewis J. Liman**
  lliman@cgsh.com,maofiling@cgsh.com

- **Joseph C. Lombard**
  jlombard@mmlawus.com

- **Mitchell A. Lowenthal**
  maofiling@cgsh.com,mlowenthal@cgsh.com

- **Jackie Adeline Lu**
  jlu@sidley.com,nyefiling@sidley.com

- **Mark S. Mandel**
  mmandel@foley.com,tkrebs@foley.com,sbedell@foley.com

- **Alexander Virgil Maugeri**
  amaugeri@cravath.com

- **David W. Mitchell**
  davidm@csgrr.com,slandry@rgrdlaw.com

- **James Alwin Murphy**
  jmurphy@mmlawus.com

- **Scott D. Musoff**
  smusoff@skadden.com,david.carney@skadden.com

- **Brian O. O'Mara**
  bomara@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Stuart Harris Pack**
  spack@spencerfane.com,lgarofalo@spencerfane.com

- **Dean N. Panos**
  dpanos@jenner.com

- **Christos Papapetrou**
  cpapapetrou@levinelee.com

- **Alfred Robert Pietrzak**
  rpietrzak@sidley.com,nyefiling@sidley.com

- **Stephen Leonard Ratner**
  sratner@proskauer.com,LSOSDNY@proskauer.com

- **William Michael Regan**
  william.regan@kattenlaw.com,wregan@kattenlaw.com

- **Daniel Alexander Richards**
  drichards@cravath.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Holly H. Smith**
  holly.smith@sutherland.com,april.pearce@sutherland.com

- **Theodore R. Snyder**
  Theodore.Snyder@mmlawus.com

- **Dorothy Jane Spenner**
  dspenner@sidley.com,nyefiling@sidley.com

- **Howard Steven Suskin**
  hsuskin@jenner.com

- **John Andrew Valentine**
  john.valentine@wilmerhale.com

- **Thomas Charles White**
  whitet@sullcrom.com,s&cmanagingclerk@sullcrom.com

- **Richard Corey Worcester**
  coreyworcester@quinnemanuel.com

- **Allison Michele Wuertz**
  allison.wuertz@kattenlaw.com

- **Boris Zeldin**
  bzeldin@proskauer.com,LSOSDNY@proskauer.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)