UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF PROVIDENCE, RHODE ISLAND, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:14-cv-02811-JMF <br><br> <u>CLASS ACTION</u> |
| Plaintiff, | |
| vs. | |
| BATS GLOBAL MARKETS, INC., et al., | |
| Defendants. | |
| AMERICAN EUROPEAN INSURANCE COMPANY, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:14-cv-03133-JMF <br><br> <u>CLASS ACTION</u> |
| Plaintiff, | |
| vs. | |
| BATS GLOBAL MARKETS, INC., et al., | |
| Defendants. | |

[Caption continued on following page.]

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF
THE INSTITUTIONAL INVESTORS' MOTION FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF, AND
<u>APPROVAL OF SELECTION OF COUNSEL</u>**

|  |  |
|---|---|
| HAREL INSURANCE CO, LTD., Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>BATS GLOBAL MARKETS, INC., et al.,<br><br>　　　　　　　Defendants. | Civil Action No. 1:14-cv-03608-JMF<br><br><u>CLASS ACTION</u> |
| JAMES J. FLYNN and DOMINIC A. MORELLI, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>BANK OF AMERICA CORPORATION, et al.,<br><br>　　　　　　　Defendants. | Civil Action No. 1:14-cv-04321-JMF<br><br><u>CLASS ACTION</u> |

Class members and proposed lead plaintiffs City of Providence, Rhode Island, Plumbers and Pipefitters National Pension Fund, Employees' Retirement System of the Government of the Virgin Islands, State-Boston Retirement System, and Första AP-fonden (collectively, the "Institutional Investors") respectfully submit this memorandum in further support of their motion for consolidation, appointment as Lead Plaintiff, and approval of their selection of Counsel for the Class.

In connection with the above-captioned securities class actions (together, the "Action") brought on behalf of public investors who purchased and/or sold publicly traded shares of common stock in the United States between April 18, 2009 and the present (the "Class Period") on a registered public stock exchange or U.S.-based alternate trading venue and were injured as a result of the alleged misconduct, on June 17, 2014, three movants timely filed motions with the Court seeking appointment as Lead Plaintiff: (1) the Institutional Investors (Dkt. No. 167); (2) Applied Financial Science, Inc. ("AFSI") (Dkt. No. 170); and (3) James J. Flynn and Dominic A. Morelli ("Flynn and Morelli") (Dkt. No. 173).

On June 30, 2014, AFSI filed a Notice of Non-Opposition "acknowledg[ing] that the Institutional Investors possess the 'largest financial interest in the relief sought by the class' . . . and meet the other requirements for appointment under Rule 23 of the Federal Rules of Civil Procedure ["Rule 23"]." Dkt. No. 198 at 2. Also on June 30, 2014, Flynn and Morelli filed a Notice of Non-Opposition setting forth a substantially identical acknowledgement. Dkt. No. 205 at 2. The motion of the Institutional Investors for consolidation, appointment as Lead Plaintiff, and approval of selection of Lead Counsel is, therefore, effectively unopposed and should be granted.

Consolidation of actions is appropriate when they name the same defendants and share common issues of law and fact. *See Atwood v. Intercept Pharm., Inc.*, No. 14-cv-1123, 2014 WL

2115084, at *1 (S.D.N.Y. May 16, 2104) (consolidating securities class actions that "contain the same factual and legal issues"). Because the above-captioned actions assert claims based on substantially similar factual allegations and legal theories and name a largely overlapping set of defendants (*see* Institutional Investors Opening Br.[1] at 6-7) consolidation is proper here.

In addition, appointment of the Institutional Investors as Lead Plaintiff comports with the PSLRA. The Institutional Investors collectively purchased and sold more than 3 billion shares, worth in excess of $65 billion, across U.S.-registered public securities exchanges and U.S.-based alternate trading venues that were affected by Defendants' misconduct during the Class Period. *See* Institutional Investors Opening Br. at 8. No other Class member that has filed a complaint or a timely motion for appointment as Lead Plaintiff asserts a financial interest approaching that of the Institutional Investors.

In addition to possessing the largest financial interest in the relief sought by the Class, the Institutional Investors satisfy the typicality and adequacy requirements of Rule 23. *See* Institutional Investors Opening Br. at 8-9; *see also Clark v. Barrick Gold Corp.*, No. 13-cv-3851, 2013 WL 5300698, at *2 (S.D.N.Y. Sept. 20, 2013) (discussing the typicality and adequacy requirements at the lead plaintiff appointment stage).

Typicality requires "that the claims of the class representative be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Clark,* 2013 WL 5300698, at *2 (citation omitted). The Institutional Investors meet the typicality requirement of Rule 23 because they, as did all Class members, purchased and/or sold shares of stock on U.S.-registered public stock exchanges or U.S.-based alternate trading venues during

---

[1] References to "Institutional Investors Opening Br." refer to the Memorandum of Law in Support of the Institutional Investors' Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Counsel, Dkt. No. 168.

the Class Period, suffered damages as a result of Defendants' manipulative scheme, and seek relief based on the same legal theories.  *See* Institutional Investors Opening Br. at 9.

The Institutional Investors also satisfy the adequacy requirement of Rule 23.  "Adequacy requires that the proposed plaintiff [1] must not have interests that are antagonistic to the class that he seeks to represent and [2] has retained counsel that is capable and qualified to vigorously represent the interests of the class."  *Clark*, 2013 WL 5300698, at *2 (citation omitted).  Here, the interests of the Institutional Investors are squarely aligned with those of the Class due to their substantial financial interest in the outcome of the Action.  *See* Institutional Investors Opening Br. at 9.  Further, the Institutional Investors' proposed Lead Counsel is highly qualified to litigate the Class' claims.  *See* Institutional Investors Opening Br. at 10-12.  Moreover, the appointment of the Institutional Investors would be in harmony with "the statutory preference for institutional lead plaintiffs" in actions brought pursuant to the PSLRA.  *In re KIT Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 446 (S.D.N.Y. 2013).

Having established that they hold the largest financial interest in the relief sought by the Class and satisfy the requirements of Rule 23, the Institutional Investors are presumptively the "most adequate plaintiff."  Accordingly, and because their motion is unopposed by any other movant, the Institutional Investors' motion for appointment as Lead Plaintiff should be granted.  *See Atwood*, 2014 WL 2115084, at *1 (appointing unopposed movant that satisfied the requirements of Rule 23).

Pursuant to the PSLRA, the movant selected to serve as lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Institutional Investors have retained Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), Motley Rice LLC ("Motley Rice"), and Labaton Sucharow LLP ("Labaton Sucharow")—firms highly experienced in prosecuting securities class actions—to serve as Lead Counsel for the Class.  *See* Institutional Investors Opening Br. at 10.  The experience of these firms in prosecuting numerous factually and legally complex actions establishes their ability to efficiently and effectively prosecute the Action.  *See* Firm Resumes, Decl. of Patrick J. Coughlin

3

in Supp. of the Institutional Investors Mot., Exs. D, E, F (Dkt. Nos. 169-4, 169-5, 169-6). Accordingly, the Court should approve the Institutional Investors' choice of Lead Counsel for the Class.

## CONCLUSION

For the foregoing reasons, the Institutional Investors respectfully request that the Court: (1) consolidate the above-captioned actions; (2) appoint the Institutional Investors as Lead Plaintiff for the Class; and (3) approve the Institutional Investors' selection of Robbins Geller, Motley Rice, and Labaton Sucharow as Lead Counsel for the Class.

Dated:  July 1, 2014                                             Respectfully Submitted,

**LABATON SUCHAROW LLP**
CHRISTOPHER J. KELLER
JOEL H. BERNSTEIN
MICHAEL W. STOCKER


                    s/ Michael W. Stocker
                MICHAEL W. STOCKER

140 Broadway
New York, New York  10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
jbernstein@labaton.com
mstocker@labaton.com

**ROBBINS GELLER RUDMAN
   & DOWD LLP**
PATRICK J. COUGHLIN
RANDI BANDMAN
30 Vesey Street, Suite 200
New York, New York  10007
Telephone:  (212) 693-1058
patc@rgrdlaw.com
randib@rgrdlaw.com

4

**ROBBINS GELLER RUDMAN
   & DOWD LLP**
SAMUEL H. RUDMAN
VINCENT M. SERRA
58 South Service Road, Suite 200
Melville, New York  11747
Telephone:  (631) 367-7100
Facsimile:  (631) 367-1173
srudman@rgrdlaw.com
vserra@rgrdlaw.com

**ROBBINS GELLER RUDMAN
   & DOWD LLP**
ANDREW J. BROWN
DAVID W. MITCHELL
BRIAN O'MARA
LONNIE A. BROWNE
600 West Broadway
San Diego, California  92101
Telephone: (619) 231-1058
Facsimile:  (619) 231-7423
andrewb@rgrdlaw.com
davidm@rgrdalw.com
bomara@rgrdlaw.com
lbrowne@rgrdlaw.com

**MOTLEY RICE LLC**
JOSEPH F. RICE
WILLIAM H. NARWOLD
ANN K. RITTER
DAVID P. ABEL
28 Bridgeside Blvd.
Mount Pleasant, South Carolina  29464
Telephone:  843) 216-9000
Facsimile:  (843) 216-9450
jrice@motleyrice.com
bnarwold@motleyrice.com
aritter@motleyrice.com
dabel@motleyrice.com

5

**MOTLEY RICE LLC**
DONALD A. MIGLIORI
REBECCA KATZ
600 Third Avenue, Suite 2101
New York, New York  10016
Telephone:  (212) 577-0040
Facsimile:  (212) 577-0054
dmigliori@motleyrice.com
rkatz@motleyrice.com

*Counsel for Plaintiffs, and*
*Proposed Lead Counsel for the Class*

**O'DONOGHUE & O'DONOGHUE LLP**
LOUIS P. MALONE
4748 Wisconsin Avenue, N.W.
Washington, DC  20016
Telephone:  (202) 362-0041
Facsimile:  (202) 362-2640

*Additional Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

      I certify that on this 1st day of July, 2014, I electronically filed this Memorandum of Law in Further Support of the Institutional Investors' Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Counsel using the Court's CM/ECF system.  This Notice will be sent electronically to the registered participants.

      By:  */s/ Michael W. Stocker*

Michael W. Stocker
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York  10005
Telephone:  (212) 907-0700
Facsimile:  (212) 818-0477
mstocker@labaton.com

*Counsel for Plaintiffs, and*
*Proposed Lead Counsel for the Class*