LAW OFFICES
## WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

GEORGE BORDEN
(202) 434-5563
gborden@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

October 22, 2014

<u>**VIA ECF**</u>

Honorable Jesse M. Furman
United States District Court for the Southern
District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, N.Y. 10007

    Re:    *City of Providence et al. v. BATS Global Markets, Inc. et al.*,
              Civil Action No. 1:14-cv-02811-JMF (Consolidated)

Dear Judge Furman:

    We jointly submit this letter motion on behalf of defendants BATS Global Markets, Inc. ("BATS"), Chicago Stock Exchange, Inc., Direct Edge ECN, LLC ("Direct Edge"), The NASDAQ Stock Market LLC, NASDAQ OMX BX, Inc., New York Stock Exchange, LLC and NYSE Arca, Inc. (collectively, the "Exchange Defendants"), pursuant to the Court's Order of October 15, 2014.

    The Exchange Defendants have been working diligently on draft memoranda of law in support of their anticipated motions to dismiss, in order to determine what format and page limits to request from the Court. The Exchange Defendants submit that an extension of the ordinary page limits is warranted to address all of the issues raised in the 128-page Consolidated Amended Complaint ("CAC") in a manner that would be most helpful to the Court. In particular:

    1.    The Exchange Defendants respectfully request that they be permitted to file a joint brief, not to exceed 60 pages, in support of their anticipated motions to dismiss, and that BATS and Direct Edge be permitted to file a single, non-duplicative supplemental brief, not to exceed 20 pages, in support of their motion to dismiss.

    2.    The Exchange Defendants further submit that it would assist the Court for them to submit a joint brief separate from that of defendant Barclays PLC ("Barclays"). The Exchange

WILLIAMS & CONNOLLY LLP

October 22, 2014
Page 2

Defendants are differently situated from Barclays because they are self-regulatory organizations registered as national securities exchanges under Section 6 of the Securities Exchange Act of 1934, 15 U.S.C. § 78(c)(a)(26).  As a result, the Exchange Defendants are entitled to raise defenses available only to them because of their regulatory role, including immunity from suit and the exclusivity of the Exchange Act's review procedures to govern grievances against exchanges.  Moreover, Count II of the CAC, which is brought under Section 6, names only the Exchange Defendants, and thus Barclays will not address that count at all.  Conversely, the Exchange Defendants understand that Barclays intends to raise certain arguments that do not apply to the Exchange Defendants.  Indeed, Barclays has moved the Judicial Panel on Multidistrict Litigation for consolidation or coordination of this action and *Great Pacific Securities v. Barclays PLC, et al.*, No. 14-01210 (C.D. Cal.), a case which raises different claims arising under state law against Barclays and does not involve the Exchange Defendants.  Because these disparate sets of issues and arguments involving Barclays do not overlap with the issues involving the Exchange Defendants, the Exchange Defendants believe that it would be most efficient and sensible for them to be presented in separate briefs.

      3.      The Exchange Defendants also respectfully submit that 60 pages are necessary to fairly present the many dispositive arguments on their motions to dismiss.  These arguments are likely to include that the Court lacks subject-matter jurisdiction; that Plaintiffs' claims are barred by absolute immunity; and that the CAC fails to state a claim against the Exchange Defendants for securities fraud or for violations of Section 6 of the Exchange Act for multiple reasons.  Judge Forrest of this Court recently permitted a group of exchanges to file a 60-page brief setting forth a similar set of arguments in *Lanier v. BATS Exchange, Inc.*, Nos. 14-cv-3745, -3865, -3866, which presents factual allegations akin to those presented in this case in a complaint that is significantly shorter than the CAC.  Judge Forrest, with the agreement of the plaintiff, approved the filing of the 60-page brief by the defendant exchanges to ensure the legal arguments were fairly presented in a manner most useful to the Court.  The Exchange Defendants respectfully request that they be permitted to take the same course here.

      4.      BATS and Direct Edge respectfully submit that a non-duplicative supplemental brief filed by them would aid the Court's understanding of their motion to dismiss.  The CAC contains approximately 10 pages of allegations directed specifically to conduct of BATS and Direct Edge that was allegedly part of a scheme to manipulate the securities markets.  In particular, the CAC alleges that the BATS and Direct Edge exchanges allowed the use of so-called "complex" order types unique to those exchanges, and that they concealed the functionality of the order types from most investors.  One dispositive defense to Plaintiffs' claims is that BATS and Direct Edge disclosed the allegedly concealed functionality of the order types at issue both before and during the alleged Class Period.  The disclosures made by BATS and Direct Edge were unique to the particular order types on their respective exchanges.  BATS and Direct Edge therefore seek the opportunity to present to the Court the specific disclosures

WILLIAMS & CONNOLLY LLP

October 22, 2014
Page 3

they made that preclude Plaintiffs' claims.  BATS and Direct Edge believe that they can fairly present these points in 20 pages of briefing.

     5.     Undersigned counsel have conferred with counsel for Plaintiffs, who consent to Barclays filing a separate brief, but consent only to the Exchange Defendants filing one joint brief not to exceed 35 pages.  As set forth above, the Exchange Defendants do not believe that their well-grounded defenses to the lengthy CAC can be fairly or adequately presented in 35 pages.  The CAC raises complex legal issues in a specialized area of law, and the Exchange Defendants ask that the Court grant their request so that the parties may fully brief the numerous grounds supporting dismissal.

                     Respectfully submitted,

                     By: /s/ George A. Borden
                     George A. Borden
                     **WILLIAMS & CONNOLLY LLP**
                     725 Twelfth Street NW
                     Washington, DC 20005
                     Telephone: (202) 434-5000
                     Facsimile: (202) 434-5029
                     gborden@wc.com

                     *Counsel for Defendants New York Stock Exchange, LLC and NYSE Arca, Inc.*

                     By: /s/ Douglas R. Cox (with permission)
                     Douglas R. Cox
                     **GIBSON, DUNN & CRUTCHER LLP**
                     1050 Connecticut Avenue NW
                     Washington, DC 20036
                     Telephone: (202) 955-8500
                     Facsimile: (202) 530-9539
                     dcox@gibsondunn.com

                     *Counsel for NASDAQ Stock Market LLC and NASDAQ OMX BX, Inc.*

WILLIAMS & CONNOLLY LLP

October 22, 2014
Page 4

By: /s/ James A. Murphy (with permission)
James A. Murphy
**MURPHY & McGONIGLE, PC**
1185 Avenue of the Americas, 21st Floor
New York, NY 10036
Telephone: (212) 880-3968
Facsimile: (212) 880-3998
jmurphy@mmlawus.com

*Counsel for BATS Global Markets, Inc. and Direct Edge ECN, LLC*

By: /s/ Seth L. Levine (with permission)
Seth L. Levine
**LEVINE LEE LLP**
666 Fifth Avenue
New York, NY 10103
Telephone: (212) 223-4400
Facsimile: (212) 223-4425
slevine@levinelee.com

*Counsel for Chicago Stock Exchange, Inc.*