# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D C
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

October 22, 2014

By ECF

Hon. Jesse M. Furman,
    United States District Court,
        Southern District of New York,
            40 Centre Street, Room 2202,
                New York, NY 10007.

Re: *City of Providence, et al.* v. *BATS Global Markets, et al.*,
    No. 1:14-cv-02811-JMF (Consolidated)

Dear Judge Furman:

I write on behalf of defendant Barclays PLC ("Barclays") regarding this Court's Order of October 15, 2014 (ECF No. 229), which directed all defendants to file one consolidated brief in support of their motions to dismiss (due on November 3 (ECF No. 40)), or to submit a letter motion to the Court showing good cause for submitting separate briefs.

Although none of the plaintiffs in the four consolidated actions served Barclays with the original Complaint or the Consolidated Amended Complaint, and the 120-day deadline for doing so under Fed. R. Civ. P. 4(m) has now expired, on October 21, Barclays agreed to waive service of the Complaint and to file a motion to dismiss on November 3 (even though Barclays would have a longer period to file that motion under the Federal Rules of Civil Procedure given that Barclays only recently agreed to waive service of the Complaint).[1] Barclays respectfully requests leave to file a separate brief of no more than 25 pages (pursuant to Rule 3.D of Your Honor's Individual Rules and Practices ("Rule 3.D")) in support of its motion so that it can address the various arguments and legal issues in this case that are unique to Barclays, as described below. In exchange for Barclays' agreement to waive service of the Complaint, plaintiffs have consented to this request.

Plaintiffs have also requested, and Barclays has agreed, that plaintiffs' opposition brief (due on January 2, 2015) will be no more than 25 pages pursuant to Rule 3.D. And Barclays and plaintiffs have agreed that Barclays' reply brief (due on February 16, 2015) will be no more than 10 pages pursuant to Rule 3.D.

---

[1]     By waiving service of the Complaint, Barclays expressly preserves, and does not waive, any and all defenses, including the defense of lack of personal jurisdiction.

Hon. Jesse M. Furman                                                                                      -2-

        Barclays seeks leave to file a separate motion to dismiss brief pursuant to the page limit set forth in Rule 3.D because plaintiffs' allegations raise numerous issues and defenses that are unique to Barclays. Indeed, only a limited portion of the allegations in the Consolidated Amended Complaint relate to Barclays at all, and almost all such allegations are contained in a separate section of the Complaint that pertains exclusively to Barclays. (Compl. ¶¶ 233-257.) The crux of those allegations concern purported misrepresentations by Barclays with respect to the operation and marketing of Barclays LX ("LX"), an alternative trading system operated by Barclays. Those allegations, which were drawn almost entirely from an unadjudicated complaint filed against Barclays by the New York Attorney General on June 25, 2014, *People ex rel. Schneiderman* v. *Barclays Capital, Inc.*, No. 451391/2014 (Sup. Ct. N.Y. Cnty.), do not have any bearing on the so-called "Exchange Defendants." (*See* Compl. ¶¶ 25-31.) In particular, plaintiffs allege that Barclays made misrepresentations concerning (i) a service called Liquidity Profiling that was intended to protect LX participants against high-frequency traders, (ii) the extent of high-frequency trading in LX, and (iii) Barclays' order-routing practices. (Compl. ¶¶ 245-56.) None of these allegations has anything to do with the Exchange Defendants.

        Likewise, plaintiffs' allegations against the Exchange Defendants—which encompass the vast majority of the Consolidated Amended Complaint—implicate numerous factual and legal issues that are unique to them. For example:

- The Exchange Defendants are subject to various Securities and Exchange Commission regulations pertaining to national exchanges—such as those contained in Regulation NMS—which substantially underlie plaintiffs' allegations against the Exchange Defendants. (*E.g.*, Compl. ¶¶ 73-76, 117-119, 120-207.) Those regulations do not apply to Barclays, which does not operate a public exchange.

- The Exchange Defendants—unlike Barclays—are Self-Regulatory Organizations and, as such, are entitled to absolute immunity from claims connected to "the discharge of their regulatory responsibilities." *Standard Inv. Chartered, Inc.* v. *Nat'l Ass'n of Sec. Dealers, Inc.*, 637 F.3d 112, 115 (2d Cir. 2011). (*Cf.* Compl. ¶¶ 269-271.) The Exchange Defendants are likely to rely on this immunity in moving to dismiss the Consolidated Amended Complaint. Barclays is not a self-regulatory organization and does not intend to assert any such claim of immunity.

- The Consolidated Amended Complaint asserts a cause of action (under Section 6(b) of the Securities Exchange Act) solely against the Exchange Defendants and not against Barclays. (Compl. ¶¶ 279-84.)

*        *        *

        Because the legal and factual issues raised by plaintiffs' allegations against Barclays are distinct from the legal and factual issues raised by the allegations against the Exchange Defendants, Barclays anticipates that there will be little (if any) overlap between its motion to dismiss papers and any such papers filed by the Exchange Defendants. Barclays therefore respectfully requests that the Court grant it leave to file a separate brief in support of its

Hon. Jesse M. Furman                                                    -3-

motion to dismiss, and that Barclays' opening brief, plaintiffs' opposition, and Barclays' reply be subject to the page limits set forth in Rule 3.D.

                                        Respectfully submitted,


                                        /s/ Jeffrey T. Scott _____
                                        Jeffrey T. Scott

cc:     All counsel of record (by ECF)