UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                  :
IN RE:                                           :
                                                  :
BARCLAYS LIQUIDITY CROSS AND HIGH         :         14-MD-2589 (JMF)
FREQUENCY TRADING LITIGATION                :
                                                  :             <u>ORDER NO. 1</u>
*This Document Relates To All Actions*                   :
                                                  :
------------------------------------------------------------------------ X

JESSE M. FURMAN, United States District Judge:

       It appearing to the Court that *Great Pacific v. Securities v. Barclays PLC, et al.*, No. 14-CV-1210 (C.D. Cal.) ("*Great Pacific*"), which was transferred to this Court by the December 12, 2014 Order of the Judicial Panel on Multidistrict Litigation ("JPML") (JPML-2589 Docket No. 41; 14-MD-2589 Docket No. 1), and the cases already consolidated in this Court under Docket No. 14-CV-2811 ("*City of Providence*") (together with *Great Pacific*, the "MDL-2589 Cases"), merit special attention as complex litigation, it is hereby ORDERED that:

## I.    APPLICABILITY OF THIS ORDER

       The provisions of this Order shall govern the practice and procedure in the MDL-2589 Cases and any "tag-along" actions later filed in, removed to, or transferred to this Court. The Clerk will send a copy of this Order to counsel for any plaintiffs or newly named defendants in any case newly filed or transferred to this Court. This Order vacates any case management or scheduling order issued by a state or federal court prior to the transfer of a case to MDL-2589.

## II.    CONSOLIDATION

       The MDL-2589 Cases are consolidated for pretrial purposes. Any "tag-along" actions later removed to or transferred to this Court, or directly filed in the Southern District of New York, will automatically be consolidated with this action without the necessity of future motions

or orders. This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she, or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

### III.   PRIOR ORDERS

By prior order in *City of Providence*, the Court appointed as lead counsel Robbins Geller Rudman & Dowd LLP, Motley Rice LLC, and Labaton Sucharow LLP. (No. 14-CV-2811, Docket No. 209). In addition, by order entered November 25, 2014 (No. 14-CV-2811, Docket No. 253), the Court adopted the following briefing schedule:

1. Defendants will move to dismiss no later than January 23, 2015.
2. Plaintiffs' opposition to the motion to dismiss is due by March 24, 2015.
3. Defendants' reply, if any, shall be due no later than May 8, 2015.

By order dated October 22, 2014, the Court established page limits for these filings and granted certain parties leave to file separate or supplemental briefs. (No. 14-CV-2811, Docket No. 232). These three orders shall remain in effect and apply to all the MDL-2589 Cases unless and until the Court orders otherwise. All other deadlines are STAYED. Further, any and all pending motions in *Great Pacific* are denied without prejudice, and will be adjudicated under procedures set forth in this Order and subsequent orders issued by this Court.

## IV. STATUS LETTERS

The parties in the MDL-2589 Cases are directed to confer and, no later than **January 20, 2015**, file two joint letters **not to exceed five single-spaced pages** each, one on behalf of all plaintiffs and one on behalf of all defendants, containing the following:

i. A brief summary of how *Great Pacific* relates to *City of Providence*. In particular, the parties should make clear what claims, defenses, and other issues are present in *Great Pacific*, but *not* in *City of Providence*;

ii. A statement regarding whether the Court should order the filing of a single consolidated complaint or instead proceed with the two currently operative complaints, the one containing the claims in *City of Providence* and the one containing the claims in *Great Pacific*;

iii. A statement regarding whether the Court should modify the briefing schedule and process established in its prior orders (including whether the parties in *Great Pacific* should be permitted to file separate briefs in connection with any motion to dismiss or join the briefs in *City of Providence*) and, if so, how and why;

iv. A statement regarding whether the Court should hold a conference in this matter prior to consideration of any motions to dismiss;

v. A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any;

vi. A list of all related cases pending in state or federal court, together with their current status, including discovery taken to date and pending motions, to the extent known;

vii. Any other information that the parties believe may assist the Court in advancing the cases to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case;

viii. In addition, **Plaintiffs'** letter shall state whether all Plaintiffs consent to continuing with the counsel already appointed by the Court; and

ix. Finally, **Defendants'** letter shall advise the Court whether they will stipulate that they will not object, based on improper venue, to the filing directly in the Southern District of New York of related cases that emanate from other districts and that would appropriately be included in this MDL, on the understanding that upon completion of all pretrial proceedings applicable to a case directly filed in this Court pursuant to this provision, this Court, pursuant to 28 U.S.C. § 1404(a), will transfer that case to a federal district court of proper venue, as defined in 28 U.S.C. § 1391, after considering the recommendations of the parties to that case.

**V.     CAPTION**

All orders, pleadings, motions, and other documents served or filed in MDL-2589 shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

IN RE:

BARCLAYS LIQUIDITY CROSS AND HIGH FREQUENCY          14-MD-2589 (JMF)
TRADING LITIGATION

*This Document Relates To ["All Actions" or specify by title and case number the individual applicable cases if the document relates to less than all of the consolidated cases]*

-------------------------------------------------------------------------------X

All papers filed in any of these cases shall be docketed on the master docket and on the docket of each individual case**.**

**VI.    DISCOVERY**

Pending the development of a fair and efficient schedule, all outstanding discovery proceedings are suspended until further order of this Court, and no further discovery shall be initiated.  This directive does not (A) preclude informal discovery regarding the identification and location of relevant documents and witnesses; (B) preclude parties from stipulating to the conduct of a deposition that already has been scheduled; (C) prevent a party from voluntarily responding to an outstanding discovery request under Fed. R. Civ. P. 33, 34, or 36; or (D) authorize a party to suspend its efforts in gathering information needed to respond to a request under Fed. R. Civ. P. 33, 34, or 36. Relief from this stay may be granted for good cause shown,

such as the ill health of a proposed deponent.

Pursuant to Fed. R. Civ. P. 5(d), discovery requests and responses will not be filed with the Court except when specifically so ordered by the court or to the extent needed in connection with a motion.

All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action.  The duty extends to documents, data, and tangible things in the possession, custody, and control of parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action.  "Documents, data, and tangible things" is to be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, E-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks, statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition.  Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation.  Counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including

employees of corporate or institutional parties, of this directive.

## VII. MOTIONS

No motion shall be filed under Rules 11, 37, or 56 of the Federal Rules of Civil Procedure without the movant first having sought a pre-motion conference with the Court. No motion (other than under Rule 12) shall be filed unless it includes a certification that the movant has conferred with opposing parties and made a good faith effort to resolve the matter without court action.

## VIII. DOCUMENT FILING AND ATTORNEY ADMISSIONS *PRO HAC VICE*

All counsel are required to register promptly for and participate in this Court's CM/ECF filing system. That system gives each counsel immediate access to all electronically filed documents and obviates the need to make personal service on the individual parties. Unless otherwise ordered, all documents shall be filed electronically via the Court's CM/ECF system and must be filed in accordance with the Southern District of New York's Local Rules, the Southern District of New York ECF Rules and Instructions, and this Court's Individual Rules and Practices for Civil Cases. The Court will serve all orders through the ECF system. Lead counsel shall be responsible for providing copies of any order, pleading, motion, letter, or other document to any party/counsel who does not receive service of the order through the ECF system

In accord with Rule 2.1(c) of the Rules of Procedure of the JPML, all counsel appearing in any of the MDL-2589 Cases prior to their transfer to this district need not enter a notice of appearance or submit a *pro hac vice* application to practice before this Court, and need not obtain local counsel. All counsel who did not appear in a related action prior to the Transfer Order are directed to enter a notice of appearance on 14-MD-2589. Those counsel who are not a member of the Bar of this Court shall be deemed admitted *pro hac vice* upon the proper filings with the Clerk as provided by the Local Rules. All counsel are directed to apply for an ECF password,

6

which can be obtained by visiting the Court's website at www.nysd.uscourts.gov and completing the on-line registration form. For assistance with the ECF filing system, counsel should contact the Court's Help Desk, at 212-805-0800.

An attorney need file only one *pro hac vice* motion, even if he or she is the attorney of record for more than one party. The *pro hac vice* motion should be filed in the MDL (14-MD-2589), and "spread" to all cases for which the attorney represents a party. The attorney shall be required to pay the *pro hac vice* fee only one time.

SO ORDERED.

Dated: January 12, 2015
       New York, New York

_____
JESSE M. FURMAN
United States District Judge