**ROBBINS GELLER**
**Rudman & Dowd LLP**

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

David W. Mitchell
DavidM@rgrdlaw.com
619-338-3847

January 20, 2015

The Honorable Jesse M. Furman
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *In re Barclays Liquidity Cross and High Frequency Trading Litigation*,
             No. 14-MD-2589 (JMF) (S.D.N.Y.)
             *This Document Relates to All Actions*

Dear Judge Furman:

        On January 12, 2015, the Court issued *Order No. 1* ("*Order No. 1*") (Dkt. No. 2) in the above-referenced case, instructing the parties to confer and, no later than January 20, 2015, file two joint status letters, one on behalf of all plaintiffs and one on behalf of all defendants. In accordance with *Order No. 1*, counsel for plaintiffs in the cases already consolidated in this Court under Docket No. 14-cv-2811-JMF ("*City of Providence*") and counsel for plaintiff in *Great Pacific Securities v. Barclays PLC*, No. 15-cv-0168-JMF ("*Great Pacific*") (together with *City of Providence*, the "MDL-2589 Cases") submit the following:

**I.**    **A brief summary of how *Great Pacific* relates to *City of Providence*. In particular, the parties should make clear what claims, defenses, and other issues are present in *Great Pacific*, but *not* in *City of Providence***

        The *Great Pacific* action is brought by Great Pacific Securities ("Great Pacific"), a client of defendants Barclays PLC and Barclays Capital, Inc. (together, "Barclays"), on behalf of a class of all clients of Barclays whose trades were submitted for potential execution in Barclays's "dark pool." The complaint names as defendants only Barclays, and alleges claims for concealment and violation of California's unfair competition and false advertising laws. The crux of the complaint in the *Great Pacific* action is that Barclays concealed material information from its clients regarding the identity of predatory traders in Barclays's dark pool, as well as the volume of trading in its dark pool being conducted by predatory traders. In contrast, the *City of Providence* action is brought against seven of the nation's largest stock exchanges (the "Exchange Defendants") as well as Barclays, and asserts violations of the federal securities laws.

ROBBINS GELLER
RUDMAN & DOWD LLP

The Honorable Jesse M. Furman
January 20, 2015
Page 2

Notably, the *Great Pacific* action does not allege any violations under the federal securities laws, nor does it allege any claims against the seven Exchange Defendants who are named in the *City of Providence* action. Rather, the *Great Pacific* action alleges only state-law claims and is brought by a plaintiff who is a client of Barclays and who allegedly relied on Barclays's false and misleading advertisements. To the extent that the named plaintiff or any class member in the *Great Pacific* action has a valid 10b-5 claim, any such claim would be subsumed in the *City of Providence* action. However, the *City of Providence* action does not currently include claims for concealment and for violation of California's unfair competition and false advertising laws. It is unclear whether any of the claims contained in the *Great Pacific* action can be properly asserted in the *City of Providence* action in conjunction with the currently-pleaded violations of federal securities laws.

**II.     A statement regarding whether the Court should order the filing of a single consolidated complaint or instead proceed with the two currently operative complaints, the one containing the claims in *City of Providence* and the one containing the claims in *Great Pacific***

For reasons stated above in response to question (I), Plaintiffs respectfully request that the Court *not* order the filing of a single consolidated complaint. Rather, the two actions should proceed with two separate complaints, one containing claims in the *City of Providence* action and the other containing claims in the *Great Pacific* action.

**III.    A statement regarding whether the Court should modify the briefing schedule and process established in its prior orders (including whether the parties in *Great Pacific* should be permitted to file separate briefs in connection with any motion to dismiss or join the briefs in *City of Providence*) and, if so, how and why**

Plaintiff in the *Great Pacific* action respectfully requests that the Court slightly modify the schedule in the *Great Pacific* action. Specifically, *Great Pacific* intends to amend its complaint pursuant to Fed. R. Civ. P. 15(a). Plaintiff proposes the following schedule for filing the first amended complaint in the *Great Pacific* action and briefing any motion to dismiss:

| Deadline to file an amended complaint | February 6, 2015; |
|---|---|
| Deadline for Barclays to file a motion to dismiss | March 13, 2015; |
| Deadline for Plaintiff to file an opposition | April 17, 2015; and |
| Deadline for Barclays to file a reply | May 8, 2015 |

The above briefing schedule ensures that the briefing on any motion to dismiss in the *Great Pacific* action would conclude at the same time as is currently set in the *City of Providence* action (May 8,

1000255_1

**Robbins Geller Rudman & Dowd LLP**

The Honorable Jesse M. Furman
January 20, 2015
Page 3

2015), thus eliminating any delay. Counsel for Great Pacific has conferred with counsel for Barclays, who has indicated that Barclays does not oppose the above schedule for filing the first amended complaint and briefing any motion to dismiss.

### IV. A statement regarding whether the Court should hold a conference in this matter prior to consideration of any motions to dismiss

Plaintiffs do not believe the Court should hold a conference in this matter prior to consideration of any motions to dismiss.

### V. A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any

No settlement discussions have taken place.

### VI. A list of all related cases pending in state or federal court, together with their current status, including discovery taken to date and pending motions, to the extent known

Plaintiffs identify *People v. Barclays Capital Inc.*, Index No.: 451391/2014 (N.Y. Sup. Ct., Cnty. of New York), and *Strougo v. Barclays PLC*, No. 14-cv-5797-SAS (S.D.N.Y.), as two other actions concerning Barclays's dark pool. In *People v. Barclays*, defendants' motion to dismiss is fully briefed and pending resolution, with the court having heard oral argument on December 18, 2014. In *Strougo v. Barclays*, plaintiffs have filed an amended complaint and defendants are scheduled to file their motion to dismiss on January 20, 2015.

Plaintiffs also understand that there is an action currently pending before Judge Forrest in this District, *Lanier v. BATS Exchange Inc. et al.*, Nos. 1:14-cv-03745, 1:14-cv-03865, 1:14-cv-03866 (S.D.N.Y.), concerning national securities exchanges unlawfully catering to high-frequency traders. Defendants' motion to dismiss is fully briefed in *Lanier v. BATS*, and the court heard oral argument on the motion on January 16, 2015.

### VII. Any other information that the parties believe may assist the Court in advancing the cases to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case

Defendants continue to face a great deal of scrutiny from governmental agencies related to their unlawful behavior, further validating Plaintiffs' claims. On January 12, 2015, the SEC announced that EDGA and EDGX (which were recently acquired by BATS Global Markets, Inc.) would pay a $14 million penalty to settle allegations of providing unfair advantages to high-speed traders by failing to disclose the use of order types that gave HFT firms advantages over other

Robbins Geller
Rudman & Dowd LLP

The Honorable Jesse M. Furman
January 20, 2015
Page 4

investors in their markets. The penalty is the SEC's largest against a national securities exchange and the first principally focusing on stock exchange order types. Regulators remain focused on dark pools' operations as well. For example, the SEC recently reached a settlement with UBS Securities LLC for $14.5 million related to the operation of its dark pool. The settlement stemmed from allegations that UBS's dark pool marketed and provided trading advantages, such as sub-penny pricing, solely to high-frequency traders.

**VIII.   In addition, Plaintiffs' letter shall state whether all Plaintiffs consent to continuing with the counsel already appointed by the Court**

As explained above, Plaintiffs believe that the *City of Providence* action and the *Great Pacific* action should proceed with separate operative complaints and separate plaintiffs' counsel. Thus, the *City of Providence* action should continue to be prosecuted by Class Counsel appointed by the Court, and the *Great Pacific* action should continue to be prosecuted by Great Pacific's chosen counsel.

Very truly yours,

s/ David W. Mitchell
DAVID W. MITCHELL
Co-Counsel for Lead Plaintiffs in the *City of Providence* Action

DWM:mm

cc:   All Counsel of Record (via ECF)

1000255_1