## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/22/2015

January 20, 2015

By ECF

Hon. Jesse M. Furman,
    United States District Court,
        Southern District of New York,
            40 Centre Street, Room 2202,
                New York, NY 10007.

        Re:   *In re Barclays Liquidity Cross and High Frequency Trading Litigation*, No. 1:14-md-02589-JMF (This Document Relates to All Actions)

Dear Judge Furman:

      I represent Barclays PLC and Barclays Capital Inc. (together, "Barclays") in the above-captioned action and write on behalf of all defendants in the MDL cases[1] in response to this Court's Order of January 12, 2015 ("Order") directing defendants to address in a joint letter certain issues regarding those cases. (Order at 3.) Defendants conferred with plaintiffs on January 15, 2015, and address the issues raised in the Court's Order below:

      i.    **A brief summary of how *Great Pacific* relates to *City of Providence*. In particular, the parties should make clear what claims, defenses, and other issues are present in *Great Pacific*, but *not* in *City of Providence*.**

      The substantive allegations against Barclays in *Great Pacific* and *City of Providence* are very similar, as they are both copied verbatim from allegations made by the New York Attorney General in an unadjudicated complaint filed against Barclays on June 25, 2014. *People ex rel. Schneiderman* v. *Barclays Capital Inc., et al.*, No. 451391/2014 (Sup. Ct., N.Y. Cnty.) ("NYAG Complaint").[2] Based on the NYAG

---

[1] The other defendants in the MDL cases besides Barclays are BATS Global Markets, Inc., Chicago Stock Exchange, Inc., Direct Edge ECN, LLC, NYSE Arca, Inc., NASDAQ OMX BX, Inc., New York Stock Exchange, LLC, and The NASDAQ Stock Market LLC ("Exchange Defendants").

[2] Barclays moved to dismiss the NYAG Complaint on July 24, 2014, arguing, *inter alia*, that the Complaint does not allege any false or misleading statements. The court held oral argument on Barclays' motion on December 18, 2014.

Hon. Jesse M. Furman                                                                                                          -2-

Complaint, plaintiffs in both *Great Pacific* and *City of Providence* allege, primarily, that certain marketing materials about Barclays LX ("LX")—an alternative trading system used by sophisticated investment professionals to trade securities—contained false or misleading statements about the extent of trading by supposedly aggressive high-frequency traders ("HFTs") on LX and the steps that Barclays took to monitor HFTs' activity on LX. (*See Great Pacific Securities* Compl. ¶¶ 33-44 (No. 14-cv-02811, Dkt. # 252); *City of Providence* Second Consolidated Amended Complaint ¶¶ 269-78 (No. 15-cv-00168, Dkt. # 1).)

From the perspective of the Exchange Defendants, *Great Pacific* has no connection to *City of Providence*. The Exchange Defendants are not named as defendants in the *Great Pacific* complaint, and there are no allegations made against them in that complaint. Additionally, the claims in *City of Providence* raise distinct factual and legal issues for the Exchange Defendants related to, among other things, their unique role as self-regulatory organizations ("SROs") under the Exchange Act. For example, *City of Providence* raises jurisdictional issues because of the Exchange Act's comprehensive review procedures involving SROs, as well as SRO immunity.

With respect to the claims against Barclays, the significant differences in the two actions are that: (i) the *City of Providence* complaint is brought on behalf of investors who allegedly traded securities on LX through broker-dealers other than Barclays, whereas the *Great Pacific* complaint is brought on behalf of a Barclays client who allegedly traded directly on LX; and (ii) the *Great Pacific* complaint contains only claims under California law—unlike the *City of Providence* complaint, which contains only federal securities law claims—and *Great Pacific* asserts two claims on behalf of California residents only. (*See Great Pacific Securities* Compl. ¶¶ 11-12, 14-15, 62-84; *City of Providence* Second Consolidated Amended Complaint ¶¶ 21-35, 295-308.)

Thus, although Barclays believes coordinated discovery and pre-trial rulings are appropriate here (as found by the U.S. Judicial Panel on Multidistrict Litigation (*see* December 12, 2014 Order, JPML-2489, Dkt. # 41; 14-MD-2589, Dkt. # 1)), Barclays will seek to dismiss both complaints on various and, in many cases, distinct, grounds related to the deficiencies in both sets of plaintiffs' claims.

> ii. **A statement regarding whether the Court should order the filing of a single consolidated complaint or instead proceed with the two currently operative complaints, the one containing the claims in *City of Providence* and the one containing the claims in *Great Pacific*.**

Defendants believe that that the Court should proceed with two complaints—one in *City of Providence* and one in *Great Pacific*. As noted above, the

Hon. Jesse M. Furman -3-

Exchange Defendants are not named in *Great Pacific*, and that action involves some claims that are asserted only on behalf of California residents and under California law. Given the differences in the parties to the two suits, and the differences in the legal claims asserted, defendants respectfully submit that separate complaints and briefing are appropriate here.

> iii. **A statement regarding whether the Court should modify the briefing schedule and process established in its prior orders (including whether the parties in *Great Pacific* should be permitted to file separate briefs in connection with any motion to dismiss or join the briefs in *City of Providence*) and, if so, how and why.**

Defendants believe that Barclays' motion to dismiss the *Great Pacific* complaint should be briefed separately from its motion to dismiss the *City of Providence* complaint. Separate briefing would allow the parties to address adequately the *Great Pacific* state-law claims, which have different elements and defenses than the federal securities fraud claims asserted in *City of Providence*. Pursuant to this Court's November 25, 2014 Order, the Exchange Defendants and Barclays are submitting separate motions to dismiss the *City of Providence* complaint on January 23, 2015; plaintiffs' opposition is due on March 24, 2015; and the replies are due on May 8, 2015. With this Court's permission, Barclays will also submit a separate motion to dismiss the *Great Pacific* complaint.

On January 15, 2014, the parties conferred via teleconference and counsel for the *Great Pacific* plaintiffs indicated that plaintiffs intended to file an amended complaint solely to revise the definition of the putative class in that case. Counsel for the *Great Pacific* plaintiffs proposed that the deadline to file their amended complaint would be February 6, 2015, and that the following deadlines be used for Barclays' anticipated motion to dismiss: Barclays' motion will be due on March 13, 2015; plaintiffs' opposition will be due on April 17, 2015; and Barclays' reply will be due on May 8, 2015 (the same date that its reply in *City of Providence* is due).

Barclays has agreed to the above schedule, and both parties agree that the Court's normal page limits (*i.e.*, 25 pages for the opening brief, 25 pages for the opposition, and 10 pages for the reply) shall apply. We therefore join with plaintiffs to request, respectfully, that the Court enter this schedule in an order.

Hon. Jesse M. Furman                                                                                                                    -4-

    iv.    **A statement regarding whether the Court should hold a conference in this matter prior to consideration of any motions to dismiss.**

Defendants plan to move to dismiss the complaints against them and do not believe a conference would be productive or necessary prior to the Court's consideration of those motions.

    v.    **A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any.**

As of today, the parties have had no settlement discussions. Defendants believe that the complaints in both cases are without merit and should be dismissed as a matter of law, and thus do not believe such discussions would be productive.

    vi.    **A list of all related cases pending in state or federal court, together with their current status, including discovery taken to date and pending motions, to the extent known.**

There are no related cases against the Exchange Defendants. There are two related cases against Barclays. *First*, there is the NYAG Complaint, in which the New York Attorney General brings claims under the New York State Martin Act and Executive Law alleging that Barclays made false or misleading statements in marketing materials about LX. *People ex rel. Schneiderman* v. *Barclays Capital Inc., et al.*, No. 451391/2014 (Sup. Ct., N.Y. Cnty.). Barclays' motion to dismiss the NYAG's complaint currently is pending before the Court, which held oral argument on December 18, 2014. No discovery has taken place as part of the court proceeding. *Second*, there is a putative class action filed on behalf of holders of Barclays' American Depository Shares against Barclays and five current or former Barclays employees on July 28, 2014; the plaintiffs filed an amended complaint on December 15, 2014. *Strougo* v. *Barclays PLC, et al.*, No. 14-cv-5797-SAS (S.D.N.Y.). Barclays is filing a motion to dismiss that amended complaint today, and briefing on Barclays' motion is scheduled to be complete on March 2, 2015. Discovery is stayed pending Barclays' motion pursuant to the Private Securities Litigation Reform Act. *See* 15 U.S.C. § 78u-4(b)(3)(B).

    vii.    **Any other information that the parties believe may assist the Court in advancing the cases to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

In their motions to dismiss, defendants will raise numerous issues that are dispositive of plaintiffs' claims and warrant dismissal of both actions.

Hon. Jesse M. Furman -5-

        Should the *City of Providence* action proceed past the motion-to-dismiss stage, the Exchange Defendants will seek to sever the claims against them from those raised against Barclays on the basis that the claims against the Exchange Defendants in the *City of Providence* action are wholly unrelated to the claims against Barclays and implicate entirely different factual, statutory, and regulatory defenses given, among other things, the Exchange Defendants' status as SROs and their operation of public exchanges.

    ix.    Finally, Defendants' letter shall advise the Court whether they will stipulate that they will not object, based on improper venue, to the filing directly in the Southern District of New York of related cases that emanate from other districts and that would appropriately be included in this MDL, on the understanding that upon completion of all pretrial proceedings applicable to a case directly filed in this Court pursuant to this provision, this Court, pursuant to 28 U.S.C. § 1404(a), will transfer that case to a federal district court of proper venue, as defined in 28 U.S.C. § 1391, after considering the recommendations of the parties to that case.

        Defendants will not object, on the basis of improper venue, to the filing of related cases directly in the Southern District of New York. Defendants reserve all other rights.

        Respectfully submitted,

        *Jeffrey Scott* /J.J.H.

        Jeffrey T. Scott

cc:    All counsel of record (by ECF)

Upon review of the parties' letters, the Court agrees that there is no need or basis for a consolidated complaint. The parties' proposed schedule for amendment of the complaint and motion practice in Great Pacific is hereby GRANTED, as are the proposed page limitations. The Court will not schedule a conference at this time. All other dates and deadlines remain in effect.

        SO ORDERED.

January 22, 2015