```
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/28/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

IN RE:

BARCLAYS LIQUIDITY CROSS AND HIGH
FREQUENCY TRADING LITIGATION

This Document Relates To All Actions
-------------------------------------------------------------X

14-**MD**-2589 (JMF)

**JUDGMENT**

    Whereas this mutltidistrict litigation ("MDL") proceeding involves a group of cases in that litany; in four cases, originally filed in this District, various investors (collectively, the SDNY Plaintiffs") bring claims under the Securities Exchange Act of 1934 ("the Exchange Act") , 15 U.S.C. § 78a et seq., against seven stock exchanges — BATS Global Markets, Inc., Chicago Stock Exchange, Inc., Direct Edge ECN, LLC, the NASDAQ Stock Market LLC, NASDAQ OMX BX, Inc., New York Stock Exchange, LLC, and NYSE Area, Inc. (Collectively, 'the Exchanges") — as well as Barclays PLC and Barclays Capital Inc. (Collectively, "Barclays"), a major financial institution and the subsidy that operates its "dark pool;" Docket Number 15-CV-168 was filed in the United States District Court for the Central District of California and later consolidated here by the judicial Panel on Multidistrict Litigation (the "JPLM"); plaintiff Great Pacific Securities ("Great Pacific") sues Barclays alleging violations of California state law; now pending before this court are three motions by Defendants, largely pursuant to Rule 12(b)(6) of the Fed. R. Civ. P., to dismiss the claims of Plaintiffs in all five cases (collectively, "Plaintiffs"); significantly, the motions do not call upon the Court to wade into the larger public debates regarding high-frequency trading or the fairness of the U.S. stock markets more generally; more to the point, the only question for this Court on these motion is whether the Complaints n this case are legally sufficient to survive Defendants' motions; applying well-established precedent from the United States Supreme Court, the United States Court of Appeals for the Second Circuit, and the California Supreme Court, the Court is

compelled to conclude that they are not, and the motions, having come before the Honorable Jesse M. Furman, United States District Judge, and the Court, on August 26, 2015, having rendered its Opinion and Order granting Defendants' motions to dismiss the Complaints in these cases, dismissing the Complaints in their entirety; that leaves only the question of whether Great Pacific and the SDNY Plaintiffs should be granted leave to amend their complaints for a second and third time, respectively; the SDNY plaintiffs do not ask for leave to amend, and the Court will not grant them leave sua sponte, both because amendment would likely be futile and because, in granting leave to file a second amended complaint, the Court expressly warned the SDNY Plaintiffs that the would not be given another opportunity to address the issues raised in Defendants' motions to dismiss; Great Pacific, however, does seek leave to amend (Great Pacific Mem.25), and its request is on firm ground given "the liberal standard set forth in Rule 15" of the Fed. R. Civ. P." as discussed, many of the deficiencies in the Amended Complaint turn on Great Pacific's failure to plead sufficient facts establish a plausible claim rather than an inherently flawed legal theory; and while Great Pacific was also granted leave to amend its complaint after Barclay's initial motion to dismiss and warned that it would not be given another opportunity to address the deficiencies alleged by Barclay's ( see Barclay's Reply Mem. 10), the initial motion and the present motion are not identical and the earlier amendment was made "in the critical absence of the definitive ruling;" put simply, the Court cannot say that Great Pacific is unable to plead facts sufficient to service a motion to dismiss and, therefore, that amendment would be necessarily be futile; accordingly, granting Great Pacific leave to file a second amended complaint no later that four weeks from the August 26, 2015, the date of the Opinion and Order; that said, because Great Pacific's case (15-CV-168) will be the matter still pending in the MDL, ordering the parties to show cause in writing no later that two weeks from August 26, 2015, the date of the Opinion and Order why the Court should

not suggest to the JPML that 15-CV-168 be remanded to the Central District of California and the MDL closed; as discussed at the outset of the Opinion and Order, the Court's task in deciding the present motions was not to wade into the larger public debate bout the HFT that was sparked by Michael Lewis's bkk Flash boys, the Court's narrow task was, instead, to decide whether the Complaints in these case were legally sufficient to survive Defendants' motions to dismiss; having concluded that they are not, the complaints must be and are dismissed; directing the Clerk of Court to terminate 14-MD-2589, Docket Nos. 7,15, and 23, and to close all member case except for 15-CV-168, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated August 26, 2015, Defendants' motions to dismiss the Complaints in these cases are granted; that leaves only the question of whether Great Pacific and the SDNY plaintiffs should be granted leave to amend their complaints for a second and third time, respectively; the SDNY Plaintiffs do not ask for leave to amend, and the Court will not grant them leave sua sponte, both because amendment would likely be futile and because, in granting leave to file a second amended complaint, the Court expressly warned the SDNY Plaintiffs that the would not be given another opportunity to address the issues raised in Defendants' motions to dismiss; Great Pacific is granted leave to file a second amended complaint no later than four weeks for August 26, 2015, the date of the Opinion and Order, that said because Great Pacific's case (15-CV-168) will be the only matter still pending in the MDL, the Parties are ordered to show cause in writing no later than two weeks from August 26, 2015, the date of the Opinion and Order why the Court should not suggest to the JPML that 15-CV-168 be remanded to the Central District of California and the MDL closed; the Complaints are dismissed; 14-MD-2589 and all member cases are closed, except for 15-CV-168.

**Dated:**  New York, New York
August 28, 2015

BY: _____
RUBY J. KRAJICK
Clerk of Court

_____
Deputy Clerk

**THIS DOCUMENT WAS ENTERED ON THE DOCKET ON** _____