December 16, 2019

VIA ECF

The Honorable Jesse M. Furman
United States District Court
  for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

      Re:    *City of Providence, Rhode Island v. BATS Global Markets, Inc.*, 14-cv-2811-JMF
             **Parties' Joint Letter Required by Civil Case Management Plan and Scheduling Order**

Dear Judge Furman:

      Pursuant to the Court's August 16, 2019 Civil Case Management Plan and Scheduling Order (Dkt. 329), Plaintiffs' Co-Lead Counsel and Counsel for BATS Global Markets, Inc. ("BATS"); Chicago Stock Exchange, Inc.; Direct Edge ECN, LLC; The Nasdaq Stock Market LLC and Nasdaq BX, Inc. ("Nasdaq"); New York Stock Exchange LLC; and NYSE Arca, Inc. (collectively "Defendants") have conferred concerning the above-referenced matter, and this letter is submitted with the consent of all named parties.

**a)      Statement of Upcoming Deadlines, Due Dates, and/or Cut-off Dates**

      The next pretrial conference is scheduled for **February 13, 2020**. CMP ¶ 15. The joint letter in advance of the pretrial conference is due **February 6, 2020**. CMP ¶ 16. The parties are required to file a joint letter setting out the status of discovery every two months. *Id.*

      Production of documents that may be used by the parties in connection with Plaintiffs' motion for class certification and Defendants' motion for summary judgment on grounds of preclusion is to be substantially completed by **February 28, 2020**. CMP ¶ 3(b). All discovery necessary for class certification and preclusion is to be completed by **May 14, 2020**. CMP ¶ 3(c). Plaintiffs are to file any motion for class certification, and Defendants are to file any motion for summary judgment on grounds of preclusion, by **July 13, 2020**. CMP ¶ 5(a).

      All other existing deadlines, due dates, and/or cut-off dates are as set forth in the Court's August 16, 2019 Civil Case Management Plan and Scheduling Order.

**b)      Description of Any Outstanding or Anticipated Motions**

      There are currently no motions pending before this Court.

Certain threshold issues, however, remain unresolved, including agreement on, and entry of, the ESI protocol and protective order.

Plaintiffs have requested that Defendants prioritize production of a single day of order-level trading data and information that might be necessary to interpret the data. Assuming the parties reach agreement on these issues, Plaintiffs do not anticipate any immediate need for motion practice.

Defendants have received Notices of 30(b)(6) Depositions from Plaintiffs, noticed to commence on January 15, 2020. In Defendants' view, the Notices are premature and unduly burdensome (among other objections not raised here). Assuming the parties reach agreement on reasonable timing and scope for such 30(b)(6) depositions, Defendants do not anticipate any immediate need for motion practice.

c) **Description of the Status of Discovery and Any Additional Discovery that Needs to Be Completed**

Preparation for the production of voluminous and highly-confidential trading data by the Exchanges required extensive negotiations over the form of the protective order and ESI protocol. Those negotiations include analysis and discussion of federal regulations bearing on information security. The parties believe they are close to reaching agreement on an ESI protocol and a proposed protective order, which they hope to submit to the Court this week.

Pending agreement and entry of the ESI protocol and protective order, Nasdaq has produced to Plaintiffs thousands of pages of public rule-filings submitted to the SEC, which were filed pursuant to the comprehensive regulatory framework established by the Securities Act of 1934. *See* 15 U.S.C. § 78a et seq. BATS expects to make a similar production within the next one to two days.

The parties have engaged in numerous calls concerning Defendants' production of order-level trading data. At present, Defendants expect that, given the long putative class period and volume of data to be produced, it will take a few months to complete production of this data for the more-than-ten-year putative class period. Plaintiffs have requested that Defendants prioritize production of a single day of order-level trading data and/or so-called "data dictionaries," but the parties have not yet reached full agreement on these issues.

Plaintiffs have stated that they currently possess custodial trading records for transactions in equities during the class period and have agreed to produce those materials. They have subpoenaed 12 of their more than 200 third-party broker dealers in order to assemble additional detail regarding

The Honorable Jesse M. Furman
December 16, 2019
Page 3

their transactions. Additional brokers who acted on Plaintiffs' behalves may need to be subpoenaed, whether by Plaintiffs or Defendants.

**d)      List of All Prior Settlement Discussions**

The parties have not had any settlement discussions to date.

**e)      Statement of the Anticipated Length of Trial and Whether the Case Is to Be Tried to a Jury**

An estimate of the anticipated length of trial would be premature at this early stage. Plaintiffs request that any trial in this matter be to a jury.

**f)      A Proposal for Coordinating *Daubert* Motion Practice**

A proposal for coordinating *Daubert* motion practice would be premature at this early stage.

**g)      Any Other Issues that the Parties Would Like to Address**

The parties will seek Court intervention at the appropriate time in the event that the meet-and-confer process does not resolve any outstanding discovery issues.

The Honorable Jesse M. Furman
December 16, 2019
Page 4

                              Respectfully submitted,

| By: s/ David W. Mitchell | By: s/ Douglas W. Henkin (w/ permission) |
|---|---|
| David W. Mitchell<br>Brian O. O'Mara<br>Lonnie A. Browne<br>ROBBINS GELLER RUDMAN<br>  &amp; DOWD LLP<br>600 West Broadway<br>San Diego, CA 92101<br>Telephone: 619/231-1058<br>619/231-7423 (fax)<br><br>Co-Lead Counsel for Plaintiffs in *City of Providence, Rhode Island, et al. v. BATS Global Markets, Inc., et al.,* No. 1:14-cv-02811-JMF | Douglas W. Henkin<br>Justine N. Margolis<br>Kiran Patel<br>DENTONS US LLP<br>1221 Avenue of the Americas<br>New York, NY 10020<br>Telephone: 212/768-6832<br>212/768-6800 (fax)<br><br>Counsel for *New York Stock Exchange LLC, NYSE Arca Inc., and Chicago Stock Exchange, Inc.* |

| By: s/ Paul E. Greenwalt III (w/ permission) | By: s/ Robert F. Serio (w/ permission) |
|---|---|
| Paul E. Greenwalt III<br>SCHIFF HARDIN LLP<br>233 South Wacker Drive, Suite 6600<br>Chicago, IL 60606<br>Telephone: 312/258-5702<br>312/258-5600 (fax)<br><br>Counsel for *BATS Global Markets, Inc. (n/k/a Cboe Bats, LLC) and Direct Edge ECN, LLC* | Robert F. Serio<br>Justine Goeke<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166<br>Telephone: 212/351-3917<br>212/351-5246 (fax)<br><br>Douglas R. Cox<br>Amir C. Tayrani<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C. 20036<br>Telephone: 202/955-8500<br>202/530-9539 (fax)<br><br>Counsel for *The Nasdaq Stock Market LLC and Nasdaq OMX BX, Inc.* |

cc:     All Counsel of Record via ECF