February 6, 2020

<u>VIA ECF</u>

The Honorable Jesse M. Furman
United States District Court
   for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

Re:  *City of Providence, Rhode Island v. BATS Global Markets, Inc.*,
     No. 14-cv-02811-JMF
     **Parties' Joint Letter Required by Civil Case Management Plan and Scheduling
     Order**

Dear Judge Furman:

Pursuant to the Court's August 16, 2019 Civil Case Management Plan and Scheduling Order ("CMP") (ECF No. 329), Plaintiffs' Co-Lead Counsel and Counsel for BATS Global Markets, Inc. ("BATS"); Chicago Stock Exchange, Inc.; Direct Edge ECN, LLC; The Nasdaq Stock Market LLC and Nasdaq BX, Inc. ("Nasdaq"); New York Stock Exchange LLC; and NYSE Arca, Inc. (collectively, "Defendants") have conferred concerning the above-referenced matter, and this letter is submitted with the consent of all named parties in advance of next week's pretrial conference on Thursday, February 13, 2020, in accordance with the CMP.  CMP, ¶16.

**a)      Statement of Upcoming Deadlines, Due Dates, and/or Cut-off Dates**

The next pretrial conference is scheduled for **February 13, 2020, at 3:30 p.m**.  CMP, ¶15.

Production of documents that may be used by the parties in connection with Plaintiffs' motion for class certification and Defendants' motion for summary judgment on grounds of preclusion is to be substantially completed by **February 28, 2020**.  CMP, ¶3(b).  All discovery necessary for class certification and preclusion is to be completed by **May 14, 2020**.  CMP, ¶3(c).  Plaintiffs are to file any motion for class certification, and Defendants are to file any motions for summary judgment on grounds of preclusion, by **July 13, 2020**.  CMP, ¶5(a).

The Honorable Jesse M. Furman
February 6, 2020
Page 2

All other existing deadlines, due dates, and/or cut-off dates are as set forth in the CMP.

**b)      Description of Any Outstanding or Anticipated Motions**

By order dated February 6, 2020, the Court resolved the three motions previously pending before this Court.  *See* ECF No. 397.

As directed by the Court, the parties will submit a proposed ESI protocol no later than February 7, 2020.

Plaintiffs requested that the Nasdaq defendants produce the compelled data and other information (collectively, the "Brogaard Data") no later than February 7, 2020.  Counsel for the Nasdaq defendants noted that the ESI protocol and Protective Order had not yet been entered and responded that the Nasdaq defendants would not produce the materials by February 7, 2020, as they still needed to collect the Brogaard Data from the Nasdaq defendants, review the materials for privilege and responsiveness, and then stamp them for production.  It is Plaintiffs' position that there are no longer any outstanding issues with respect to the ESI protocol and Protective Order and that the Nasdaq defendants, in manufacturing their objections to Plaintiffs' repeated requests for the Brogaard Data, necessarily collected and reviewed the materials in order to object on the basis of, *e.g.*, relevance and that they were duplicative.  There should not be any further delay in producing the data and the list of 26 high-frequency trading ("HFT") firms the Nasdaq defendants created. And there is no privilege associated with the data or the list of 26 HFT firms.  Other than objecting to producing the data and the list of the 26 HFT firms by February 7, Nasdaq has provided no further clarity on the timing of this long sought after information, other than to say it will produce the material 'as soon as reasonably practical.'  Such vagueness provides Plaintiffs no comfort and further delays their ability to prosecute this Action.  Nasdaq's failure to provide a concrete date for producing this compelled material is unacceptable, as is its attempt now to claim that the timing of such production is now somehow a discovery dispute.  Such tactics should be rejected.

To the extent the Nasdaq defendants find there is a need to review other documents, such as communications and other materials related to the list of 26 HFT firms or the data, Plaintiffs do not object to a prompt review and production of such documents, and have requested a meet and confer conference no later than Monday, February 10, 2020, on that discrete issue.

Nasdaq's position is that Plaintiffs' demand that Nasdaq produce the Brogaard Study Data by tomorrow, one day after the Court's Order, is unreasonable for numerous reasons.  In this six-year-old case, in which Plaintiffs have sued for manipulation of the entire U.S. equities markets without having a complete record of their orders and trades—a record that is months away from being assembled at best—Nasdaq has committed to Plaintiffs to producing the Brogaard Data "as promptly as is reasonably practicable."  The Order did not require production in one day.  The Protective Order and ESI Protocol have not yet actually been entered.  Even if they will be entered by close of business

The Honorable Jesse M. Furman
February 6, 2020
Page 3

tomorrow, the physical acts of producing such ESI may not be capable of completion by tomorrow. Moreover, Plaintiffs will suffer no prejudice in receiving the data reasonably promptly after tomorrow.

Beyond all of that, Plaintiffs' demand is based on false premises. Plaintiffs say that this data "should all be in [Nasdaq's] possession" because Nasdaq "presumably . . . reviewed the data in order to make the objections of, for example, relevance and duplicative-ness." Feb. 6, 2020 Email from D. Mitchell to R. Serio. In fact, and as was obvious from Nasdaq's responses and objections served on January 8, 2020, Nasdaq's objections to production of the Brogaard Data did not require Nasdaq to first gather and review that data. Nasdaq's objections to relevance were that "information sufficient to identify 'the 26 HFT Firms that NASDAQ identified in the data' is not relevant to Plaintiffs' claims," in large part because what is relevant to this litigation is what Plaintiffs mean by "HFT firms," which cannot be deduced from a non-representative list of a selection of firms identified by a few Nasdaq employees ten years ago. *See* Nasdaq's Responses and Objections to Plaintiffs' Individual RFPs to Nasdaq at 7; *see also* ECF No. 395. Nasdaq's objections based on the cumulative nature of the demands were that the requests sought documents "that are duplicative and cumulative of documents responsive to Requests propounded in Plaintiffs' First Set of Requests for Production of Documents to All Defendants," particularly because Nasdaq will already be producing all of its order- and trade-level data for every participant on its exchanges for 10 ½ years. *Id.* at 8. To the limited extent that the Brogaard Data co-extends with the putative class period, it is contained within and duplicative of that more extensive data collection to be produced in the case.

Finally, Plaintiffs' insistence that Nasdaq produce the Brogaard Data by the close of business tomorrow is a newly-created discovery dispute. It is inappropriate for Plaintiffs to have injected this manufactured dispute into a status letter, in advance of any meet and confer, and contrary to the Court's individual rules. Nasdaq should be permitted to gather and produce the Brogaard Data as promptly as is reasonably practicable.

Earlier today Plaintiffs requested that the parties schedule a meet and confer call on Plaintiffs' Rule 30(b)(6) deposition notice on either February 10 or 11, and Plaintiffs are awaiting Defendants' response.

**c)      Description of the Status of Discovery and Any Additional Discovery that Needs to Be Completed**

The parties are in agreement on the language of Protective Order and request that the Court enter it. The parties will submit Word and pdf versions of the Protective Order at the same time they submit the ESI protocol.

The parties have engaged in numerous calls concerning Defendants' production of order-level trading data, but Defendants had been unable to produce any trade data until resolution of the ESI

The Honorable Jesse M. Furman
February 6, 2020
Page 4

protocol data security issue.  This issue has now been resolved.  To ensure Defendants will be providing the data Plaintiffs have asserted they require, Plaintiffs have requested that Defendants prioritize production of a single day of order-level trading data and/or "data dictionaries" which describe the various data fields, but the parties have not yet reached full agreement on these issues.

In addition, Plaintiffs and Defendants served each other with and continue to negotiate the production of documents in response to dozens of non-data-related requests for production.

The entry of the Protective Order will also allow the parties to further their negotiations with third parties subpoenaed as a part of the litigation.  Plaintiffs subpoenaed 12 of their more than 200 third-party broker dealers in order to assemble additional detail regarding certain of their transactions.  Defendants followed suit and subpoenaed these same 12 third-party broker dealers along with an additional 17 third-party broker dealers.  Still more brokers who acted on Plaintiffs' behalves may need to be subpoenaed, whether by Plaintiffs or Defendants.  In addition, Defendants believe they may need to subpoena some or all of Plaintiffs' investment managers in order to obtain information about Plaintiffs' accounts that some broker-dealers have suggested would help them to respond to Plaintiffs' and Defendants' subpoenas.  The parties are cooperating with each other in negotiating the scope and content of their respective data requests to the third-party broker dealers that they served, and the entry of the Protective Order will further these negotiations as sensitive data is likely to be produced by these broker-dealers.  As of the date of this letter some broker-dealers have served written responses and objections to some subpoenas, but no broker-dealers have produced any records or other information.

**d)      List of All Prior Settlement Discussions**

The parties have not had any settlement discussions to date.

**e)      Statement of the Anticipated Length of Trial and Whether the Case Is to Be Tried to a Jury**

An estimate of the anticipated length of trial would be premature at this early stage.  Plaintiffs request that any trial in this matter be to a jury.

**f)      A Proposal for Coordinating *Daubert* Motion Practice**

A proposal for coordinating *Daubert* motion practice would be premature at this early stage.

**g)      Any Other Issues that the Parties Would Like to Address**

In light of the recently-resolved issue with the ESI protocol and impending deadlines in the litigation, including the February 28, 2020 deadline for the substantial completion of the production

The Honorable Jesse M. Furman
February 6, 2020
Page 5

of documents that may be used in connection with Plaintiffs' motion for class certification and summary judgment motion practice relating to Defendants' preclusion defense, the parties believe that an extension of the currently existing schedule is likely necessary and wish to discuss acceptable parameters for an extension with the Court.

The parties will seek Court intervention at the appropriate time in the event that the meet-and-confer process does not resolve any outstanding discovery issues.

The Honorable Jesse M. Furman
February 6, 2020
Page 6

Respectfully submitted,

By:  s/ David W. Mitchell

David W. Mitchell
Brian O. O'Mara
Lonnie A. Browne
ROBBINS GELLER RUDMAN
   & DOWD LLP
600 West Broadway
San Diego, CA 92101
Telephone:  619/231-1058
619/231-7423 (fax)

Patrick J. Coughlin
Randi D. Bandman
ROBBINS GELLER RUDMAN
   & DOWD LLP
30 Vesey Street, Suite 200
New York, NY 10007

Co-Lead Counsel for Plaintiffs in *City of Providence, Rhode Island, et al. v. BATS Global Markets, Inc., et al.,* No. 1:14-cv-02811-JMF

By:  s/ Paul E. Greenwalt III (w/ permission)

Paul E. Greenwalt III
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 6600
Chicago, IL  60606
Telephone:  312/258-5702
312/258-5600 (fax)

Counsel for *BATS Global Markets, Inc. (n/k/a Cboe Bats, LLC) and Direct Edge ECN, LLC*

By:  s/ Douglas W. Henkin (w/ permission)

Douglas W. Henkin
Justine N. Margolis
Kiran Patel
DENTONS US LLP
1221 Avenue of the Americas
New York, NY  10020
Telephone: 212/768-6832
212/768-6800 (fax)

Counsel for *New York Stock Exchange LLC, NYSE Arca Inc., and Chicago Stock Exchange, Inc.*

By:  s/ Robert F. Serio (w/ permission)

Robert F. Serio
Justine Goeke
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166
Telephone: 212/351-3917
212/351-5246 (fax)

The Honorable Jesse M. Furman
February 6, 2020
Page 7

Douglas R. Cox
Amir C. Tayrani
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone:  202/955-8500
202/530-9539 (fax)

Counsel for *The Nasdaq Stock Market LLC and Nasdaq OMX BX, Inc.*

cc:     All Counsel of Record via ECF