> Application GRANTED.  The parties are cautioned, however, that the Court is unlikely to look with favor on any application to extend these deadlines further. For now, the April 28, 2020 pretrial conference remains in effect.  In the parties' pre-conference letter due by the Thursday before that conference, *see* ECF No. 329, at 5, they should indicate their views on whether there is a need for the conference and, if not, an approximate date to which they think it should be adjourned.  The Clerk of Court is directed to terminate ECF No. 407.  SO ORDERED.

March 3, 2020                                                                                                           March 4, 2020

VIA ECF

The Honorable Jesse M. Furman
United States District Court
   for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

      Re:    *City of Providence, Rhode Island v. BATS Global Markets, Inc.*,
              No. 14-cv-2811-JMF

Dear Judge Furman:

      The Parties in the above-referenced matter write jointly to request a modification of an interim substantial completion deadline set forth in the Court's Civil Case Management Plan and Scheduling Order.  ECF No. 329 ("Scheduling Order").  For example, ¶ 3.b. provides that "[p]roduction of documents that may be used by the parties in connection with Plaintiffs' motion for class certification and Defendants' motion for summary judgment on grounds of preclusion . . . shall be substantially completed by February 28, 2020."  *See* ECF No. 329.  *See also id*., ¶ 4.b. (setting February 28, 2020 deadline for interrogatories).  Certain threshold issues and motion practice (of which the Court is aware from prior correspondence) delayed the entry of a protective order and ESI protocol, which in turn delayed the production of certain nonpublic data and documents.  While the Parties have begun producing data and documents, significant discovery remains, including the production of voluminous order-level trading data from Defendants (which, despite its volume, the Exchanges believe will be substantially complete within the next 90 days), the negotiation of search terms and custodians and production of responsive materials with respect to all parties, as well as substantial discovery the parties served on Plaintiffs' third-party investment advisors and brokers related to Plaintiffs' class certification motion, which Defendants believe is necessary to (a) identify any orders and trades associated with Plaintiffs within the Exchanges' order-level data or (b) evaluate what impact (if any) other orders and trades might have had on orders and trades associated with Plaintiffs.

The Honorable Jesse M. Furman
March 3, 2020
Page 2

      To allow the Parties sufficient time to complete production of the discovery necessary for the purposes of Plaintiffs' motion for class certification and Defendants' motion for summary judgment on preclusion grounds, and then satisfy the other related scheduling deadlines, the Parties respectfully request an extension by ninety (90) days of all currently pending deadlines in the case.  *See* Appendix A.  While the timing of aforementioned third-party productions are somewhat out of the Parties' control, the Parties are making progress.  The proposed modified schedule and comparison with the existing Scheduling Order is set forth below.

      The Parties have not made any prior requests for adjournment or extension of deadlines in the Scheduling Order.  The parties are next scheduled to appear before Your Honor for a status conference on April 28, 2020.

      Thank you for your consideration of this request.

      Respectfully submitted,

| By: s/ David W. Mitchell | By: s/ Douglas W. Henkin (w/ permission) |
|---|---|
| David W. Mitchell | Douglas W. Henkin |
| Brian O. O'Mara | Justine N. Margolis |
| Lonnie A. Browne | Kiran Patel |
| ROBBINS GELLER RUDMAN | DENTONS US LLP |
|   &amp; DOWD LLP | 1221 Avenue of the Americas |
| 600 West Broadway | New York, NY  10020 |
| San Diego, CA 92101 | Telephone: 212/768-6832 |
| Telephone:  619/231-1058 | 212/768-6800 (fax) |
| 619/231-7423 (fax) | |
| | |
| Patrick J. Coughlin | |
| Randi D. Bandman | |
| ROBBINS GELLER RUDMAN | |
|   &amp; DOWD LLP | |
| 30 Vesey Street, Suite 200 | |
| New York, NY 10007 | |
| | |
| Co-Lead Counsel for Plaintiffs in *City of Providence, Rhode Island, et al. v. BATS Global Markets, Inc., et al.,* No. 1:14-cv-02811-JMF | Counsel for *New York Stock Exchange LLC, NYSE Arca Inc., and Chicago Stock Exchange, Inc.* |

4831-2645-2918.v1

The Honorable Jesse M. Furman
March 3, 2020
Page 3

| | |
|---|---|
| By: s/ Paul E. Greenwalt III (w/ permission) | By: s/ Robert F. Serio (w/ permission) |
| Paul E. Greenwalt III | Robert F. Serio |
| SCHIFF HARDIN LLP | Justine Goeke |
| 233 South Wacker Drive, Suite 6600 | GIBSON, DUNN & CRUTCHER LLP |
| Chicago, IL  60606 | 200 Park Avenue |
| Telephone:  312/258-5702 | New York, NY  10166 |
| 312/258-5600 (fax) | Telephone: 212/351-3917 |
| | 212/351-5246 (fax) |
| | |
| Kayvan B. Sadeghi | Douglas R. Cox |
| SCHIFF HARDIN LLP | Amir C. Tayrani |
| 1185 Avenue of the Americas, Suite 3000 | GIBSON, DUNN & CRUTCHER LLP |
| New York, NY  10036 | 1050 Connecticut Avenue, N.W. |
| Telephone: 212-753-5000 | Washington, D.C.  20036 |
| 212/753-5044 (fax) | Telephone:  202/955-8500 |
| | 202/530-9539 (fax) |
| | |
| Counsel for *BATS Global Markets, Inc. (n/k/a Cboe Bats, LLC) and Direct Edge ECN, LLC* | Counsel for *The Nasdaq Stock Market LLC and Nasdaq OMX BX, Inc.* |

cc:     All Counsel of Record via ECF

## APPENDIX A
## Current and Proposed Schedule

| Event | Current Deadline | Parties' Proposed Deadline |
|---|---|---|
| Deadline for production of documents that may be used by the parties in connection with Plaintiffs' motion for class certification and Defendants' motion for summary judgment on grounds of preclusion, see *Lanier v. BATS Exch., Inc.*, 838 F.3d 139, 155 (2d Cir. 2016), to be substantially completed. | February 28, 2020 | May 28, 2020 |
| Deadline for all fact discovery relating to class certification and preclusion to be completed. | May 14, 2020 | August 12, 2020 |
| Deadline to submit joint letter advising the Court of the parties' views on how much time is needed to complete any additional discovery in light of the Court's ruling(s) on Plaintiff's class certification motion and Defendants' motion for summary judgment on grounds of preclusion and the discovery completed prior to those motions being filed. | Within one Week of Court's Ruling on Plaintiff's class certification motion and Defendants' motion for summary judgment on grounds of preclusion | |
| Deadline for remaining fact discovery to be completed. | Within 90 days of the Court's ruling on Plaintiff's class certification motion and Defendants' motion for summary judgment on grounds of preclusion | |
| Deadline for all expert discovery on subjects other than class certification and preclusion, including expert reports, production of underlying documents, and depositions, to be completed. | Within 60 days of the deadline for the completion of fact discovery | |
| Deadline to serve interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York (no Rule | February 28, 2020 | May 28, 2020 |

## APPENDIX A
## Current and Proposed Schedule

| Event | Current Deadline | Parties' Proposed Deadline |
|---|---|---|
| 33.3(a) interrogatories need to be served with respect to disclosures automatically required by Fed. R. Civ, P. 26(a)). | | |
| Deadline to serve contention interrogatories pursuant to Rule 33.3(c) of the Local Civil Rules of the Southern District of New York. | 30 days before the close of discovery, unless otherwise ordered by the Court | |
| Deadline to take depositions of fact witnesses. | Close of fact discovery, unless otherwise ordered by the Court | |
| Deadline to serve requests to admit. | 30 days before the close of discovery, unless otherwise ordered by the Court | |
| Deadline for the parties to meet and confer on a schedule for expert disclosures on subjects other than class certification and preclusion, including reports, production of underlying documents, and depositions, provided that (i) expert reports of the party with the burden of proof shall be due before those of the opposing party's experts; and (ii) all expert discovery shall be completed by the deadline for completion of expert discovery (that is, the date set forth in paragraph 3(d)). | 30 days prior to the deadline for completion of all fact discovery | |
| Deadline for Plaintiffs to file any motion for class certification, and Defendants to file any motion for summary judgment on grounds of preclusion.  By the same date, the moving side shall serve expert reports relating to its motion(s). | July 13, 2020 | October 13, 2020 |
| Deadline to take depositions of moving side's experts for class certification and motion for | August 12, 2020 | November 10, 2020 |

## APPENDIX A
## Current and Proposed Schedule

| Event | Current Deadline | Parties' Proposed Deadline |
|---|---|---|
| summary judgment on grounds of preclusion. | | |
| Deadline to file briefs in opposition to class certification and motion for summary judgment on grounds of preclusion.  By the same date, the opposing parties shall serve expert reports relating to the motion(s) being opposed. | September 11, 2020 | December 10, 2020 |
| Deadline to take depositions of opposing side's experts proffered in opposition to class certification and motion for summary judgment on grounds of preclusion. | October 12, 2020 | January 11, 2021 |
| Deadline to file reply memoranda of law in support of motions for class certification and summary judgment on grounds of preclusion. | November 2, 2020 | February 1, 2021 |
| Deadline to meet in person for at least one hour to discuss settlement. | 14 days following the close of fact discovery | |
| Deadline to file summary judgment motions, if applicable, and any motion to exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence and the *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), line of cases. | 45 days after the close of fact or expert discovery (whichever is later) | |
| Deadline to file oppositions to summary judgment motions, if applicable, and any motion to exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence and the *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), line of cases. | 45 days after opening motion(s) are served | |
| Deadline to file replies in support of summary judgment motions, if applicable, and any motion to | 21 days after service of any opposition | |

# APPENDIX A
## Current and Proposed Schedule

| Event | Current Deadline | Parties' Proposed Deadline |
|---|---|---|
| exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence and the *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), line of cases. | | |
| Deadline for the parties to submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3). | 45 days after the close of all discovery, or, if a dispositive motion has been filed, within 45 days of a decision on such motion | |
| Deadline to submit joint requests to charge, joint proposed verdict forms, and joint proposed *voir dire* questions. | On or before the deadline to file the Joint Pretrial Order | |
| Deadline to submit proposed findings of fact and conclusions of law. | On or before the deadline to file the Joint Pretrial Order | |
| Deadline to be ready for trial. | One month after the Joint Pretrial Order is filed | |