**Robbins Geller Rudman & Dowd LLP**

| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

May 3, 2020

VIA ECF

The Honorable Jesse M. Furman
U.S. District Court for the
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:   *City of Providence, Rhode Island v. Bats Global Markets, Inc.*,
      Case 1:14-cv-02811-JMF

Dear Judge Furman:

Counsel for Plaintiffs respectfully request that the Court accept this brief response to Defendants' May 1, 2020, letter submission and exhibit (ECF No. 419) to place the email in context and correct certain representations Defendants' counsel made during the May 1, 2020 status conference.

In sum, Defendants' exhibit actually supports Plaintiffs' argument that searching their counsel's emails is unlikely to yield responsive information, and that the burden and prejudice to Plaintiffs outweighs any benefit. First, the "back-and-forth communications" Defendants reference (ECF No. 419 at 1) in the email chain are largely logistical in nature, checking on status and setting up calls to discuss the availability of materials. It is nonsensical that Defendants – who operate national exchanges and are intimately familiar with equity transactions and related data – need Plaintiffs' counsel's communications to interpret a third party's materials. That is especially true because these investment managers are the subject of Defendants' subpoenas and Defendants are already obtaining from the investment managers the information they inappropriately seek from Plaintiffs' counsel. It is far less burdensome for Defendants to engage the third parties directly, should they have questions about the productions, than to seek it from counsel (even assuming counsel has such information). Plaintiffs share Defendants' desire to obtain the third-party data, and Plaintiffs are actively and cooperatively participating in meet and confers with the third parties and have provided Defendants with data they received from the third parties. Notably, Defendants have not identified any third-party materials they are unable to understand absent production of counsel's communications.

Second, that the investment manager Boston Partners referenced a "service provider" it uses to catalog or report "millisecond data" does not suggest that *TradeInformatics*, the service provider, possesses relevant information. ECF No. 419 at 2. And it certainly does not support the extraordinary proposition that invading ***counsel's*** files is critical for Defendants to be able to meaningfully

Robbins Geller
Rudman & Dowd LLP

Honorable Jesse M. Furman
May 3, 2020
Page 2

participate in and understand the investment managers' productions.  Defendants can ask Boston Partners directly about their data or vendors.[1]

      Third, as explained during the status conference, there is a real burden – indeed, prejudice – to forcing Plaintiffs' counsel to disclose their emails to opposing counsel.  Forcing the disclosure of attorney communications to an adversary is an extraordinary remedy, even when those communications are to a third party, and Defendants have not shown good cause for it.  Rather, their quest suggests that Defendants' true motive is to explore Plaintiffs' litigation strategy.  There is also a real cost in searching, collecting, reviewing, and producing counsel's emails, which would be far greater than Defendants simply asking any questions of the third parties.  Such prejudice outweighs any hypothetical benefit to Defendants.

      For these reasons and those set forth in Plaintiffs' prior opposition (ECF No. 417), Defendants' motion to compel production of Plaintiffs' counsel's communications should be denied.

Respectfully submitted,

BRIAN O. O'MARA

BOM:dlh

cc:    Counsel of Record via ECF

---

[1] Also, to correct Defendants' characterization:  The dataset Defendants claim they did not receive from Plaintiffs is a sample subset of data Plaintiffs and Boston Partners provided to Defendants.

4841-1283-9867