May 6, 2020

Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

      Re:    *City of Providence, et al. v. BATS Global Markets, Inc., et al.*, No. 14-cv-2811:
              **Letter-Motion Requesting Conference on City of Providence Custodians**

Dear Judge Furman:

      Defendants respectfully request a discovery conference pursuant to Individual Rule 2(C). Co-Lead Plaintiff City of Providence ("Providence") has refused to accept proposed custodians suggested by Defendants in accordance with the ESI Protocol (ECF No. 401) and relevant case law. The parties met and conferred by phone on April 22 and 23, 2020 but could not resolve this dispute.

      On March 27, 2020, Providence proposed one "custodian" for ESI searches – the "City of Providence -- Open Meetings Portal" (the "Portal"). *See* Ex. A. Originally, *Providence did not propose a single human custodian whose ESI would be searched*, just a public-access web site used to provide the public with access to certain materials required by Rhode Island's Open Meetings Act ("OMA"). Defendants reviewed the information on the Portal with an eye toward determining the most relevant current and former members of Providence's Board of Investment ("BoI"), who are responsible for Providence's investments at issue. After that review, on April 3, 2020, Defendants asked Providence to include 14 current and former BoI members of Providence's Board of Investment ("BoI") and Providence's Senior Assistant City Solicitor (Megan DiSanto). *See* Ex. B; ESI Protocol § VI.B & C. On April 22, 2020, Providence refused to add any current or former BoI members as custodians. *See* Ex. C.[1] This is the proverbial stonewall.

      <u>Standards for Requiring Additional Custodians</u>: Defendants' burden is to demonstrate that their additional proposed custodians "would provide unique relevant information not already obtained" from other custodians by producing "evidence that there are unique responsive documents being missed in the current search scheme that would justify the inclusion of additional custodians ... ." *See Fort Worth Employees Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 107 (S.D.N.Y. 2013) (emphasis omitted); *see also Blackrock Allocation Target*

---

[1] Providence agreed to add Ms. DiSanto as a custodian "subject to agreement on appropriate terms for the search of her materials." Ex. C. But Plaintiffs have neither clarified what this means nor explained why a search of her documents should be limited or conditioned in any way. Nor has Providence indicated what search terms, in its view, are appropriate for a search of Ms. DiSanto's files. Although Ms. DiSanto is a necessary custodian (indeed, she initiated the email chain discussed with the Court on May 1, 2020, *see* ECF No. 419-1), her documents are no substitute for what Defendants seek here—responsive documents from the files of Providence custodians with information about Providence's trading activity (*i.e.*, members of the BoI).

*Shares: Series S Portfolio v. Bank of New York Mellon*, 14 Civ. 9372 (GBD)(HBP), 2018 WL 2215510, at *9 (S.D.N.Y. May 15, 2018) (same).  Defendants meet that burden here.

      <u>Defendants' Proposed Additional Custodians Are Warranted</u>:  Providence asserts that it is not required to add any current or former BoI members because, it claims, (i) all responsive materials "are housed in the [P]ortal," (ii) the BoI conducts its business pursuant to R.I. Gen. Laws §42-46-5 (which Providence represented does not permit the use of email or telephonic communications other than to schedule meetings), and (iii) adding custodians is disproportionate to the needs of the case.  *See* Ex. C.  These arguments are easily dispatched.

      *First*, Defendants have downloaded all BoI materials from the Portal, and it is clear that Providence's assertion that all responsive materials are stored on the Portal is wrong.  For context, the Portal contains less than 1,200 documents for the 12 years of BoI operations it covers.  [redacted] which would be responsive to Defendants' RFP No. 23.  *See, e.g.,* Ex. D § 13; Ex. E at 4; Ex F at 3.  But virtually none of these reports are in the Portal; the Portal contains just two quarterly reports from Columbia Management, both pre-dating the proposed class period, and just one monthly statement from manager Renaissance.  Clearly the Portal does not come close to providing the discovery to which Defendants are entitled.  Providence must be required to provide ESI from its current and former BoI members, just as Defendants are providing ESI from their representatives.

      *Second*, the Portal does not contain communications between and among BoI members (which are called for by, *inter alia*, Defendants' RFP Nos. 10 and 22) even though it is clear that those individuals do have substantive BoI communications other than at regular BoI "meetings."[2]  Providence's reliance on the OMA to avoid adding BoI members as custodians is a dodge.  The OMA only applies when a "quorum" of a "public body" convenes for a "meeting."  *See Fischer v. Zoning Board of Review for the Town of Charlestown*, 723 A.2d 294 (R.I. 1999) (*per curiam*).  A "meeting" is "the convening of a public body to discuss and/or act upon a matter over which the public body has supervision, control, jurisdiction, or advisory power," R.I. Gen. Laws § 42-46-2(a), and a quorum is "a simple majority of the membership of a public body," *id*. § 42-46-2(d).

      It is thus clear that *non-meeting* discussions between BoI members and between BoI members and BoI advisors may be conducted outside the OMA's restrictions—only BoI "meetings" themselves must comply with the OMA.  Exhibits G and H show that BoI members did and could communicate by phone and email with each other and investment consultants outside of the context of formal BoI meetings.  That means Defendants' request that some current and former BoI members' ESI be searched is entirely reasonable because the *evidence*

---

2 [redacted]

produced thus far by Providence indicates that there are unique responsive documents that would be missed if Providence were permitted to produce only the ESI that is on its Portal.[3]

*Third*, Defendants' request is not disproportionate to the needs of the case. Providence designated a public-access Portal containing less than 1,200 documents as its sole "custodian," despite the facts that the Portal is no more than a repository consisting largely of materials prepared for the BoI by other entities (principally its investment consultant Wainwright). Truly responsive documents in Providence's possession, custody, or control are located elsewhere (as demonstrated by Providence itself needing to engage in third-party discovery to get information about its own trades). Given (i) Plaintiffs' allegation that all equity securities transactions on Defendants' exchanges were manipulated from 2009 forward and (ii) the fact that *evidence* establishes that BoI members engaged in electronic communications regarding investments that are *not* captured in the Portal, Defendants' request that Providence add 14 current and former BoI members (which is not even all the BoI members during the proposed class period) meets no plausible definition of "disproportionate." Indeed, unlike the Defendants, Providence categorically refused every BoI member proposed by Defendants as a custodian and did not attempt to negotiate adding *even one*.

For all the foregoing reasons, Defendants respectfully request that Providence be required to add the current and former BoI commissioners designated by Defendants to the list of custodians whose ESI is to be searched.

Respectfully submitted,

---

[3] Regardless of whether the custodians Defendants proposed used personal email accounts, computers, or telephones to communicate, the fact that these individuals are the ones who made decisions regarding Providence's investments and involvement in this case means Providence was obligated to ensure that their ESI was preserved for discovery. If Providence did not do so, then it should say so.

By: /s/ Douglas W. Henkin (by permission)
Douglas W. Henkin
Justine N. Margolis
Kiran Patel
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 768-6832
Facsimile: (212) 768-6800
*Counsel for New York Stock Exchange LLC,
NYSE Arca Inc.,
and Chicago Stock Exchange, Inc.*

By: /s/ Paul E. Greenwalt III (by permission)
Paul E. Greenwalt III
Michael Molzberger
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 6600
Chicago, IL 60606
Telephone: (312) 258-5702
Facsimile: (312) 258-5600
*Counsel for BATS Global Markets, Inc.
(n/k/a Cboe Bats, LLC) and Direct Edge
ECN, LLC*

By: /s/ Robert F. Serio
Robert F. Serio
Justine Goeke
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-3917
Facsimile: (212) 351-5246
Douglas R. Cox

Amir C. Tayrani
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 530-9539

Steven M. Shepard
SUSMAN GODFREY LLP
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

*Counsel for The Nasdaq Stock Market LLC
and Nasdaq BX, Inc.*

CC: All counsel of record via ECF