December 18, 2020

VIA ECF

The Honorable Jesse M. Furman
United States District Court
  for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

      Re:    *City of Providence, Rhode Island v. BATS Global Markets, Inc.*,
              **14-cv-2811-JMF – Letter-Motion for Limited Extension of the Court's Order Regarding Broker Dealers Discovery**

Dear Judge Furman:

      Pursuant to Section 1(E) of Your Honor's Individual Rules and Practices in Civil Cases, Plaintiffs Co-Lead Counsel in the above-referenced matter respectfully request a 30-day extension of the Court's existing discovery deadline for productions made by third-party broker dealers, from December 21, 2020 to January 20, 2021.  Production of documents that may be used by the parties in connection with Plaintiffs' motion for class certification and Defendants' motion for summary judgment on grounds of preclusion was to be substantially completed by November 30, 2020 (ECF No. 455 at 2).  As it relates to third-party broker dealers, Your Honor previously extended the November 30, 2020 deadline to December 21, 2020 (ECF No. 490), in response to Plaintiffs' prior request (ECF No. 485).

      Plaintiffs previewed this request in the parties' joint status letter filed yesterday (ECF No. 496).  As Defendants noted in that letter, the last time Plaintiffs updated the Court regarding the progress of third-party discovery we stated that a 21-day extension "should provide sufficient time for the meet and confer process." (citing ECF No. 485). In fact, because of Plaintiffs' extensive efforts during that 21-day period, that goal was largely achieved and the meet and confer process is nearly concluded, even before that period has expired.  As noted yesterday, Plaintiffs believe that we now have final agreements regarding the scope of production with six of the seven broker dealers.[1]  However, having reached those agreements, these third parties will understandably need a short amount of time to gather the complex datasets at issue.  There is no good reason to refuse them that time, or to deny Plaintiffs crucial discovery that they have spent many months negotiating.  We believe that if they are provided with an additional thirty (30) days, no further extensions will be necessary, and the rest of the schedule will not be impacted.

      Your Honor granted Plaintiffs' November 12, 2020 motion to compel production of trading data from third party UBS Securities LLC ("UBS") (ECF No. 480) on December 2, 2020 (the

---

[1]    One broker dealer recently requested and was provided with a specific sample of Plaintiffs' custodial bank data in order to better understand how much time may be involved with the search.  Plaintiffs believe that we have agreement on scope with the remaining broker dealers.

The Hon. Jesse M. Furman  
United States District Court

December 18, 2020  
Page 2

"Order," ECF No. 492), over Defendants' objection. Plaintiffs provided the Order to UBS and other third parties, and it has materially benefited the parties' negotiations by informing our ongoing discussions regarding what the Court might view as reasonable in terms of the scope of broker dealers' productions in this case. Thus, the Order in all likelihood prevented additional motion practice with other broker dealers concerning Plaintiffs' subpoenas.

Counsel for Plaintiffs emailed counsel for Defendants a draft of yesterday's joint status letter (ECF No. 496), which previewed this motion letter. Later in the day yesterday, Defendants' edits to the joint letter described their objections to Plaintiffs' extension request. The objections lack merit for the following reasons.

First, the extension will not prejudice Defendants. The deadline for fact discovery necessary for class certification and preclusion is March 12, 2021, and the deadline for any motion for class certification by Plaintiffs and any motion for summary judgment on preclusion by Defendants is April 13, 2021 (ECF No. 455 at 2). The parties have more than enough time to obtain the trading data and use it as they see fit in the briefing which begins in April.

Second, denying the extension would seriously prejudice Plaintiffs. The trading data being produced by third-party broker dealers may be useful to both parties in evaluating Plaintiffs' trades. Indeed, Defendants served subpoenas on many of these same broker-dealers asking for similar data. Denying the extension, and denying the parties this highly relevant trading data, would in effect constitute a potentially case-determinative discovery sanction against Plaintiffs, with no dilatory tactics or other wrongdoing by Plaintiffs to merit it. Denying the extension now would also be inequitable given the many months of diligent work that Plaintiffs have put into obtaining this data and how close we are to obtaining it.

Third, Plaintiffs, which are pension funds, do not have this data. Nor was it necessary to obtain in order to plead the good-faith allegations in the complaint.[2] Plaintiffs were not required to *prove* their allegations prior to filing suit, nor required to obtain all conceivably relevant data from all parties before filing their case. Once it became clear that data from at least some broker dealers was necessary, Plaintiffs served subpoenas to obtain that data at the appropriate time: soon after the renewed motion to dismiss was denied and discovery commenced. Defendants did the same. The recent delays in obtaining the data are largely due to extraordinary complexity of the brokers' databases, each presenting unique and myriad challenges to identifying Plaintiffs' data, and about which Plaintiffs' counsel have spent countless hours meeting and conferring to surmount. As explained above, the Court's UBS Order (ECF No. 492) greatly facilitated recent negotiations.

---

[2] Indeed, last year Your Honor held that Plaintiffs adequately alleged standing, reliance, loss causation, scienter, and pled with particularity. *In re Barclays Liquidity Cross and High Freq. Trading Litig.*, 390 F.Supp.3d 432 (S.D.N.Y. 2019).

The Hon. Jesse M. Furman  
United States District Court

December 18, 2020  
Page 3

      The parties have submitted four prior requests for extensions in this matter, each of which was granted. Only the most recent request (ECF No. 485) specifically related to third parties. The relief requested will only impact the December 21, 2020 discovery deadline and only applies to third parties. It does not affect any other deadlines in the Court's Civil Case Management Plan and Scheduling Order, including the spring 2021 deadlines for fact discovery and briefing on summary judgment related to class certification and preclusion (ECF No. 455). The next pretrial conference is scheduled for March 2, 2021 (ECF No. 497).

      Thank you for your consideration of this request.

      Respectfully submitted,

      MOTLEY RICE LLC

      */s/ Joshua C. Littlejohn*

      Joshua C. Littlejohn

cc: All Counsel of Record (via email & ECF)

---

Defendants shall file any opposition, which shall not exceed three pages, by **noon** on **December 23, 2020**. Pending a ruling on the proposed 30-day extension, the third-party discovery is EXTENDED, for now, to December 28, 2020.

SO ORDERED.

*[signature]*

December 21, 2020