# Labaton Sucharow

January 8, 2021

212 907 0761 direct
212 907 0700 main
212 883 7099 fax
crhodes@labaton.com

New York Office
140 Broadway
New York, NY 10005

The Honorable Jesse M. Furman
United States District Court for the
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

Re:   *City of Providence, et al. v. BATS Global Markets, Inc., et al.*, No. 14-cv-02811

Dear Judge Furman:

We write on behalf of Plaintiffs and Plaintiffs' co-lead counsel pursuant to Rule 45(d) of the Federal Rules of Civil Procedure and Your Honor's Individual Rule 2(C), to request a discovery conference to quash Defendants' subpoenas for Lead Counsel's deposition testimony served on December 24, 2020 (the "Subpoenas").[1]  Defendants seek discovery directly from counsel of matters unrelated to the merits of this litigation, but rather directed at obtaining protected attorney work-product and disrupting the privileged attorney-client relationship between Lead Plaintiffs and their counsel.  The subpoenas seek testimony concerning: (1) **how** counsel created the PSLRA certifications; (2) **how** counsel compiled certain data spreadsheets; (3) **how** counsel drafted certain interrogatory responses; (4) **how** counsel issued preservation notices; and (5) **how** counsel conducted its investigation.[1]

In this Circuit, "[d]epositions of trial counsel are disfavored."[2]  "Depositions of counsel, even if limited to relevant and non-privileged information, are likely to have a disruptive effect on the attorney-client relationship and on the litigation of the case." *Shaub & Williams, L.L.P. v. Augme Techs., Inc.*, 2014 WL 1033862, at *5 (S.D.N.Y. Mar. 17, 2014).  Factors considered when assessing the viability of subpoenas directed to opposing counsel include: 1) "the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation"; 2) "the risk of encountering privilege and work-product issues"; 3) "the need to depose the lawyer"; and 4) "the extent of discovery already conducted."  *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 72 (2d Cir. 2003) (Sotomayor, CJ.).[3]  Here, all four factors weigh in favor of quashing the Subpoenas.

---

[1] Lead Counsel will respond to the document request portion of the Subpoenas in due course.  By agreement, counsel's responses and objections are due on January 14, 2021.  The parties met and conferred about the subpoenas on January 7, 2021.
[2] *See* e.g. *Creditsights, Inc. v. Ciasullo*, 2009 WL 3821441 (S.D.N.Y. Nov. 6, 2009) (denying application to depose opposing trial counsel); *Campinas Foundation v. Simoni*, 2005 WL 1006511 (S.D.N.Y. Apr. 27, 2005) (same); *Gropper v. David Ellis Real Estate, L.P,* 2014 WL 904483 (S.D.N.Y. Mar. 4, 2014) (quashing subpoena for deposition of opposing counsel).
[3] In *Friedman*, the Second Circuit denied the appeal as moot because counsel agreed to sit for a deposition. Nevertheless, the *Friedman* factors are regularly applied to determine whether counsel must sit for a deposition.  *See Nimkoff Rosenfeld & Schechter, LLP v. RKO Properties, Ltd.*, 2016 WL 3042733 (S.D.N.Y. May 24, 2016).

January 8, 2021
Page 2

_____

First, Lead Counsel's role in this litigation is purely as litigation counsel, and "depositions of counsel, even if limited to relevant and non-privileged information, are likely to have a disruptive effect on the attorney-client relationship and on the litigation of the case." *See Lee v. Kucker & Bruh, LLP*, 2013 WL 680929, at *1 (S.D.N.Y. Feb. 25, 2013). Where, as here, counsel has no role other than as Court-appointed Lead Counsel to prosecute claims on behalf of the class, Defendants' December 24, 2020 Subpoenas serve no purpose other than to harass, take time away from ongoing discovery efforts, and improperly "bootstrap [Lead Counsel] as a fact witness in the hopes of disqualifying [them] from this litigation." *Sea Tow Int'l, Inc. v. Pontin*, 246 F.R.D. 421 (E.D.N.Y. 2007). Thus, "the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation" weighs in favor of quashing the Subpoenas. *In re Subpoena Issued to Dennis Friedman,* 350 F.3d 65, 72 (2d Cir. 2003).

Second, the Subpoenas invade the attorney-client privilege and attorney work-product doctrine as Lead Counsel explained in the January 7, 2021 meet and confer. *See Shaub & Williams, L.L.P. v. Augme Techs., Inc.*, 2014 WL 1033862 at *7 (S.D.N.Y. Mar. 17, 2014) ("[T]here is clearly a high risk of encountering attorney-client privilege and work-product issues [when a party] is explicitly asking for such information."). Here, Defendants seek testimony from Lead Counsel regarding, *inter alia*, **how** counsel investigated and drafted discovery responses and pleadings on behalf of clients. When asked how these subject matters for testimony could in any way avoid implicating attorney-client privilege and attorney work-product issues, Defendants failed to articulate any response. This is a brazen attempt to obtain information protected by the attorney-client privilege and the work product doctrine, as confirmed by Lead Plaintiffs' deposition testimony. *See* e.g. Ex. 5 at 88:9 (Q: "What did Boston do to identify these entities in response to interrogatory No. 1?" A: "We relied on counsel. We developed this document in conjunction with counsel. So we used whatever information was available, and we worked through counsel to produce it."). Probing for additional information from Lead Counsel is an "impermissible attempt by Defendant[s] to inquire into the mental processes and strategies" of Lead Counsel. *See S.E.C. v. Morelli,* 143 F.R.D. 42, 47 (S.D.N.Y. 1992). Thus, "the risk of encountering privilege and work-product issues," weighs in favor of quashing the Subpoenas. *In re Subpoena Issued to Dennis Friedman,* 350 F.3d 65, 72 (2d Cir. 2003).

Third, Defendants have no need to depose Lead Counsel. *See KOS Bldg. Grp., LLC v. R.S. Granoff Architects, P.C.*, 2020 WL 1989487, at *5 (S.D.N.Y. Apr. 24, 2020) (Defendants do not establish a need to depose opposing counsel when "they have failed to demonstrate that information related to these issues is peculiarly within [opposing counsel's] knowledge."). Defendants have not and cannot demonstrate a need for Lead Counsel's testimony regarding information they can seek and have sought from other sources. Here, for example, Defendants seek testimony from counsel on "[t]he creation of the Custodian Bank Data Spreadsheet…" *See* Ex. 1 at 9. But Lead Plaintiffs provided this information during their depositions. *See, e.g.*, Ex.

January 8, 2021
Page 3

---

6 at 40:4-10 (Q: "Is it your understanding that the custodian, PNC, prepared this spreadsheet?" [OBJECTION TO FORM]  A: "I'm not really sure what you're asking. This is PNC's data"… Q: "Okay, but your understanding is that the data came from PNC?" A: "Yes."); *see also*, Ex. 5 at 58:14 ("Q: "Mr. Smyth, who created this custodian bank spreadsheet?" A: "I believe it was a data dump from State Street…").  To the extent Defendants seek further discovery about the custodial data, this information also may be obtained from other sources—namely, the custodian banks themselves, which Defendants have already subpoenaed.  Moreover, the discovery sought—*how* counsel created its pleadings—is not relevant to the parties' claims and defenses.[4]  Defendants have provided no authority establishing otherwise.  Even if the discovery Defendants seek were relevant, it has been or can be sought from other sources.  Under similar circumstances, this Court rejected Defendants' attempts to obtain discovery from Lead Counsel.  *See* ECF 422 (denying Defendants' motion to compel Lead Counsel's communications); *see also* ECF 435 (denying Defendants' motion to compel supplemental interrogatory responses).  Thus, "the need to depose the lawyer" weighs in favor of quashing the Subpoenas.  *In re Subpoena Issued to Dennis Friedman,* 350 F.3d 65, 72 (2d Cir. 2003).

Fourth, where, as here, Defendants have already sought and taken discovery on the noticed deposition topics, courts are less likely to grant discovery against opposing counsel.  *See KOS Bldg. Grp.* 2020 WL at *5 (Finding that the late stage of discovery and availability of other options weighs in favor of quashing the subpoena.).  Here, the parties have already engaged in significant discovery on the exact topics.  The topics listed in the Subpoenas are nearly identical to those on which the parties agreed Lead Plaintiffs would testify.  *See e.g.* Ex. 4.  Lead Counsel does not inherit an obligation to testify because Defendants asked questions that resulted in responses protected by attorney-client privilege or work-product.  Thus, the fourth factor—"the extent of discovery already conducted"—namely more than three full days of deposition testimony from Lead Plaintiffs, weighs in favor of quashing the Subpoenas.  *In re Subpoena Issued to Dennis Friedman,* 350 F.3d 65, 72 (2d Cir. 2003).

Because all four factors weigh in favor of quashing the Subpoenas, the Court should grant this letter-motion and preclude Defendants from taking depositions of Lead Counsel.

---

[4] Defendants' requests are a misguided attempt to obtain discovery showing that Lead Plaintiffs may not have been able to *prove* their case before the Complaint was filed.  This is not relevant.  Plaintiffs are not required to *prove* their case before, or even on the pleadings.

January 8, 2021
Page 4

_____

Respectfully submitted,

By: /s/Corban S. Rhodes
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0761