January 13, 2021

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

> Re: *City of Providence, Rhode Island v. BATS Global Markets, Inc.*,
> No. 14-cv-2811-JMF—**Opposition to Dkt. No. 504 (the "Letter")**

Dear Judge Furman:

Defendants submit this opposition to the Letter (ECF 504).  Plaintiffs pled—in extraordinarily broad fashion—that Defendants schemed with unnamed "high frequency traders" to allow manipulation of the markets in unnamed securities for more than a decade.  After almost seven years of litigation, including over 18 months of discovery, Plaintiffs have yet to produce any factual evidence supporting the existence of the alleged scheme or tending to show that they were damaged, factual information Plaintiffs should have had *before* they filed suit.  Plaintiffs now endeavor to preclude meaningful depositions on these subjects.  Plaintiffs designated four Rule 30(b)(6) witnesses who denied that Plaintiffs have knowledge of the basis for their claims, and Plaintiffs now seek to quash deposition subpoenas directed at the only people Plaintiffs testified had this critical information:  Plaintiffs' lawyers.  Plaintiffs' attempt to deny Defendants any meaningful fact discovery into the basis (if any) for their allegations flies in the face of the discovery rules.  The motion to quash must be denied.

Defendants' deposition subpoenas seek the facts Plaintiffs believe support the allegations in the SCAC and information regarding the trading activity referred to in Plaintiffs' PSLRA certifications and discovery responses (information that is critical to assessing whether any manipulation occurred and, if so, whether Plaintiffs were affected).  *See* Letter Exhs. 1-3.  The SCAC alleges that each Plaintiff "suffered substantial damages as a result of Defendants' unlawful conduct."  SCAC ¶¶ 21-24.  But neither the SCAC, Plaintiffs' PSLRA certifications, nor documents produced by Plaintiffs identify even one trade by a Plaintiff that was supposedly executed at an artificial price.  While Defendants have spent more than a year attempting to learn the factual basis of Plaintiffs' claims, Plaintiffs have obstructed those efforts at every turn.

For example, in response to Defendants' request for Plaintiffs' trading data, Plaintiffs produced Excel "custodian bank" spreadsheets—created by counsel—supposedly detailing the trades at issue in the SCAC.  These spreadsheets appear to be critical to Plaintiffs' case (Plaintiffs' counsel refer to them as "their trading data," ECF 411 at 4).  But Plaintiffs have refused to provide Defendants with discovery about how the spreadsheets were created, what the entries in them show, and even which entries are relevant to their allegations.  Plaintiffs' 30(b)(6) deponents

testified that only Plaintiffs' counsel could answer Defendants' questions about them.[1]  *See, e.g.,* Inscoe Tr. 80:5-81:15 & 111:6-19; Smyth Tr. 66:10-18.

Similarly, when asked about the factual bases for their claims, Plaintiffs' 30(b)(6) witnesses testified 121 times that only counsel knew the answers to those questions.  For example:

| **City of Providence** | **PPNPF** | **Boston** |
|---|---|---|
| Q.  Prior to filing this lawsuit on April 18, 2014, did Providence conclude that any specific equity securities trades done for its accounts were made at distorted, artificial, or manipulated prices?<br>MR. O'MARA:  Objection to form.<br>A.  Monitoring counsel would have made such a conclusion.<br>Q.  So is the answer that you don't know or that monitoring counsel did make that conclusion?<br>A.  No.  My answer is that I don't know whether monitoring counsel made that specific conclusion.<br>Q.  But if anybody would have made the conclusion, it would have been monitoring counsel?<br>A.  That's correct.<br>Q.  So in order to get the answer to the question that I asked, I'd have to ask Robbins Geller?<br>A.  Correct.<br><br>Dana Tr. 68:13-69:9 | Q.  Was there any analysis of the prices at which the transactions were executed before the [PSLRA] certification was filed?<br>MR. O'MARA: Same objection [to form].<br>THE WITNESS: I'm not sure.  We, we hire counsel to perform that analysis.<br>BY MS. BARRON:  Q.  So I would have to ask monitoring counsel?<br>A.  Yes.<br><br>Inscoe Tr. 42:13-22 | Q.  So is it the case that if I wanted to know what analysis, if any, was done regarding whether any of the shares included in Exhibit A of the certification were purchased or sold at distorted, artificial or manipulated prices prior to the filing of the certification, I'd have to ask somebody at Labaton?<br>MR. CANTY: Objection.<br>A.  Yes.<br><br>Smyth Tr. 37:25-38:9 |

With respect to all five topics of the subpoenas at issue, Plaintiffs' representatives disclaimed any factual knowledge and testified that the only source of such knowledge was counsel.  *See* Exhs. A-E.

Depositions of Plaintiffs' counsel are warranted under the four-factor "flexible approach" set out in *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 72 (2d Cir. 2003).  The four *Friedman* factors are the: (1) need to depose the lawyer, (2) lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, (3) risk of encountering privilege and work-product issues, and (4) extent of discovery already conducted.  Those factors all weigh in favor of denying Plaintiffs' motion to quash the subpoenas, which are

---

[1]  Defendants sought third-party discovery from Plaintiffs' custodian banks and, in meet and confers, counsel for the custodian banks told Nasdaq's counsel that they did not prepare and could not explain the Excel spreadsheets Plaintiffs produced and characterized as "custodian bank" data.

narrowly tailored to seek only non-privileged facts and thus appropriate. *See Garcia v. Benjamin Grp. Enter.*, 800 F. Supp. 2d 399, 405 (E.D.N.Y. June 14, 2011).

First, with regard to the need to depose counsel, Plaintiffs testified 121 times that their counsel are the only sources of the factual information Defendants seek. *See Johnson v. City of N.Y.,* 2018 U.S. Dist. LEXIS 215735, at *6 (E.D.N.Y. Dec. 21, 2018). As a result, counsel's testimony is absolutely necessary because it is the only way for Defendants to obtain the factual information at issue. *See Tailored Lighting, Inc. v. Osram Sylvania Prods.*, 255 F.R.D. 340, 346 (W.D.N.Y. Feb. 13, 2009); *Perkins v. Am. Transit Ins. Co*., 2011 U.S. Dist. LEXIS 122691, at *8 (S.D.N.Y. Oct. 24, 2011).

The second *Friedman* factor also favors denying the motion to quash. This factor is based on the concern that depositions of counsel could have a disruptive effect on the attorney-client relationship and the litigation of the case. *See Johnson*, 2018 U.S. Dist. LEXIS 215735, at *8. No such concerns are present here: Plaintiffs' counsel have teams of experienced attorneys working on this matter, and they cannot seriously contend that preparing for depositions on these factual topics would disrupt their representation. *Id*. Indeed, this factor weighs more heavily in favor of allowing depositions here than in most cases because counsel prepared Plaintiffs to address *the same topics* and Plaintiffs uniformly deferred to their Counsel. *See* Exhs. A-E. Having exhausted other means of discovery, Defendants now require depositions of the law firms identified by Plaintiffs as having the information sought. *See Tailored Lighting*, 255 F.R.D. at 345-46.

Third, Plaintiffs' privilege argument is unfounded. The subpoenas seek facts, not privileged information. *See Spin Master v. Bureau Veritas Consumer Prods. Serv*., 2011 U.S. Dist. LEXIS 170744, at *12 (W.D.N.Y. Aug. 24, 2011); *see also Chevron Corp. v. Donziger*, 2013 U.S. Dist. LEXIS 36353, at *100 (S.D.N.Y. Mar. 15, 2013) (even work product is discoverable upon a showing of substantial need and inability to obtain substantially equivalent information elsewhere). And even if the topics might theoretically implicate a privilege, the appropriate approach is for Plaintiffs to object on a question-by-question basis. *See Fox v. Pitney Bowes Inc.,* 2009 U.S. Dist. LEXIS 140134, at *8-9 (N.D. Ga. Sep. 18, 2009). In any event, the two privilege logs Plaintiffs have produced thus far suggest there is little, if any, privileged matter at issue. *See* Exhs. F-G (Providence's log contains entries for only the four days before this action was filed and the entries in VIGERS's log appear to have nothing to do with this case).

Fourth, the extent of discovery already conducted also favors denying the motion. Plaintiffs' small document productions do not shed light on the factual topics at issue. Defendants thus sought testimony from Plaintiffs about these topics, and in every instance Plaintiffs testified that they had no factual knowledge and that only counsel might. These topics go directly to whether there is any factual basis for Plaintiffs' scheme allegations, as well as whether Plaintiffs can demonstrate any injury (or even that they are members of the class they propose to represent).

Plaintiffs do not dispute that the information sought is discoverable. The topics in the subpoenas at issue are a subset of the topics Defendants sought to examine Plaintiffs' corporate representatives about. And Defendants served the pending subpoenas only after Plaintiffs testified 121 times that the only source of facts relating to these topics is their counsel. Plaintiffs should not be allowed to claim that only their counsel know the facts underlying the critical issues in this case and then hide behind counsel to deny Defendants discovery into those factual issues. Permitting such a scenario would be tantamount to denying Defendants any substantive discovery into the factual bases for Plaintiffs' claims. *Cf. Friedman*, 350 F.3d at 69 (purpose of the federal discovery rules is to ensure that civil trials are not carried on in the dark).

Respectfully submitted,

By: /s/ Douglas W. Henkin

Douglas W. Henkin
Justine N. Margolis
Kiran Patel
DENTONS US LLP
1221 Avenue of the Americas
New York, NY  10020
Telephone: 212/768-6832
212/768-6800 (fax)

Counsel for *New York Stock Exchange LLC, NYSE Arca Inc., and Chicago Stock Exchange, Inc.*

By: /s/ Robert F. Serio
Robert F. Serio
Justine Goeke
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166
Telephone: 212/351-3917
212/351-5246 (fax)

Steven M. Shepard
SUSMAN GODFREY L.L.P.
1301 Ave. of the Americas, Fl. 32
New York, NY 10019
Tel: 212/729-2010

Counsel for *The Nasdaq Stock Market LLC and Nasdaq OMX BX, Inc.*

By: /s/ Paul E. Greenwalt

Paul E. Greenwalt III
Michael Molzberger
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 6600
Chicago, IL  60606
Telephone: 312/258-5702
312/258-5600 (fax)

Counsel for *BATS Global Markets, Inc. (n/k/a Cboe Bats, LLC) and Direct Edge ECN, LLC*

cc:    All Counsel of Record via ECF