February 23, 2021

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

   Re: *City of Providence, Rhode Island v. BATS Global Markets, Inc.*,
      No. 14-cv-2811-JMF (S.D.N.Y.)

Dear Judge Furman:

  Pursuant to the Court's Individual Rule 2(C), non-parties Gibson Dunn & Crutcher LLP, Susman Godfrey LLP, Dentons US LLP, and Schiff Hardin LLP (together, "Defense Counsel") respectfully submit this letter-motion for a discovery conference regarding Plaintiffs' February 9, 2021 subpoenas for testimony and document production of Defense Counsel (the "Subpoenas").[1] *See* Ex. A (Subpoenas); Ex. B (Defense Counsel's Responses and Objections).  On January 14, 2021, this Court ordered Rule 30(b)(6) depositions of Plaintiffs' counsel to go forward (ECF No. 508) and, on February 8, 2021, Defendants were forced to file a motion to compel before Plaintiffs' counsel eventually provided dates for those depositions.  On February 9, 2021, Plaintiffs served the Subpoenas, without any basis in fact or law, in part as attempted retaliation and in part to try to provide a basis to avoid the depositions this Court had ordered, and set the first Defense Counsel deposition for March 1, 2021, ahead of the dates Plaintiffs provided for their court-ordered depositions.  During the February 22 meet-and-confer call, Plaintiffs' counsel confirmed that their reasons for seeking these depositions is (i) if Defendants have subpoenaed lawyers, Plaintiffs should too and (ii) to try to provide a basis for their own privilege objections by relying on what they hoped would be privilege objections raised by Defendants.  Plaintiffs' Subpoenas violate applicable law and should be quashed.

**I. Plaintiffs Fail to Meet the Requirements For Subpoenas of Opposing Counsel.**

  Subpoenas of opposing counsel are permitted only in specific circumstances.  *See, e.g.*, *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 72 (2d Cir. 2003); *Shaub & Williams, L.L.P. v. Augme Techs., Inc.*, 2014 WL 1033862, at *5 (S.D.N.Y. Mar. 17, 2014); *Creditsights, Inc. v. Ciasullo*, 2009 WL 3821441 (S.D.N.Y. Nov. 6, 2009).  Specifically, the Second Circuit requires Plaintiffs to demonstrate that they prevail on a four-factor testing considering: (1) "the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation"; (2) "the risk of encountering privilege and work-product issues"; (3) "the need to

---

[1] On February 22, 2021, the parties met and conferred regarding these Subpoenas and could not resolve the matter.  Given the upcoming return dates of the Subpoenas (beginning on March 1), Defense Counsel respectfully request that the Court issue a protective order staying the return dates of the Subpoenas while this motion remains *sub judice*.  *See* Fed. R. Civ. P. 26(c).

depose the lawyer"; and (4) "the extent of discovery already conducted." *Friedman*, 350 F.3d at 72.

In the motion practice relating to Defendants' subpoenas directed to Plaintiffs' counsel, Defendants showed the existence of such circumstances. Defendants subpoenaed Plaintiffs' counsel only after Plaintiffs' 30(b)(6) witnesses stated 121 times during their depositions that they did not know, and that only their counsel did know, the answers to basic factual questions about the bases for Plaintiffs' claims. *See* ECF No. 505. Lead Counsel's central and exclusive role as fact witnesses in connection with Plaintiffs' claims was thus indisputable. In that specific context, the Court denied Plaintiffs' motion to quash and ordered that depositions of Lead Counsel proceed. ECF No. 508. After Defendants were forced to file a motion to compel, Plaintiffs' counsel advised that they will produce one or more witnesses on March 4 and 5, 2021. *See* ECF No. 516.

In contrast, Plaintiffs have not even attempted to meet their burden under the *Friedman* test. To begin, the Subpoenas' proposed subject matters for testimony and document production are facially inappropriate subjects for discovery because they expressly seek information regarding the preparation of legal documents and legal strategy, not facts. For example, Plaintiffs demand that trial counsel testify about, among other things, the "creation of the Answer filed by" each Defendant, including "[e]ach individual involved, directly or indirectly, in creating [each Defendant's] Answer," (Ex. A, Sched. A Topic #1) and produce "[a]ll documents or data [each law firm] considered in creating the Answer" (Ex. A, Sched. B. Topic #2). No reasonable view of the *Friedman* factors would permit questioning a law firm on these subjects.

Unlike the numerous examples where Plaintiffs' rule 30(b)(6) witnesses testified to Plaintiffs' counsel's role as fact witnesses, Plaintiffs have not established the factual predicates needed to subpoena opposing counsel. Unlike Plaintiffs, none of Defendants' 30(b)(6) witnesses have even once disclaimed factual knowledge about the subjects for which they were designated to testify and, more importantly, those witnesses never testified that Defense Counsel is even *a* source of any factual information. Nor has this been an issue in any non-30(b)(6) depositions of Defendants. Because there is no indication whatsoever that needed factual information must be obtained from counsel, the subpoenas are inappropriate and should be quashed. *See Resqnet.Com, Inc. v. Lansa, Inc.*, 2004 WL 1627170, at *5 (S.D.N.Y. July 21, 2004) (granting motion to quash where the party seeking to depose counsel "has not indicated why the information has not been or cannot be obtained through means other than [opposing counsel's] testimony"). Other topics in Plaintiffs' Subpoenas are even more absurd. For example, Topic 4 purports to demand that Defense Counsel present a witness regarding Defendants' efforts to cause *Plaintiffs' investment advisors and broker-dealers* to preserve documents relating to *Plaintiffs' investments*; beyond the facts that even Plaintiffs had significant difficulty identifying their own intermediaries and to this day have not identified any specific transactions they claim as the basis for their claims, it is simply not a defendant's obligation to preserve third-party documents relating to issues on which a plaintiff bears the burden of proof.

## II. Plaintiffs' Subpoenas of Nonparty Defense Counsel are Unreasonable Because the Same Information is Available in Party Discovery.

Plaintiffs' Subpoenas also violate requirements governing nonparty discovery: they are duplicative of existing party discovery, and Plaintiffs have not sought to compel the production of any information from Defendants.

As nonparties to this action, Defense Counsel are entitled to the protections of the Federal Rules of Civil Procedure aimed at reigning in unduly burdensome and overbroad discovery. For example, Rule 26(b)(2)(C)(i) requires courts to limit discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Similarly, Rule 26(b)(2)(C)(ii) requires courts to limit discovery when "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Rule 45(d)(1) also obligates attorneys who are issuing subpoenas to protect persons subject to a subpoena from "undue burden or expense." "These considerations are particularly salient where, as here, a party has opted to seek documents from non-parties, via subpoena, without first attempting to compel its adversary to produce the same documents." *N'Diaye v. Metro. Life Ins. Co.*, No. 17 Civ. 4260 (GBD)(BCM), 2018 WL 2316335, at *7 (S.D.N.Y. May 8, 2018).[2]

Plaintiffs have not identified deficiencies in Defendants' responses to Plaintiffs' discovery requests that would justify the Subpoenas, and Plaintiffs have not sought to compel the production of the items requested from nonparty Defense Counsel. For example, Plaintiffs' Subpoenas seek testimony from counsel regarding "[t]he creation of the Matching Engine Order-Level data" (Ex. A, Sched. A Topic #2) even though this data has been sought, and produced in full, by each Defendant. Plaintiffs should not be permitted to burden nonparty Defense Counsel with subpoenas for testimony or document production as a combined attempt at retaliation and creating a basis for avoiding their own testimony, when they already have the discovery sought or have not first attempted and failed to obtain it from obvious party sources. *See Roth v. County of Nassau*, No. 15 Civ. 6358 (LDW)(AYS), 2017 WL 75753, at *6 (E.D.N.Y. Jan. 6, 2017); *BSN Med., Inc. v. Parker Med. Assocs., LLC*, No. 10 Misc. 15, 2011 WL 197217, at *2 (S.D.N.Y. Jan. 19, 2011); *Warnke v. CVS Corp.*, 265 F.R.D. 64, 70 (E.D.N.Y. 2010); *Cohen v. City of New York*, No. 05 Civ. 6780 (RJS)(JCF), 2010 WL 1837782, at *3 (S.D.N.Y. May 6, 2010).

\* \* \*

For the foregoing reasons, Defense Counsel respectfully request a discovery conference in order to move that the Court quash the Subpoenas.

---

[2] Rule 45(d)(1) requires courts to enforce the protections of Rule 45(d) and "impose an appropriate sanction . . . on a party or attorney who fails to comply," which sanction "may include" the subpoenaed person's reasonable attorneys' fees. To the extent Plaintiffs cannot demonstrate a factual predicate for the Subpoenas, the Court may impose on them or their counsel liability for fees and costs incurred by Defense Counsel in connection with this dispute. *See* Fed. R. Civ. P. 45(d)(1); *see also* 28 U.S.C. § 1927 (imposing liability on any attorney who "multiplies the proceedings in any case unreasonably and vexatiously" for fees and costs thereby incurred).

Respectfully submitted,

By: /s/ Douglas W. Henkin

Douglas W. Henkin
Justine N. Margolis
Kiran Patel
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: 212/768-6832
212/768-6800 (fax)

Counsel for *New York Stock Exchange LLC, NYSE Arca Inc., and Chicago Stock Exchange, Inc.*

By: /s/ Robert F. Serio

Robert F. Serio
Justine Goeke
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: 212/351-3917
212/351-5246 (fax)

Steven M. Shepard
SUSMAN GODFREY L.L.P.
1301 Ave. of the Americas, Fl. 32
New York, NY 10019
Tel: 212-729-2010
sshepard@susmangodfrey.com

Counsel for *The Nasdaq Stock Market LLC and Nasdaq OMX BX, Inc.*

By: /s/ Paul E. Greenwalt

Paul E. Greenwalt III
Michael Molzberger
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 6600
Chicago, IL 60606
Telephone: 312/258-5702
312/258-5600 (fax)

Counsel for *BATS Global Markets, Inc. (n/k/a Cboe Bats, LLC) and Direct Edge ECN, LLC*

cc:   All Counsel of Record via ECF