```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                         :
CITY OF PROVIDENCE, RHODE ISLAND,                        :
                                                         :
                        Plaintiff,                       :
                                                         :      14-CV-2811 (JMF)
v.                                                       :
                                                         :           ORDER
BATS GLOBAL MARKETS et al.,                              :
                                                         :
                        Defendants.                      :
                                                         :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On February 18, 2021, Plaintiff Government Employees' Retirement System of the Virgin Islands filed a letter motion raising objections to 244 entries on the New York Stock Exchange ("NYSE") Defendants' privilege log. *See* ECF No. 518. Upon review of the parties' submissions, Plaintiff's letter motion is DENIED without prejudice. Plaintiff's only basis for challenging the privilege invocations is that the communications at issue did not include a lawyer (or, in the case of one document, included one lawyer among many recipients). *See id.* 1-2. As the NYSE Defendants correctly note, however, that fact, alone, does not render a privilege invocation invalid. *See* ECF No. 522, at 2-3. And indeed, NYSE Defendants identify two examples of challenged documents that, on the face of the privilege log, would appear to be entirely appropriate invocations. *See id.* at 2 (citing Priv. Nos. 5593 and 7615). In light of that, the fact that Plaintiff's counsel finds it "hard to believe" that the documents at issue are privileged is not a valid basis to demand an *in camera* review. *See id.* at 1-2 (citing cases).

For these reasons, Plaintiff's motion is DENIED. That denial, however, is without prejudice to a new application (made only after conferring with the NYSE Defendants in

accordance with the Court's Individual Rules and Practices) identifying ten documents among the 244 originally challenged and showing cause why these sample documents are not privileged and/or should be reviewed by the Court *in camera*. If Plaintiff renews its motion in that manner, and the Court finds (with or without an *in camera* review) that the privilege invocation as to all ten documents was proper, then that will be the end of the matter — i.e., the Court will not entertain further Plaintiff's objections with respect to the remaining 234 documents. By contrast, if the Court finds that the privilege invocation was improper as to any of the ten documents, it will address whether and how the other 234 documents will be reviewed.

Meanwhile, on February 23, 2021, Defendants filed two discovery-related letter motions of their own. *See* ECF Nos. 523 and 524. Plaintiffs shall respond to these letter motions in accordance with the Court's standard procedures. Pending the Court's decision on ECF No. 524, however, the return dates of the subpoenas at issue are stayed. (By contrast, the Court does *not* stay the depositions of Plaintiffs' counsel, which shall proceed as scheduled.)

Plaintiff's letter motion for leave to file a reply in support of its letter motion regarding the privilege invocation is DENIED as moot and/or unripe. *See* ECF No. 525.

The Clerk of Court is directed to terminate ECF Nos. 518 and 525.

SO ORDERED.

Dated: February 24, 2021
New York, New York

_____
JESSE M. FURMAN
United States District Judge