March 9, 2021

The Honorable Jesse M. Furman
U.S. District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

    Re:    *City of Providence, Rhode Island v. Bats Global Markets, Inc.,* Case 1:14-cv-02811-JMF—**Nasdaq's Letter-Motion for Discovery Conference Regarding Nasdaq's Contention Interrogatories to Plaintiffs**

Dear Judge Furman:

    Nasdaq respectfully requests a discovery conference pursuant to Individual Rule 2(C). Nasdaq seeks leave to serve the contention interrogatories attached as Exhibit A. Answers to these interrogatories are necessary and appropriate in order to enable the Court to evaluate Plaintiffs' forthcoming motion to certify a class.

    Plaintiffs' Second Amended Complaint lacks basic information necessary to evaluate the feasibility of answering, on a classwide basis, fundamental questions like: "who is a Class member?" and "how were the members of the Class supposedly injured?" Specifically:

- Plaintiffs allege that the Class was harmed by "HFT firms" that engaged in "fraudulent activity." SAC ¶ 238. But the Complaint does not answer: <u>Who are these unnamed "HFT firms"?</u> Therefore, Interrogatories 9 and 10 are necessary.

- Plaintiffs allege that the Class was harmed when Class members "purchased and/or sold shares of stock" on Defendants' Exchanges at "manipulated . . . prices." SAC ¶¶ 1, 8. But the Complaint does not answer: <u>Which (if any) of Lead Plaintiffs' trades occurred at a "manipulated" price?</u> Therefore, Interrogatories 11 and 12 are necessary.

- Plaintiffs allege that Defendants are liable because they provided "direct data feeds," "co-location services," and "complex order types" to "HFT firms." SAC ¶¶ 108, 118, 136. But during the class period, Defendants offered a variety of data products, co-location services, and order types. The Complaint does not answer: <u>Precisely which "data feeds," "co-location services," and "order types" are at issue?</u> Therefore, Interrogatories 13, 15, and 17 are necessary.

- <u>How did the "HFT firms" make use of these "data feeds" "co-location services," and "complex order types" to harm the Class?</u> The Complaint does not answer this question. Therefore, Interrogatories 14, 16, and 18 are necessary.

Plaintiffs appear to contend that these interrogatories are barred by Local Rule 33.3. That is incorrect. Even though these interrogatories are related to the merits of Plaintiffs' claims, serving them now (in time for use in class certification briefing and expert reports) is

appropriate because, as this Court has already ruled, "the merits are relevant to the issues of class certification." ECF 329 at 1; *see also Chen-Oster v. Goldman, Sachs & Co.*, No. 10 CIV. 6950 AT JCF, 2013 WL 6501184, at *1 (S.D.N.Y. Dec. 11, 2013) ("To the extent that the defendants' interrogatories address the merits, they are relevant to class issues such as commonality and predominance and so are permissible at [the class certification] stage."). Answers to these interrogatories are necessary to address whether Plaintiffs can satisfy their burden of proving compliance with Rule 23's criteria.

It is fair to require Plaintiffs to answer these interrogatories now. Defendants produced, long ago, all of the Exchanges' trading data and hundreds of thousands of documents. Before the March 12, 2021 deadline for fact discovery related to class certification and preclusion, Plaintiffs will have taken many depositions of current and former Exchange personnel. Plaintiffs also have had an extended opportunity to obtain discovery from third-parties.

Nasdaq—believing that no leave of Court was required, under the authority of *Chen-Oster*—already served the interrogatories on Plaintiffs, on February 16, 2021. On February 25, Plaintiffs sent Nasdaq a draft "status letter," in which Plaintiffs contended that the interrogatories "are premature at this stage of the litigation under Fed. R. Civ. P. 33 and the Local Rules." Nasdaq sought to meet and confer with Plaintiffs, but Plaintiffs refused to discuss the matter until March 18 (when responses to the interrogatories would be due). *See* Ex. B (email exchange between counsel). Nasdaq is filing this letter now in order that this issue may be briefed in advance of the upcoming status conference on March 16.

Nasdaq believes the contention interrogatories are timely because they were served well in advance of the deadlines for class certification briefing, for which their answers are relevant. However, in the same February 25 draft "status letter," Plaintiffs contended that the interrogatories "run[] afoul" of the Court's Scheduling Order because they "requir[e] responses after the March 12, 2021 close of fact discovery related to preclusion or class certification." Therefore, to forestall this objection, Nasdaq also respectfully seeks leave of the Court to allow Plaintiffs to answer these interrogatories on March 18.

Because Plaintiffs refused to meet and confer, Nasdaq does not know (and has not been able in this letter to address) whatever other arguments Plaintiffs might assert to justify refusing to answer the contention interrogatories. Therefore, Nasdaq respectfully seeks leave to file a reply brief, not to exceed three pages, in order to have an opportunity to respond to Plaintiffs' responsive letter.

Sincerely,

By: /s/ Steven M. Shepard

Steven M. Shepard
SUSMAN GODFREY L.L.P.
1301 Ave. of the Americas, Fl. 32
New York, NY 10019
Tel: 212-729-2010
sshepard@susmangodfrey.com

Robert F. Serio
Justine Goeke
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: 212/351-3917
212/351-5246 (fax)

*Counsel for The Nasdaq Stock Market LLC
and Nasdaq BX, Inc.*

CC:   All counsel of record via ECF