# Labaton Sucharow

Corban S. Rhodes
Partner
212 907 0761  direct
212 907 0700  main
212 883 7099  fax
crhodes@labaton.com

New York Office
140 Broadway
New York, NY 10005

March 12, 2021

The Honorable Jesse M. Furman
U.S. District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

RE: *City of Providence, Rhode Island v. Bats Global Markets, Inc.*, Case 1:14-cv-02811-JMF—Plaintiffs' Opposition to Nasdaq's Letter-Motion for Discovery Conference Regarding Nasdaq's Contention Interrogatories to Plaintiffs

Dear Judge Furman:

Nasdaq's March 9 request for a discovery conference regarding their February 18 contention interrogatories is premature. Defendants' letter-motion, filed before Plaintiffs' response to those interrogatories is even due under the Federal Rules of Civil Procedure, improperly attempts to short circuit the Rules and urges the Court to force Plaintiffs to litigate their objections, if any, before the time the Rules afford Plaintiffs to consider and respond to those discovery requests. As Plaintiffs told Nasdaq before it filed this motion "[w]e would be happy to meet and confer soon after our responses are served," but Plaintiffs cannot be expected to meet and confer, much less litigate, disputes that do not yet exist. Ex. 1. The Court should deny Defendants' request for that reason alone.

In addition, while reserving all rights with respect to any objections Plaintiffs may raise once their objections are due, Plaintiffs will briefly respond here to Defendants' arguments that Plaintiffs should answer their contention interrogatories now. Unlike the interrogatories at issue in the lone decision Defendants rely on, *Chen-Oster v. Goldman, Sachs & Co.*, No. 10 CIV. 6950, 2013 WL 6501184, at *1 (S.D.N.Y. Dec. 11, 2013)(Francis, M.J.), Defendants' interrogatories are not "relevant to class issues such as commonality and predominance." Moreover, unlike in *Chen-Oster*, class certification discovery remains ongoing here, and Defendants' interrogatories cannot be answered until Plaintiffs are provided the belated discovery that is the subject of Plaintiffs' recent motions to compel. ECF Nos. 546, 548, 552. More specifically:

- Defendants' claim they need answers to Interrogatories 9 and 10 now because "the Complaint does not answer: Who are the[] unnamed 'HFT firms?'" ECF No. 540 at 1. But Defendants do not explain how a list of HFT firms that benefitted from Defendants' fraudulent scheme is relevant to any requirement for the certification of a plaintiff class of investors under Rule 23. Moreover, Defendants are obstructing Plaintiffs' right to the discovery of relevant information on that very issue. For example, a Nasdaq team led by Frank Hathaway analyzed Nasdaq's exposure to HFT in the wake of bad publicity caused by the release of the book *Flash Boys* in 2014. Nasdaq has conceded that it improperly

**Labaton Sucharow**

The Honorable Jesse M. Furman
March 12, 2021
Page 2

> withheld dozens of documents relating to Mr. Hatheway, which they only recently produced, including highly relevant and inculpatory documents. Yet they have refused to produce or even re-review thousands of other, similar documents relating to Mr. Hatheway that remain on their privilege log. *See* ECF Nos. 548, 553. Until Plaintiffs have access to those documents and Mr. Hatheway's testimony concerning the same, they cannot conclusively answer the question of who Nasdaq's HFT customers were.

- Similarly, Defendants' claim they need answers to Interrogatories 11 and 12 now because "the Complaint does not answer: Which (if any) of Lead Plaintiffs' trades occurred at a 'manipulated' price?" is misplaced. ECF No. 540 at 1. But, as Defendants well know, identifying specific trades impacted by their fraudulent scheme requires extensive and complicated analysis of trading data from both Defendants and third parties. Crucially, however, Defendants failed to provide all the data Plaintiffs requested over eighteen months ago, in September 2019. Therefore, these interrogatories are premature not only because they seek the substance of Plaintiffs' experts' conclusions before the time required to be disclosed under Rule 26 and this Court's scheduling order, but also because once again, discovery on this topic remains ongoing due to Defendants' discovery omissions. *See* ECF No. 553.

- Defendants state in conclusory fashion that they need answers to Interrogatories 13-18 now because the Complaint does not answer "[p]recisely which 'data feeds,' 'co-location services' and 'order types' are at issue" or how "the 'HFT firms' ma[d]e use of these" products. ECF No. 540 at 1. As an initial matter, the Complaint does, in fact, set forth with a high degree of particularity which products and services are at issue and how they were used by Defendants' HFT customers. *See* Second Consolidated Amended Complaint at ¶¶108-117 and ¶¶118-131(describing the co-location services and direct and enhanced feeds offered by each Defendant-Exchange). Moreover, Defendants do not even attempt to explain why that specificity is insufficient at the class certification stage, or how these core merits issues overlap with any class certification requirement. *See Pearlstein v. BlackBerry Ltd.*, 2021 WL 253453 (S.D.N.Y. Jan. 26, 2021)(McMahon, C.J.)(arguments related to whether the allegations in the Complaint will prove the elements of a claim are "perfect examples of merits-related questions that should not be considered in connection with a class certification motion.").

Plaintiffs respectfully submit that the Court should deny Nasdaq's request as premature. To the extent the Court is inclined to reach the merits as to each interrogatory before Plaintiffs have served their responses and objections, the Court should deny Defendants' request for leave to file contention interrogatories as premature because (i) discovery on the relevant issues remains ongoing due to Defendants' failure to timely provide it, (ii) Defendants' contention interrogatories are not probative of any class certification issues and therefore should be

Labaton Sucharow

The Honorable Jesse M. Furman
March 12, 2021
Page 3

addressed after completion of merits discovery, and/or (iii) they improperly seek Plaintiffs' experts' disclosures prior to the time at which Defendants are entitled to them under Rule 26 or this Court's scheduling order.

Respectfully,

By: /s/Corban S. Rhodes
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0761