**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Robert F. Serio
Direct: +1 212.351.3917
Fax: +1 212.351.5246
RSerio@gibsondunn.com

March 15, 2021

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

   Re: *City of Providence, Rhode Island v. BATS Global Markets, Inc.*,
      No. 14-cv-2811-JMF (S.D.N.Y.)

Dear Judge Furman:

  Pursuant to the Court's order of March 11, 2021 (ECF No. 555), we write on behalf of Nasdaq regarding Plaintiffs' March 9, 2021 letter-motion to seal certain documents (ECF No. 547) filed in connection with their challenge to Nasdaq's privilege log (ECF No. 549).[1]

  Plaintiffs filed all 13 exhibits to their motion under seal (*see* ECF Nos. 548-1 through -15), perhaps in an abundance of caution, given that most of them are Nasdaq's documents or reflect information from Nasdaq. However, Nasdaq has only designated five of these documents Confidential. As explained more fully below, Nasdaq requests that Exhibits 11 and 12 remain under seal, but has no objection to unsealing the remainder of the exhibits filed in connection with Plaintiffs' privilege motion. In addition, Nasdaq does not believe the redacted portions of Plaintiffs' letter-motion reveal confidential information and therefore consents to the unsealing of the unredacted letter-motion.

**I. Nasdaq Does Not Object to Unsealing Exhibits 1-10 and 13.**

- Nasdaq does not believe **Exhibit 1** needs to be sealed. It is simply Plaintiffs' 16-page chart of 4,083 privilege log entry numbers for which they now seek *in camera* review.

- Nasdaq does not believe that **Exhibits 2 and 3** need to be sealed. These exhibits contain excerpts from the deposition transcripts of two Nasdaq employees. Information in these excerpts simply reflects the well-known fact in the securities industry that there is no commonly accepted definition of "high frequency trading."[2]

---

[1] For the reasons stated in Nasdaq's separate letter filed this morning, Plaintiffs' challenge to Nasdaq's privilege log should be rejected as untimely, pretextual, and meritless.

[2] For example, in a 2020 Report to Congress, the SEC stated "that there is no statutory or regulatory definition of th[e] term"; that "[h]igh frequency trading is not a singular, monolithic type of activity"; and that it "includes a

- There is no basis to seal **Exhibits 6, 7, 8, 9, or 10,** because, contrary to Plaintiffs' assertion in their motion to seal, Nasdaq never designated them Confidential.[3]

- Nasdaq does not believe **Exhibits 4, 5 and 13** must be filed under seal.

- Finally, Nasdaq does not believe the redacted portions of Plaintiffs' letter—mostly general commentary not addressing the specifics of any particular documents—must be filed under seal.

## II.   Nasdaq Requests that Exhibits 11 and 12 Remain Sealed.

Nasdaq believes that **Exhibits 11, and 12**, previously designated Confidential, should remain under seal:

- **Exhibit 11** reflects correspondence between Nasdaq and a customer regarding technical aspects of delivering certain of Nasdaq's products and services. The email exchange specifies, among other things, the specific connections and ports ordered and the customer's IP addresses. This information is "[s]ensitive, non-public . . . client, or customer information concerning individuals or other entities" that may be designated Confidential pursuant to Section 2.5(d) of the Stipulated Protective Order. ECF No. 400 at 3. The Second Circuit has stated that "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation" with respect to whether to seal documents. *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995). Accordingly, Courts frequently seal documents and testimony reflecting confidential information about third parties. *See Travelers Indem. Co. v. Excalibur Reins. Corp.*, 2012 WL 13029602, at *9 (D. Conn. May 10, 2012) (sealing identity of non-party); *Alexander Interactive, Inc. v. Adorama, Inc.*, 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014) (sealing "non-public information about pricing, credit, and termination terms" of a third party). Exhibit 11 should be sealed on this basis.

- **Exhibit 12** reflects the drafting of a slide presentation at the direction of Nasdaq's then-General Counsel, for Nasdaq's then-CEO to present to the SEC in connection with non-public meetings regarding Exchange regulation. This document reflects "non-public business or financial strategies, and/or confidential competitive information," as well as "non-public communications with regulators," which may be designated Confidential pursuant to Section 2.5(b) and (c) of the Stipulated Protective Order. ECF No. 400 at 3. Such internal, non-public strategy documents are frequently considered confidential by courts. *Tropical Sails Corp. v. Yext, Inc.*, 2016 WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016) ("Internal documents and unpublished drafts that contain non-public strategies . . . constitute 'confidential commercial information[.]'"); *GoSMiLE Inc. v. Dr. Jonathan Levine, D.M.D., P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (sealing "highly

---

range of strategies, which . . . may have different effects on market quality[.]" Securities and Exchange Commission Staff Report on Algorithmic Trading in U.S. Capital Markets 38–39 (Aug. 5, 2020), *available at* https://www.sec.gov/files/Algo_Trading_Report_2020.pdf.

[3]   Plaintiffs appear to have used the native versions of documents, not the Bates-stamped images, to prepare their exhibits, thereby obscuring whether Nasdaq had stamped the exhibit Confidential or not.

proprietary material concerning the defendants' marketing strategies, product development").

For the foregoing reasons, Nasdaq requests that Plaintiffs' Exhibits 11 and 12 remain filed under seal.

Respectfully submitted,

By: /s/ Robert F. Serio

Robert F. Serio
Justine Goeke
David Salant
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel: 212-351-3917
Fax: 212-351-5246

Steven M. Shepard
SUSMAN GODFREY L.L.P.
1301 Ave. of the Americas, Fl. 32
New York, NY 10019
Tel: 212-729-2010
sshepard@susmangodfrey.com

Counsel for *The Nasdaq Stock Market LLC and Nasdaq BX, Inc.*

cc:   All Counsel of Record via ECF

---

Application GRANTED. Accordingly, the Clerk of Court is directed to unseal (that is, convert to public view, with no restrictions) ECF Nos. 549, 549-1, 549-2, 549-3, 549-4, 549-5, 549-6, 549-7, 549-8, 549-9, 549-10, 549-15 and to terminate ECF Nos. 547, 561.

SO ORDERED.

*[signature]*

March 15, 2021