March 15, 2021

<u>**VIA ECF**</u>

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:      *City of Providence, Rhode Island v. BATS Global Markets, Inc.*, No. 1:14-cv-2811-JMF;
         Motion to Seal

Dear Judge Furman:

Pursuant to the Court's March 11, 2021 Order (ECF No. 555), the NYSE Defendants[1] respectfully request redaction of customer names on pages 3, 4 and 9 of ECF No. 545-4 and that 545-2 remain sealed.  NYSE's proposed redactions are identified in Exhibit A, attached hereto.

To determine whether documents can be sealed or redacted, the court must weigh the presumption in favor of public access against: 1) the importance of the information to the merits of the motion; and 2) the importance of competing considerations, including the privacy interests of those who oppose disclosure.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  Here, NYSE's narrow request to redact customer names readily meets the standard to seal.  On one side of the equation, the presumption in favor of public access is not as strong for a discovery related motion such as the instant matter, as it is for dispositive motions. *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, No. 19-CV-9439 (PKC), 2020 WL 3264264, at *1 (S.D.N.Y. June 17, 2020), citing *Brown v Maxwell*, 929 F.3d 41, 49-50, 53 (2d Cir. 2019).  On the other side, the factors all weigh in favor of granting the request.  The names of NYSE's customers are not relevant to the underlying discovery dispute.  *See MacroMavens, LLC v. Deutsche Bank Sec., Inc*., No. 09 CIV. 7819 (PKC), 2011 WL 1796138, at *2 (S.D.N.Y. Apr. 27, 2011) (finding irrelevant customer names can be redacted from motions *in limine*).  Further, the identity of customers and the products/services they use is competitively sensitive information, and these non-parties "have a privacy interest in preventing the public disclosure of their identities." *Sec. & Exch. Comm'n*, 2020 WL 3264264, at *1, 4.

With respect to 545-2, this email discusses a request for information from counsel to aid in the provision of legal advice for purposes of responding to an investigation.  Accordingly, NYSE informed Plaintiff that this email should not have been produced in redacted format, but

---

[1] The NYSE Defendants are the New York Stock Exchange LLC, NYSE Arca, Inc., and Chicago Stock Exchange, Inc. (n/k/a NYSE Chicago, Inc.) (collectively "NYSE").

rather withheld as privileged in its entirety.  However, NYSE further agreed that it would not seek to claw back this and related documents if Plaintiff agreed it would not assert that the agreement not to claw back these documents is a waiver of any privilege.  In the Letter Motion on NYSE's privilege log, Plaintiff reserved the right to argue waiver with respect to related documents (ECF 545, 3 n.5).  Because no agreement with respect to this issue has been reached, NYSE requests 545-2 remain sealed to preserve NYSE's claim of privilege over it and related documents.

For the foregoing reasons, NYSE respectfully requests that its request for the redactions in Exhibit A be granted and that 545-2 remain sealed.

Respectfully submitted,

By: /s/ Justine N. Margolis
Douglas W. Henkin
Justine N. Margolis
Kiran Patel
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 768-6832
Facsimile: (212) 768-6800

Stephen J. Senderowitz
DENTONS US LLP
233 South Wacker Drive, Suite 5900
Chicago, IL 60606
(312) 876-8000
stephen.senderowitz@dentons.com

*Counsel for New York Stock Exchange LLC,*
*NYSE Arca Inc.,*
*and Chicago Stock Exchange, Inc.*

cc:    All Counsel of Record (via ECF)

Application GRANTED.  Accordingly, the Clerk of Court is directed to unseal (that is, convert to public view, with no restrictions) ECF Nos. 545, 545-1, 545-3, 545-5 and to terminate ECF Nos. 544, 568.

SO ORDERED.

March 15, 2021