UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
CITY OF PROVIDENCE, RHODE ISLAND, : Civil Action No. 1:14-cv-02811-JMF-OTW
Individually and on Behalf of All Others : **(Consolidated)**
Similarly Situated, :
: CLASS ACTION
:
Plaintiff, :
: [PROPOSED] ORDER RE: MARCH 16, 2021
vs. : HEARING
:
BATS GLOBAL MARKETS, INC., et al., :
:
Defendants. :
:
---------------------------------------------------------- x

Upon review of the parties' submissions as described below and after hearing oral argument on March 16, 2021, and for the reasons stated on the record, the Court orders, as to the below-described matters, as follows:

1. Regarding Defendant Nasdaq's letter-motion for a discovery conference regarding Nasdaq's contention interrogatories (*see* ECF Nos. 540, 557, 566), Plaintiffs shall serve any objections to Nasdaq's contention interrogatories by Thursday, March 18, 2021. Plaintiffs shall serve substantive responses to Nasdaq's contention interrogatories by Friday, April 2, 2021. The parties shall meet and confer on Plaintiffs' objections in an attempt to resolve or narrow any disputes and, if there are outstanding issues after meeting and conferring, shall promptly raise these issues with the Court.

2. Regarding Plaintiffs' letter-motion for a discovery conference challenging NYSE's privilege log (*see* ECF Nos. 545, 564), NYSE shall re-review the remaining 234 documents challenged by Plaintiffs, *see* ECF No. 518 & Ex. 1, and, as necessary, de-designate or revise the redactions to these documents and provide an updated privilege log. NYSE shall complete its re-review and de-designation or revised redaction of these documents and provide a revised privilege log, if necessary, by Tuesday, March 23, 2021 (including the production of any de-designated documents or documents with revised redactions). Following this process, and consistent with the Court's prior Order at ECF No. 528, Plaintiffs will then have an opportunity to review and raise challenges to up to 10 documents, then meet and confer with NYSE to resolve the challenges, and if not resolved, promptly raise any outstanding challenges with the Court. Plaintiffs shall raise any challenges to the 234 documents (selecting up to 10 documents to challenge) with NYSE by Friday, March 26, 2021, with meet and confers between the parties to follow.

3. Regarding Plaintiffs' letter-motion for a discovery conference challenging Nasdaq's privilege log (*see* ECF Nos. 549, 560), the parties shall meet and confer by Friday, March 19, 2021 to attempt to agree upon a subset of the approximately 4,000 Nasdaq privilege log entries challenged by Plaintiffs, *see* ECF No. 549 & Ex. 1, for Nasdaq to re-review, and to discuss rescheduled dates for the depositions of Mr. Hathaway and Ms. Swanstrom. Following Nasdaq's re-review of the subset of the approximately 4,000 Nasdaq privilege log entries challenged by Plaintiffs, the parties will then follow a process along the lines of the one ordered above in connection with Plaintiffs' challenge to NYSE's privilege log.

4. Regarding Defendant NYSE's letter-motion for a discovery conference seeking to quash Plaintiffs' notice of Rule 30(b)(6) deposition testimony (*see* ECF Nos. 551, 567), the Court denies Defendants' letter-motion to the extent it seeks to quash the notice as to any or all topics listed in Plaintiffs' Second Amended Notice without prejudice to renewal following the meet and confer addressed in the next sentence of this paragraph. The parties have advised the Court that they began meeting and conferring about the issues raised by NYSE's letter-motion, have resolved some of those issues, and are continuing to meet and confer about the remaining issues; the parties shall complete those discussions and advise the Court promptly thereafter in the event any such issues are unresolved. The parties shall also meet and confer regarding the scheduling of this deposition no later than **March 19, 2021.**

5. Regarding Plaintiffs' letter-motion for a discovery conference to compel production of transcripts of NYSE testimony to the U.S. Securities & Exchange Commission and motion to show cause why NYSE had not produced a signed interrogatory verification (*see* ECF Nos. 552, 565), NYSE shall promptly produce the transcript of Vincent Lanzillo's testimony. The parties shall confer on the three transcripts of testimony by Joseph Mecane which were referenced

by Plaintiffs during the hearing, after which NYSE shall promptly produce the transcripts to the extent they are relevant to issues in this case. For avoidance of doubt, the Court will not entertain requests for production of any transcripts of SEC testimony beyond the four referenced in this paragraph. The Court denies the letter-motion to show cause as moot in light of Defendant NYSE's production of the interrogatory verification on March 15, 2021. To the extent this production prompts further discovery requests, the parties shall meet and confer by **March 19, 2021.**

6. Regarding Plaintiffs' letter to the Court concerning the claw back of, and instruction not to testify as to, purportedly privileged documents at the deposition of BATS/Direct Edge employee Robert Books (*see* ECF Nos. 558, 563), BATS/Direct Edge shall produce a privilege log regarding those documents and the parties shall meet and confer by Friday, March 19, 2021 to address any issues that remain after the production of the privilege log regarding those documents. If any outstanding issues remain after meeting and conferring, the aggrieved party shall promptly submit the issues by letter-motion to the Court.

7. Regarding Plaintiffs' letter-motion for a limited extension of the deadlines related to class certification and preclusion (*see* ECF Nos. 553, 559), the deadlines set forth in the August 16, 2019 Case Management Plan (ECF No. 329), as amended on March 4, 2020 (ECF No. 408), May 6, 2020 (ECF No. 422), and September 18, 2020 (ECF No. 455), are hereby extended by 45 days. The extended deadline for the completion of discovery related to class certification and preclusion is limited to completing or resolving only the following matters: 1) work ordered by the Court in connection with the above-referenced matters, and 2) any other matters specifically identified to and discussed with the Court during the March 16, 2021 hearing. As the Court stated on the record during the March 16, 2021 hearing, while perhaps somewhat ambitious, this is the final extension of discovery relating to class certification and preclusion that it will grant. The remedy for failure to comply with discovery obligations by the extended deadlines will be sanctions, not any further extensions of time.

- 3 -

The Court further orders the parties to submit their next bi-monthly status letter, *see* ECF No. 329 ¶ 16, on Tuesday, April 6, 2021. Unless otherwise ordered by the Court, bi-monthly status letters will be submitted every two months thereafter from that date.

Specifically, the following deadlines shall be in effect:

| Event | Current Deadline | New Deadline |
|---|---|---|
| Deadline for the service of any new third-party document discovery relevant to class certification or preclusion motion practice. | August 28, 2020 | (no change) |
| Deadline for production of documents (including by third parties) that may be used by the parties in connection with Plaintiffs' motion for class certification and Defendants' motion for summary judgment on grounds of preclusion, see *Lanier v. BATS Exch., Inc.*, 838 F.3d 139, 155 (2d Cir. 2016), to be substantially completed. | November 30, 2020 | (no change) |
| Deadline for all fact discovery relating to class certification and preclusion to be completed. | March 12, 2021 | April 26, 2021 |
| Deadline to submit joint letter advising the Court of the parties' views on how much time is needed to complete any additional discovery in light of the Court's ruling(s) on Plaintiff's class certification motion and Defendants' motion for summary judgment on grounds of preclusion and the discovery completed prior to those motions being filed. | Within one Week of Court's Ruling on Plaintiff's class certification motion and Defendants' motion for summary judgment on grounds of preclusion | (no change) |
| Deadline for remaining fact discovery to be completed. | Within 90 days of the Court's ruling on Plaintiff's class certification motion and Defendants' motion for summary judgment on grounds of preclusion | (no change) |
| Deadline for all expert discovery on subjects other than class certification and preclusion, including expert reports, | Within 60 days of the deadline for the | (no change) |

| Event | Current Deadline | New Deadline |
|---|---|---|
| production of underlying documents, and depositions, to be completed. | completion of fact discovery | |
| Deadline to serve interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York (no Rule 33.3(a) interrogatories need to be served with respect to disclosures automatically required by Fed. R. Civ, P. 26(a)). | November 30, 2020 | (no change) |
| Deadline to serve contention interrogatories pursuant to Rule 33.3(c) of the Local Civil Rules of the Southern District of New York. | 30 days before the close of discovery, unless otherwise ordered by the Court | (no change) |
| Deadline to take depositions of fact witnesses. | Close of fact discovery, unless otherwise ordered by the Court | (no change) |
| Deadline to serve requests to admit. | 30 days before the close of discovery, unless otherwise ordered by the Court | (no change) |
| Deadline for the parties to meet and confer on a schedule for expert disclosures on subjects other than class certification and preclusion, including reports, production of underlying documents, and depositions, provided that (i) expert reports of the party with the burden of proof shall be due before those of the opposing party's experts; and (ii) all expert discovery shall be completed by the deadline for completion of expert discovery (that is, the date set forth in paragraph 3(d)). | 30 days prior to the deadline for completion of all fact discovery | (no change) |
| Deadline for Plaintiffs to file any motion for class certification, and Defendants to file any motion for summary judgment on grounds of preclusion.  By the same date, the moving side shall serve expert reports relating to its motion(s). | April 13, 2021 | May 28, 2021 |
| Deadline to take depositions of moving side's experts for class certification and | May 10, 2021 | June 24, 2021 |

| Event | Current Deadline | New Deadline |
|---|---|---|
| motion for summary judgment on grounds of preclusion. | | |
| Deadline to file briefs in opposition to class certification and motion for summary judgment on grounds of preclusion.  By the same date, the opposing parties shall serve expert reports relating to the motion(s) being opposed. | June 10, 2021 | July 26, 2021 |
| Deadline to take depositions of opposing side's experts proffered in opposition to class certification and motion for summary judgment on grounds of preclusion. | July 12, 2021 | August 26, 2021 |
| Deadline to file reply memoranda of law in support of motions for class certification and summary judgment on grounds of preclusion. | August 3, 2021 | September 17, 2021 |
| Deadline to meet in person for at least one hour to discuss settlement. | 14 days following the close of fact discovery | (no change) |
| Deadline to file summary judgment motions, if applicable, and any motion to exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence and the *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), line of cases. | 45 days after the close of fact or expert discovery (whichever is later) | (no change) |
| Deadline to file oppositions to summary judgment motions, if applicable, and any motion to exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence and the *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), line of cases. | 45 days after opening motion(s) are served | (no change) |
| Deadline to file replies in support of summary judgment motions, if applicable, and any motion to exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence and the *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), line of cases. | 21 days after service of any opposition | (no change) |

| Event | Current Deadline | New Deadline |
| --- | --- | --- |
| Deadline for the parties to submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3). | 45 days after the close of all discovery, or, if a dispositive motion has been filed, within 45 days of a decision on such motion | (no change) |
| Deadline to submit joint requests to charge, joint proposed verdict forms, and joint proposed *voir dire* questions. | On or before the deadline to file the Joint Pretrial Order | (no change) |
| Deadline to submit proposed findings of fact and conclusions of law. | On or before the deadline to file the Joint Pretrial Order | (no change) |
| Deadline to be ready for trial. | One month after the Joint Pretrial Order is filed | (no change) |

IT IS SO ORDERED.

DATED: March 22, 2021

_____
THE HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

The Clerk of Court is directed to terminate ECF Nos. 540, 545, 546, 548, 549, 551, 552, 553.