UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____ x

CITY OF PROVIDENCE, RHODE ISLAND, et al.,　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Plaintiffs,　　　　:　　　Case No. 14 Civ. 2811 (JMF)
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　-v-　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
BATS GLOBAL MARKETS, INC., et al.,　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Defendants.　　　　:

_____ x

## STIPULATION AND ~~[PROPOSED]~~ ORDER

It is hereby stipulated, consented to, and agreed, by and among Lead Plaintiffs Boston

Retirement System; City of Providence, Rhode Island; Plumbers and Pipefitters National Pension

Fund; and Virgin Islands Government Employees Retirement System (collectively, "Plaintiffs")

and Defendants The Nasdaq Stock Market LLC and Nasdaq BX, Inc. (collectively, "Nasdaq") in

the above-captioned litigation (the "Action"), and pursuant to Rule 502 of the Federal Rules of

Evidence, and it is hereby ordered by the Court, that:

WHEREAS Plaintiffs and Nasdaq have disputed certain aspects of Nasdaq's privilege log

produced in this Action; and

WHEREAS, Plaintiffs and Nasdaq wish to avoid further costly and time-consuming

litigation and re-review for privilege status of certain documents listed on Nasdaq's February 19,

2021 privilege log, and facilitate the production of additional responsive, non-privileged

documents to Plaintiffs, while also permitting Nasdaq to preserve any and all applicable

privileges it may hold with respect to all such documents;

1

WHEREAS, Plaintiffs and Nasdaq agreed on March 19, 2021, that Nasdaq would (a) re-review 2,809 documents composed of the 1,048 documents on both of Plaintiffs' January 28 and March 4 challenge lists, plus attachments, and (b) perform a sweep through all 4,083 documents on Plaintiffs' March 4 list, plus attachments, to ensure they were not sent to third parties;

WHEREAS, based on that review, Nasdaq determined that 1,173 of the 2,809 challenged documents should be declassified and produced to Plaintiffs, in whole or in part, that 626 of these documents were either previously produced to Plaintiffs in duplicate or near-duplicate form or not responsive, and, therefore, that approximately 547 relevant documents (comprising 19% of the documents reviewed, or 13% of Plaintiffs' March 4 challenge list of 4,083 items) are responsive and have not already been produced;

NOW, THEREFORE, IT IS HEREBY STIPULATED by and between Plaintiffs and Nasdaq, that:

1.      No later than March 31, Nasdaq shall produce to Plaintiffs the documents corresponding to Plaintiffs' lists of 9,021 privilege log entry numbers dated January 28, 2021, and 4,083 privilege log entry numbers dated March 4, 2021, but not including those re-reviewed by Nasdaq pursuant to the parties' agreement of March 19, 2021, or the approximately 700 documents to be re-reviewed by Nasdaq pursuant to the parties' agreement of March 26, 2021, and determined to be privileged (the "Nasdaq Rule 502(d) Documents").  Nasdaq shall complete its review of, and production of any de-designated documents from, the approximately 700 documents no later than April 5.

2.      To the extent the Nasdaq Rule 502(d) Documents include information subject to a claim of attorney-client privilege, work-product protection, or other applicable privilege or protection, the disclosure of the Nasdaq Rule 502(d) Documents shall not constitute a waiver of

reason

any claim of privilege or protection in this Action or in any other matter, and Plaintiffs shall not argue that such disclosure pursuant to this Stipulation and Order constitutes a subject matter waiver of any privilege or protection, pursuant to Rule 502(d) of the Federal Rules of Evidence. Nothing in this Stipulation and Order shall prevent or estop Nasdaq from claiming that any information disclosed pursuant to this Stipulation and Order is privileged or protected from disclosure at a later day in this or any other matter.  This Stipulation and Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502.

3.      The Nasdaq Rule 502(d) Documents produced pursuant to this Stipulation and Order shall be designated "Confidential" pursuant to the Protective Order in effect in this Action dated February 10, 2020 (ECF No. 402), and the legend: "Confidential – Subject to Rule 502(d) Agreement" shall be affixed to each page of the documents.  In the event designation through affixation of the legend "Confidential – Subject to Rule 502(d) Agreement" is impractical, as with electronic documents produced in native format, designation may be made in any manner that is reasonably designed to notify any party receiving the document that it has been designated "Confidential – Subject to Rule 502(d) Agreement."  Subject to the terms of this Stipulation and Order, the Protective Order shall apply to all documents marked  "Confidential – Subject to Rule 502(d) Agreement," and all documents so designated shall be subject to the same terms and protections as material designated "Confidential" under the Protective Order.  *See* ECF No. 402 § 7.3.

4.      Plaintiffs agree to give Nasdaq a fair opportunity to claim privilege over a Nasdaq Rule 502(d) Document disclosed pursuant to this Stipulation and Order prior to using it in this Action.  In the event Plaintiffs seek to file a Nasdaq Rule 502(d) Document on the court docket, Plaintiffs agree to obtain Nasdaq's agreement that Nasdaq Rule 502(d) Document may be

3

publicly filed, or otherwise to file the Nasdaq Rule 502(d) Document under seal in the first

instance.  In the event Plaintiffs seek to use a Nasdaq Rule 502(d) Document during a deposition

(*e.g.*, to mark as an exhibit, show to the witness, or make the subject of examination), which

Nasdaq claims contains material protected by the attorney-client privilege, work-product

protection, or other applicable privilege or protection, Nasdaq may, in its sole discretion, do one

or more of the following: (a) allow the Nasdaq Rule 502(d) Document to be used during the

deposition without waiver of any claim of privilege or other protection; (b) allow questioning

about the Nasdaq Rule 502(d) Document but instruct the witness not to answer questions

concerning the parts of the document containing privileged or protected material; or (c) object to

the use of the Nasdaq Rule 502(d) Document at the deposition, in which case no questions may

be asked and no testimony may be given relating to the document or the privileged or protected

portion of the document until the matter has been resolved by agreement or by the Court.  If

Nasdaq chooses not to allow questions to be asked or answered on the basis of a privilege

objection that is later overruled by the Court or by agreement, Plaintiffs shall have an

opportunity to depose the witness again for the limited purpose of asking such questions; in all

events, Plaintiffs shall have no longer than 30 minutes of on-the-record time to re-question a

deponent regarding each Nasdaq Rule 502(d) Document over which Nasdaq had disallowed

questioning on the basis of privilege.  Nasdaq shall have five business days after Plaintiffs' first

attempted use of any Nasdaq Rule 502(d) Document in which to file a letter-motion pursuant to

the Court's Individual Rule of Practice 2(C) seeking to claw back such document on grounds of

privilege or protection in the event Plaintiffs do not voluntarily agree to return and not to use the

document pursuant to Section 13 of the Protective Order.

4

5.      The parties to this stipulation do not waive any rights or protections afforded them by the Stipulated ESI Protocol, the Protective Order, the Court's Rules of Individual Practice, applicable Local Civil Rules, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or other applicable authority, including, but not limited to, the work product doctrine and attorney-client privilege, and this Stipulation and Order is without prejudice to any parties' rights thereunder.

SO STIPULATED.

Dated: March 30, 2021

/s/ Corban S. Rhodes
Michael P. Canty
Thomas G. Hoffman, Jr.
Corban S. Rhodes
LABATON SUCHAROW LLP
140 Broadway
New York, NY  10005
Telephone:  212/907-0700
212/818-0477 (fax)


/s/ David W. Mitchell
David W. Mitchell
Brian O. O'Mara
Steven M. Jodlowski
Lonnie A. Browne
ROBBINS GELLER RUDMAN
   & DOWD LLP
600 West Broadway
San Diego, CA 92101
Telephone:  619/231-1058
619/231-7423 (fax)


/s/ Joshua C. Littlejoh
Joseph F. Rice
Joshua C. Littlejohn
Meredith B. Weatherby
Annie E. Kouba
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)

Co-Lead Counsel for Plaintiffs in *City of Providence, Rhode Island, et al. v. BATS Global Markets, Inc., et al.*, No. 1:14-cv-02811-JMF

/s/ Robert Serio
Robert F. Serio
Justine Goeke
David Salant
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel: 212-351-3917
Fax: 212-351-5246

Steven M. Shepard
SUSMAN GODFREY L.L.P.
1301 Ave. of the Americas, Fl. 32
New York, NY 10019
Tel: 212-729-2010
sshepard@susmangodfrey.com

Counsel for *The Nasdaq Stock Market LLC and Nasdaq BX, Inc.*

SO ORDERED.

March 31, 2021

6