# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF PROVIDENCE, RHODE ISLAND, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>vs.<br><br>BATS GLOBAL MARKETS, INC., et al.,<br><br>      Defendants. | Civil Action No. 1:14-cv-02811-JMF-OTW<br>**(Consolidated)**<br><br><u>CLASS ACTION</u><br><br>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE THE REPORT OF NASDAQ'S EXPERT JAMES R. BURNS |

**TABLE OF CONTENTS**

**INTRODUCTION** ............................................................................................................................. 1

**ARGUMENT** .................................................................................................................................... 1

I.      BURNS' TESTIMONY AND OPINIONS SHOULD BE EXCLUDED BECAUSE HE IS A PAID FACT WITNESS, NOT AN EXPERT WITNESS ................................... 1

II.     BURNS' TESTIMONY AND OPINIONS SHOULD BE EXCLUDED AS IMPROPER LEGAL CONCLUSIONS ............................................................................... 3

III.    BURNS' TESTIMONY AND OPINIONS SHOULD BE EXCLUDED AS UNRELIABLE ................................................................................................................... 4

       A.      Burns' Testimony and Opinions Are Unreliable to the Extent They Are Mere Ipse Dixit .................................................................................................................. 4

       B.      Burns' Testimony and Opinions Are Unreliable to the Extent They Are Contradicted by His Own His Prior Statements ..................................................... 5

**CONCLUSION** ................................................................................................................................ 7

## INTRODUCTION

The opinions and testimony of Nasdaq's proffered expert, James R. Burns, should be excluded for three separate and independent reasons.

First, Burns was an SEC lawyer who participated in the review and approval of the Defendant Exchanges' proposed rule filings relating to the products and services at issue in this case. Thus, he is not a proper expert witness, but a fact witness. Problematically, he is a highly paid fact witness. Nasdaq's retention of Burns was therefore improper, and all Burns' opinions are inherently unreliable. *See* Section I, *infra*.

Second, nearly all Burns' opinions amount to nothing more than improper legal conclusions. By his own admission, the only methodology he applies is a legal analysis of the relevant statute and regulations. In his deposition, Burns conceded that the Court can perform the same analysis. Significantly, Burns' opinions have been excluded on those exact grounds before. *See* Section II, *infra*.

Third, Burns' self-serving opinion that he participated in a "thorough" process at the SEC is unreliable because it is belied by his testimony that he could not remember a single detail of any of the rule filings at issue. Moreover, it is also unreliable because it is directly contradicted by statements that he personally made while at the SEC. *See* Section III, *infra*.

## ARGUMENT

**I.  BURNS' TESTIMONY AND OPINIONS SHOULD BE EXCLUDED BECAUSE HE IS A PAID FACT WITNESS, NOT AN EXPERT WITNESS**

In his deposition, Burns testified that, while working as a lawyer at the SEC, he participated in the review and approval of rule filings relating to the products and services at issue in this case:

[redacted]

██████████████████████████

██████████████████████████

Burns concedes that he could be called as a fact witness to testify regarding that process.

██████████████████████████

██████████████████████████

Importantly, Plaintiffs repeatedly told Defendants that regulators such as Burns "may or are likely to have discoverable information that Lead Plaintiffs may use to support their claims . . . ." Ex. 2 (Lead Plaintiffs' Initial Disclosures Pursuant to Rule 26(a)(1) dated October 11, 2019) at 31 ("Lead Plaintiffs believe that there may be discoverable information in the possession, custody or control of federal agencies and regulators that interact with or conduct oversight of Defendants and Defendants' activities, including, but not limited to, the U.S. Securities and Exchange Commission."); Ex. 3 (Lead Plaintiffs' Partial Initial Disclosure Statement Pursuant to Rule 26(a)(1)(A)(i) dated September 6, 2019) at 11 ("Lead Plaintiffs believe that there may be discoverable information in the possession, custody or control of federal regulators that conduct oversight of Defendants and Defendants' activities, including but not limited to the U.S. Securities and Exchange Commission.").[1]

Nonetheless, ██████████████████████████

██████████████████████████

██████████████████████████

---

[1] Notably, although Plaintiffs do not agree with their reasoning, Nasdaq's co-defendants argue that Burns' expert testimony is unnecessary. See ECF No. 600 at n.1 ("Defendants move separately from [Nasdaq] because they believe that expert testimony is not necessary for the Court to find the claims here precluded . . . .").

███

Nasdaq's retention of Burns was therefore improper, and his testimony and opinions are inherently unreliable. They should be excluded on these grounds alone.

## II.    BURNS' TESTIMONY AND OPINIONS SHOULD BE EXCLUDED AS IMPROPER LEGAL CONCLUSIONS

It is well settled that it is "impermissible for experts 'to offer opinions embodying legal conclusions.'" *Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*, No. 16-CV-885 (JPO), 2020 WL 1673687, at *3 (S.D.N.Y. Apr. 6, 2020), *aff'd,* 839 F. App'x 545 (Fed. Cir. 2021) (quoting *Floyd v. City of New York*, 861 F. Supp. 2d 274, 287 (S.D.N.Y. 2012)). Thus, for example an expert may not testify "as to the meaning and proper interpretation of the legal obligations imposed" by an SEC Regulation "as they apply to the facts of this case." *Schlltzki v. Weiser Capital Mgmt., LLC,* No. 10 Civ. 4685, 2013 WL 6284417, at *2 (S.D.N.Y. Dec. 4, 2013), *aff'd sub nom., BPP Wealth, Inc. v. Weiser Cap. Mgmt., LLC,* 623 F. App'x 7 (2d Cir. 2015).

Burns' own prior testimony was excluded in an administrative proceeding before the SEC where (as here) he offered opinions on whether his client was adhering to the requirements of the Exchange Act. *See* Ex. 4 (*In the Matter of Ironridge Global Partners,* LLC, Admin. Proc. File No. 3-16649). In *Ironridge*, Burns' opinion was stricken as not helpful to the trier of fact and because Burns' expert report was essentially legal brief. *Id.* ("Except for one detail, ***Burns' expert report is in substance a legal opinion***).

Similarly, here, Burns merely applies a legal analysis to interpret SEC Rule 19b-4 and conclude that Nasdaq did not violate the Exchange Act. *See* Ex. 5 ("Burns Report") at 37 ███

███

---

2 ███

3

███████████████████████████████████████████████████████[3] In his deposition, Burns confirmed that the only methodology he employed was a legal analysis of whether documents publicly filed with the SEC by Nasdaq comported with the relevant statutes and rules:



Burns' opinion and testimony should be excluded on these grounds alone.

### III. BURNS' TESTIMONY AND OPINIONS SHOULD BE EXCLUDED AS UNRELIABLE

To the extent Burns' testimony and opinions are not improper legal conclusions, they should be excluded as unreliable.

#### A. Burns' Testimony and Opinions Are Unreliable to the Extent They Are Mere Ipse Dixit

"The law is clear that mere ipse dixit is not appropriate expert testimony because it is not based on reliable methodology." *S.E.C. v. Tourre*, 950 F. Supp. 2d 666, 678 (S.D.N.Y. 2013).

Section II of the Burns Report opines that the SEC's process for reviewing and approving Nasdaq's rule filings was "thorough." However, Burns cites no authority to support this opinion

---

[3] Specifically, the opinions expressed in Sections I, III and IV of the Burns Report are improper legal conclusions. Indeed, those Sections read like a legal brief that Nasdaq's counsel could have drafted without the aid of an "expert."

4

and, in his deposition, he repeatedly testified that he does not recall any details about that process. *See, e.g.*, Ex. 1 at 103:6-19 ▮▮▮▮▮ *id.* at 178:15-22 ▮▮▮▮▮ *id.* at 190:2-12 (▮▮▮▮▮ Nor did he review the record in this case. *See id.* at 113:15 – 114:5 ▮▮▮▮▮

Burns' unsupported *ipse dixit* is therefore the exact the type of unreliable testimony that *Daubert* and its progeny intended to exclude. *See generally Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

**B.  Burns' Testimony and Opinions Are Unreliable to the Extent They Are Contradicted by His Own His Prior Statements**

Burns' testimony and opinions are also unreliable because they are inconsistent with statements that he personally made while at the SEC, thus demonstrating that Burns does not employ the "same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

Specifically, while Burns was the Deputy Director of Trading and Markets for the SEC, he sent a letter to Jeffrey Sprecher, President of Intercontinental Exchange, explaining the standard by which the Exchanges should describe the order types in their respective rules:



Ex. 6 at 2 (emphasis added).

The Burns Report goes one step further, stating that 

Ex. 5 at 36.

. *See* Ex. 1 at 146:6-11

Shockingly, Burns testified that Nasdaq's rule filings do not comprehensively describe Nasdaq's order types; nonetheless he still opines that Nasdaq's rule filings were adequate.



Ex. 1 at 146:3-147:20.

This alone undermines the reliability of Burns' opinion that



*See* Ex. 5 at 42-43; *see also United States E.E.O.C. v. Rockwell Int'l Corp.*, 60 F. Supp. 2d 791, 797 (N.D. Ill. 1999), *aff'd sub nom. E.E.O.C. v. Rockwell Int'l Corp.*, 243 F.3d 1012 (7th Cir. 2001) (excluding testimony as unreliable where the expert failed to follow standard

6

methodology that he himself normally applied, and in fact "employ[ed] principles that contradicted his normal methodology in various respects").

Crucially, nowhere does Burns opine that the Exchanges described to the SEC that HFTs were exploiting the order types and other products and services at issue in this case (*i.e.*, co-location and proprietary data feeds) to engage in the alleged scheme—specifically, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ECF No. 619-1 (Lauer Report) at 1.

## CONCLUSION

For the foregoing reasons, Burns' opinions and testimony should be excluded.

Dated: July 26, 2021                                   Respectfully submitted,


                                                       */s/ Thomas G. Hoffman, Jr.*
                                                       Thomas G. Hoffman, Jr.

                                                       **LABATON SUCHAROW LLP**
                                                       MICHAEL P. CANTY
                                                       THOMAS G. HOFFMAN, JR.
                                                       CORBAN S. RHODES
                                                       140 Broadway
                                                       New York, NY 10005
                                                       Telephone: 212/907-0700
                                                       Facsimile: 212/818-0477
                                                       mcanty@labaton.com
                                                       thoffman@labaton.com
                                                       crhodes@labaton.com

                                                       **MOTLEY RICE LLC**
                                                       JOSEPH F. RICE
                                                       JOSHUA C. LITTLEJOHN
                                                       MEREDITH B. WEATHERBY
                                                       KELLY A. QUILLIN

28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Telephone: 843/216-9000
Facsimile: 843/216-9450
jrice@motleyrice.com
jlittlejohn@motleyrice.com
mweatherby@motleyrice.com
kquillin@motleyrice.com

**MOTLEY RICE LLC**
WILLIAM H. NARWOLD
MICHAEL J. PENDELL
20 Church Street, 17th Floor
Hartford, CT 06103
Telephone: 860/882-1681
Facsimile: 860/882-1682
bnarwold@motleyrice.com
mpendell@motleyrice.com

**MOTLEY RICE LLC**
DAVID D. BURNETT
401 9th Street NW, Suite 1001
Washington, DC 20004
Telephone: 202/232-5504
Facsimile: 202/232-5513
dburnett@motleyrice.com

**ROBBINS GELLER RUDMAN & DOWD LLP**
DAVID W. MITCHELL
BRIAN O'MARA
STEVEN M. JODLOWSKI
LONNIE A. BROWNE
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
Facsimile: 619/231-7423
davidm@rgrdlaw.com
bomara@rgrdlaw.com
sjodlowski@rgrdlaw.com
lbrowne@rgrdlaw.com

**ROBBINS GELLER RUDMAN & DOWD LLP**
SAMUEL H. RUDMAN
VINCENT M. SERRA
58 South Service Road, Suite 200
Melville, NY 11747

8

>Telephone:  631/367-7100
>Facsimile:  631/367-1173
>srudman@rgrdlaw.com
>vserra@rgrdlaw.com
>
>**ROBBINS GELLER RUDMAN & DOWD LLP**
>PATRICK J. COUGHLIN
>RANDI BANDMAN
>420 Lexington Avenue
>New York, NY 10170
>Telephone: 212/693-1058
>patc@rgrdlaw.com
>randib@rgrdlaw.com
>
>*Co-Lead Counsel for Plaintiffs*