# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

*The motion to seal is GRANTED temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. The Clerk of Court is directed to terminate ECF No. 682.*

August 6, 2021

SO ORDERED.

[signature]

August 6, 2021

**VIA ECF AND EMAIL**
**(FURMAN_NYSDCHAMBERS@NYSD.USCOURTS.GOV)**

Honorable Jesse M. Furman
United States District Court Judge
Southern District of New York
40 Foley Square, Room 1105
New York, NY 10007

Re:   **City of Providence, Rhode Island v. Bats Global Markets, Inc. et al.**
        **Civ. Action No. 1:14-CV-2811-JMF**

Dear Judge Furman:

On behalf of Cowen Execution Services, LLC, Cowen and Company, LLC and their affiliates (collectively "Cowen"), non-party, broker-dealer subpoena recipients in the above-captioned matter, we write pursuant to Rule 7 of Your Honors' Individual Rules and Practices. For the reasons addressed below, we seek leave to maintain under seal certain confidential information of Cowen filed by Defendants as part of Defendants' July 26, 2021 Opposition to Plaintiffs' Motion for Class Certification.

## Applicable Standard

In evaluating whether a document should remain under seal, a court balances the presumption of public access to judicial documents against the privacy interests of those resisting disclosure. *See, e.g., Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); *Grand v. Schwarz*, No. 15-CV-8779 (KMW), 2018 U.S. Dist. LEXIS 52540, at *5 (S.D.N.Y. Mar. 28, 2018). The weight afforded to the presumption of access is governed by the "role of the material at issue" and the "resultant value of such information to those monitoring the federal courts." *Id*. at 119. "The right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Courts may refuse public access to judicial filings that contain "sources of business information that might harm a litigant's competitive standing." *Id*. at 598. Further, courts have recognized that the privacy interests

of non-parties should be afforded even more protection.  *See e.g.*, *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (citations omitted).

### **Proposed Redactions**

Cowen proposes to maintain narrowly tailored redactions of a confidential excerpt, which we understand appears in Defendants' Opposition to Plaintiffs' Motion for Class Certification.  The information cited in the excerpt includes proprietary, privileged, and confidential business information that Cowen provided to its client, Wells Capital Management, in response to its client's due diligence request under a confidentiality obligation by Wells Capital Management.  Specifically, the information divulges confidential and proprietary details concerning Cowen's Anti-Gaming technology and its use by Cowen.  This information was not widely disseminated or otherwise made available publicly, and is more detailed than the information appearing in Cowen's marketing materials concerning this technology.  The document from which the information is excerpted was produced by Wells Capital Management pursuant to a subpoena under a "Confidential" designation.

Cowen regards its communications in response to the due diligence request as competitively sensitive information.  *See, e.g.*, *Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12-cv-6608, 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014) (sealing party's "confidential information about its relationship with its dealer-customer"); *Travelers Indem. Co. v. Excalibur Reins. Corp.*, No. 11-cv-1209, 2013 WL 4012772, at *5 (D. Conn. Aug. 5, 2013) (allowing redaction of "specific portions of documents revealing sensitive business information," including "confidential proprietary information, documents and client data").  Further, the exact information contained in the questionnaire and at issue here is the kind of "trading strategies [and] objectives" as well as "information regarding proprietary modeling assumptions" that are routinely sealed.  *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015).  Disclosing this information to one client pursuant to a request for information does not materially affect the confidential and proprietary nature of this information.

For the reasons stated above, Cowen respectfully requests that the excerpt remain under seal.

Respectfully,

*/s/ Shaimaa M. Hussein*
Shaimaa M. Hussein

cc: All counsel of record (via ECF)