## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

August 6, 2021

Via ECF

The Honorable Jesse M. Furman,
   United States District Court,
      Southern District of New York,
         40 Foley Square,
           New York, New York  10007.

        Re:   *City of Providence, Rhode Island et al.* v. *BATS Global Markets, Inc. et al.*, No. 14-cv-2811 (JMF) (S.D.N.Y.)

Dear Judge Furman:

        I write on behalf of non-party Goldman Sachs & Co. LLC ("Goldman Sachs") pursuant to Rule 7C of Your Honor's Individual Rules and Practices in Civil Cases to request a narrow redaction of certain information previously filed under seal by the defendants in the above-captioned action ("Defendants").

        On July 26, 2021, Defendants filed an Opposition to Plaintiffs' Motion for Class Certification together with certain supporting exhibits filed in redacted form or under seal (the "Opposition").  (Dkt. Nos. 650, 654.)  Defendants informed Goldman Sachs on July 27, 2021 that certain of the materials filed in redacted form or under seal contained potentially sensitive information relating to Goldman Sachs and its clients.

        Of these materials, Goldman Sachs seeks narrow redaction of one document previously filed by Defendants filed under seal as Exhibit 8 to their Opposition.  Goldman Sachs requests this redaction in order to protect the identity of a nonparty client of Goldman Sachs, which information Goldman Sachs customarily treats as confidential. Other than the name of its nonparty client, Goldman Sachs does not seek to redact or maintain under seal any other information that Defendants have identified from its filings.

        In balancing the presumption of public access to judicial documents against privacy interests resisting disclosure, courts weigh the relevance of the information to the adjudication at issue.  *See, e.g., Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119-21 (2d Cir. 2006).  "The privacy interests of innocent third parties . . .

The Honorable Jesse M. Furman                                                                                          -2-

should weigh heavily in a court's balancing equation." *United States* v. *Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). Good cause exists here to permit redaction of Goldman Sachs's client's identity because neither Goldman Sachs nor its client are parties to this action and the identity of Goldman Sachs's client is not relevant to the adjudication of the pending class certification motion, to the best of Goldman Sachs's knowledge. *See Royal Park Invs. SA/NV* v. *Deutsche Bank Nat'l Tr. Co.*, 2018 WL 1750595, at *21 (S.D.N.Y. Apr. 11, 2018 (holding at class certification stage that "non parties' confidential information . . . is sufficiently sensitive to merit protection").

        For the foregoing reasons, Goldman Sachs respectfully requests that the Court permit the proposed narrow redaction of Defendants' Opposition Exhibit 8 to protect the identity of its nonparty client.

        Sincerely,

        /s/ *Stephen Ehrenberg*

        Stephen Ehrenberg

cc:    All counsel of record (via ECF)

The motion to seal is GRANTED temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. The Clerk of Court is directed to terminate ECF No. 683.

SO ORDERED.

August 6, 2021