

Chicago
New York
Washington, DC
London
San Francisco
Los Angeles
Singapore
Dallas
vedderprice.com

August 6, 2021

Wayne M. Aaron
Shareholder
+1 (212) 407 7640
waaron@vedderprice.com

**VIA ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

Re:  City of Providence, Rhode Island, et al., v. Bats Global Markets, Inc., et al.
   No. 1:14-CV-2811(JMF)
   Request to Seal Documents

Dear Judge Furman:

We represent non-party Liquidnet, Inc. ("Liquidnet"), in the above-referenced matter.  On July 27, 2021, The Nasdaq Stock Market L.L.C. ("Nasdaq") advised Liquidnet that it had filed under seal on July 26, 2021 a declaration, marked as Nasdaq-LIQUIDNET-00000313 to 315, attached as Exhibit 11 to Defendants' Joint Opposition to Plaintiffs' Motion for Class Certification (the "Data Declaration").  The Data Declaration provides information regarding certain trading data Liquidnet produced pursuant to a non-party subpoena in this matter.  We write pursuant to Rule 7.C.i. of Your Honor's Individual Rules and Practices in Civil Cases to request and explain the need to redact two of the twelve paragraphs of the Data Declaration, paragraphs 10 and 11.  Liquidnet does not seek to keep under seal or redact other information that Nasdaq has identified as quoted or referenced in its filing.

Counsel for Nasdaq has confirmed that while the entire Data Declaration was filed under seal, neither Nasdaq in any of its opposition papers nor its expert, Professor Terrence Hendershott, in his expert report, reference or quote from paragraphs 10 or 11, the specific Data Declaration paragraphs that Liquidnet seeks to protect.  Accordingly, those two paragraphs are not relevant to Nasdaq's motion or this case and they do not affect the Court's adjudication of the class certification motion.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-21 (2d Cir. 2006) (highlighting that the weight of the presumption of public access to judicial documents declines as information is less relevant to adjudication).  *See also Mark v. Gawker Media LLC*, No. 13-CV-4347(AJN), 2015 WL 7288641 (S.D.N.Y Nov. 16, 2015) (permitting redaction of information, following *Lugosch*, 435 F.3d at 119-121).

Further, the two paragraphs describe confidential information regarding how certain orders are handled within Liquidnet's systems and how the handling of those orders are recorded on Liquidnet's systems, information that Liquidnet does not make publicly available.  This technical information is the type of information courts have protected from public disclosure, particularly when provided by non-parties.  *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Trust Co.*, No. 14-CV-4394 (AJN), 2018 WL 1750595, at *21 (S.D.N.Y. Apr. 11, 2018) (permitting non-parties' confidential information sufficiently sensitive to merit protection).  Liquidnet's role as a non-party, particularly with respect to information not relevant to the litigation, favors protecting its privacy interests and redacting the information.  *U.S. v. Amodeo*,

1633 Broadway, 31st Floor  |  New York, New York 10019  |  T +1 212 407 7700  |  F +1 212 407 7799

Vedder Price P.C. is affiliated with Vedder Price LLP, which operates in England and Wales, Vedder Price (CA), LLP, which operates in California, and Vedder Price Pte. Ltd., which operates in Singapore.

The Honorable Jesse M. Furman
August 6, 2021
Page 2

71 F.3d 1044, 1050 (2d Cir. 1995) (privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.) (citations omitted).

For the reasons indicated, Liquidnet respectfully requests paragraphs 10 and 11 of the Data Declaration be redacted.

Respectfully submitted,

/s/  Wayne M. Aaron

Wayne M. Aaron
Shareholder


cc:  All counsel of record via ECF