# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036
Tel: +1 212 556 2100
www.kslaw.com

Peter Isajiw
Partner
Direct Dial: +1 212 556 2235
pisajiw@kslaw.com

*The motion to seal is GRANTED temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. The Clerk of Court is directed to terminate ECF No. 695.*

*SO ORDERED.*

*August 9, 2021*

August 6, 2021

**Via ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:** *City of Providence, et al. v. BATS Global Markets, et al.*, No. 14-cv-2811 (JMF)

Dear Judge Furman:

We write on behalf of non-party Deutsche Bank Securities, Inc. ("DBSI") regarding recent filings by Defendants The NASDAQ Stock Market LLC and NASDAQ BX, Inc. ("Defendants") in the above-captioned action. Pursuant to Section 6 of the Court's Electronic Case Filing Rules & Instructions and Your Honor's Individual Rules of Practice, we respectfully seek leave to maintain under seal certain confidential information contained in an exhibit filed by Defendants in connection with Defendants' July 26, 2021 Opposition to Plaintiffs' Motion for Class Certification ("Exhibit 27") and the corresponding references to this confidential information included in Defendants' Expert Report of Professor Terrence Hendershott (the "Expert Report"). *See* Dkt. No. 637 (temporarily granting request to seal).

In evaluating whether information should remain under seal, a court must balance the presumption of public access to judicial documents against competing factors, such as the privacy interests of those resisting disclosure. *See, e.g., Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Courts have recognized that privacy interests in "sources of business information that might harm [an entity's] competitive standing" weigh against a presumption of public access. *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 154–55 (S.D.N.Y. 2015). Accordingly, documents containing "trading strategies [and] objectives" as well as "information regarding proprietary modeling assumptions" warrant protection from disclosure. *See id.* at 156. Further, "the privacy interests of innocent third-parties should weigh heavily in a court's balancing equation." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir.1995) (internal citation and quotation omitted). *See also Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14-CV-4394, 2018 WL 1750595, at *21 (S.D.N.Y. Apr. 11, 2018) (holding that information disclosing "non-parties' confidential information . . . [was] sufficiently sensitive to merit protection" at the class certification stage).

The Honorable Jesse M. Furman
August 6, 2021
Page 2

      Non-party DBSI proposes to redact certain commercially sensitive information contained in Exhibit 27 to Defendants' Opposition to Plaintiffs' Motion for Class Certification. *See* Dkt. Nos. 644-27 and 656-20 (Exhibit 27, Nasdaq-ARONSON-00006872). Exhibit 27 includes proprietary and confidential trading information that DBSI provided to its client, AJO International Trading Ltd. ("AJO"), in response to its client's trading questionnaire. Exhibit 27 was produced by non-party AJO pursuant to a subpoena under a "Highly Confidential" designation without DBSI's prior knowledge. Exhibit 27 contains information that divulges confidential details of DBSI's proprietary trading methodologies. This includes (i) a description of the functions of certain trading algorithms, (ii) details on its ranking strategies, and (iii) non-public information on proprietary trading models, such as the Anti-Adverse Selection Model. This information was not widely disseminated or otherwise made available publicly. Broad disclosure of the information will harm DBSI's competitive standing.

      We understand that quotations of the same commercially sensitive information in Exhibit 27 are included in paragraph 215 and in exhibit 11 to the Expert Report. *See* Dkt. Nos. 644-1, 656-1, 680 (Exhibit 1, Expert Report of Prof. Terrence Hendershott and exhibits). Accordingly, DSBI also proposes to redact the portions of the Expert Report that quote the proprietary and confidential trading information in Exhibit 27.

      For the foregoing reasons, we respectfully request that the Court order that Exhibit 27 and the Expert Report remain under seal and be redacted in any public filings. The proposed redactions, which we have filed separately in a highlighted copy of Exhibit 27, are narrowly tailored and limited to the competitively sensitive information described herein.

Dated: New York, New York
        August 6, 2021

Respectfully submitted,

**KING & SPALDING LLP**

By: /s/ Peter Isajiw
     Peter Isajiw

1185 Avenue of the Americas
New York, NY 10036-4003
Telephone: (212) 556-2100
Email: pisajiw@kslaw.com

*Attorneys for non-party Deutsche Bank Securities, Inc.*

Cc:  All Counsel (via ECF)