# SHEARMAN & STERLING LLP

599 Lexington Avenue
New York, NY 10022-6069
+1.212.848.4000

daniel.lewis@shearman.com
212.848.8691

> The motion to seal is GRANTED temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. The Clerk of Court is directed to terminate ECF No. 701.
>
> SO ORDERED.
>
> *[signature]*
>
> August 9, 2021

<u>Via ECF</u>

August 6, 2021

The Hon. Jesse Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

RE:  *City of Providence, Rhode Island et al. v. BATS Global Markets, Inc., et al.*, No. 14-cv-2811 (JMF) (S.D.N.Y.)

Dear Judge Furman:

We represent non-party Citigroup Global Markets Inc. ("CGMI") in connection with a Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action dated January 10, 2020 (the "Subpoena") issued by defendants The Nasdaq Stock Market LLC and Nasdaq OMX BX, Inc. (together, "Nasdaq") in the above-captioned action. On July 27, 2021, Nasdaq notified undersigned counsel that, as part of Defendants' Opposition to Plaintiffs' Motion for Class Certification (Dkt. No. 650), Nasdaq filed, under seal, certain documents and information that CGMI produced in response to the Subpoena and that were designated "Confidential" under the Stipulated Protective Order (Dkt. No. 402). Pursuant to Rule 7.C of Your Honor's Individual Rules and Practices in Civil Cases, and in accordance with the Court's order granting certain non-parties including CGMI an extension of time to respond (Dkt. No. 675), non-party CGMI respectfully requests that certain portions of Exhibit 17 to the Declaration of Elisha Barron (Dkt. No. 644, and Exhibit 17, the "CGMI Responses") containing confidential and proprietary information pertaining to CGMI, be redacted and that all references to those in publicly filed submissions also be redacted.[1] The proposed redactions, which are narrowly tailored to protect CGMI's privacy interests, are enclosed with this letter.

The CGMI Responses were designated Confidential under the Protective Order and contain confidential and proprietary internal information concerning: (i) trades executed with CGMI by third parties who are not parties to this action; (ii) descriptions of CGMI's internal order and

---

[1] Nasdaq informed the undersigned regarding another document produced by CGMI that was filed under seal. *See* Exhibit 28 to the Declaration of Elisha Barron (Dkt. No. 644), document bearing production Bates Nasdaq-CITIGROUP-00000128. CGMI does not request that this document remain under seal.

SHEARMAN.COM

Shearman & Sterling LLP is a limited liability partnership organized in the United States under the laws of the state of Delaware, which laws limit the personal liability of partners.

August 6, 2021

execution systems including how they are maintained and queried; (iii) the specific processes undertaken by CGMI to respond to the Subpoena; and (iv) additional information regarding estimated time and resources involved in gathering certain order and trading information.  *See* CGMI Responses, at 3–5.

In evaluating whether information should remain under seal, a court must balance the presumption of public access to judicial documents against competing factors, such as the privacy interests of those resisting disclosure.  *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).  This balancing test weighs heavily in favor of granting protection over the information requested by CGMI.

There are significant privacy interests in the confidential proprietary systems information for which CGMI seeks redactions here, and courts have held that such information warrants protection from public disclosure, even when they are produced by parties to the action.  *See, e.g., T-Jat Sys. 2006 Ltd. v. Amdocs Software Sys. Ltd.*, No. 13-CV-5356 JMF, 2015 WL 394075, at *6 (S.D.N.Y. Jan. 29, 2015) (Furman, J.) (permitting proposed redactions of information related to a party's systems and other technical information); *Dodona I, LLC v. Goldman, Sachs & Co.,* 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (permitting proposed redactions of third parties' "customers, as well as information concerning their trading strategies, objectives and transactions").

Moreover, when the information pertains to non-parties to the action, courts have recognized that "[t]he privacy interests of innocent third parties . . . weigh heavily in a court's balancing equation."  *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (citations omitted); *see also Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14-CV-4394 (AJN), 2018 WL 1750595, at *21 (S.D.N.Y. Apr. 11, 2018) (holding "confidential information . . . involving non-parties is sufficiently sensitive to merit protection" at the class certification stage).

By contrast, the public interest in having access to information regarding a non-party's internal systems is minimal, the details of which have no bearing on the claims or defenses in this action. These countervailing factors thus outweigh the public interest in disclosure.  *See generally Lugosch*, 453 F.3d at 119–20 (the right of public access to judicial documents is not absolute and "the court must balance competing considerations against it").

For these reasons, CGMI respectfully requests that the confidential proprietary information contained in the CGMI Responses be redacted as proposed in the enclosed document, and that all references to those paragraphs in publicly filed papers be redacted.

Respectfully submitted,

   /s/ *Daniel Lewis*

*Attorney for non-party Citigroup Global Markets Inc.*

August 6, 2021

Enclosure

cc:	All Counsel of Record (via ECF)