# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

August 6, 2021

<u>Via CM/ECF</u>

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

      Re:   *City of Providence*, et al. v. *Bats Global Markets, Inc.*, et al.,
            No. 1:14-cv-02811-JMF (S.D.N.Y.)

Dear Judge Furman:

      I write on behalf of non-party Barclays Capital Inc. ("Barclays"), which produced documents in response to a subpoena served on Barclays by The NASDAQ Stock Market LLC and NASDAQ OMX BX, Inc. in the above-referenced action. Pursuant to Rule 7(C)(i) of Your Honor's Individual Rules and Practices in Civil Cases ("Individual Practices"), Barclays respectfully requests that the Court continue to seal certain materials filed in connection with Defendants' Joint Opposition to Plaintiffs' Motion for Class Certification (the "Joint Opposition") for the reasons outlined in this letter. In particular, Barclays requests the permanent sealing of: (1) the Data Declaration of Barclays Capital Inc., filed as Exhibit 14 to the Declaration of Elisha Barron (ECF Nos. 644-14, 656-10); and (2) details concerning a Barclays' execution on the NASDAQ Stock Market contained in paragraph 179 on pages 109–110 of the Corrected Expert Report of Professor Terrence Hendershott, filed as Exhibit 1 to the Barron Declaration (ECF Nos. 679-1, 680-1; *see also* ECF Nos. 644-1, 656-1) (collectively, the "Confidential Materials"). The Confidential Materials are either contained in or reflect documents and materials that were designated as "Confidential" pursuant to the Court's February 10, 2020 protective order ("Protective Order"). (ECF No. 402.)

      As an initial matter, Barclays believes that the Confidential Materials should remain sealed because they fall within one of the categories of documents that Rule 7(A) of the Court's Individual Practices provide "may be redacted from public court filings without prior permission from the Court"—*i.e.*, "proprietary or trade secret information." The Confidential Materials reflect proprietary information regarding Barclays' trade execution and related data systems that are at the core of its business, including information regarding Barclays' internal systems for storing and handling trade execution and allocation data. Similarly, the information in Professor

The Honorable Jesse M. Furman                                                                -2-

Hendershott's Expert Report regarding Barclays trading at NASDAQ reflects Barclays' proprietary trading strategies.  But even if these were not so, the appropriateness of sealing such proprietary information is well-established.  *See SEC* v. *Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) ("The demonstration of a valid need to protect the confidentiality of proprietary business information, such as internal analyses, business strategies, or customer negotiations, may be a legitimate basis to rebut the public's presumption of access to judicial documents."); *Ramirez* v. *Temin & Co., Inc.*, 2020 WL 6781222, at *3 (S.D.N.Y. Nov. 18, 2020) ("[C]ourts in this Circuit have determined that the presumption of access may be outweighed when there are considerations of the need to conceal confidential business information that could harm a defendant's competitive position or reveal a trade secret."); *Dadona I, LLC* v. *Goldman Sachs & Co.*, 119 F. Supp. 3d 152, 156–57 (S.D.N.Y. 2015) (sealing "trading strategies, objectives and transactions" of third parties' customers).

The interest in protecting the confidentiality of proprietary information is particularly strong in the case of non-parties.  *See Telegram Grp.*, 2020 WL 3264264, at *3 ("[P]rotecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents."); *United States* v. *Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (explaining that "[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation" (citation omitted)).

Barclays' request is "narrowly tailored" to protect Barclays' proprietary business information.  *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).  On July 27, counsel for Defendants informed us that materials filed in connection with the Joint Opposition included several exhibits and pieces of information that Barclays or other non-parties designated as Confidential pursuant to the Protective Order.  Mindful of the presumption in favor of public access, Barclays requests to seal only those materials that are necessary to protect its commercial interests and proprietary information.

Consistent with the Court's indication that it "will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion" (ECF No. 637 at 2), to the extent the Court does not rely on the Confidential Materials—which are a minute fraction of the materials submitted in connection with the Joint Opposition—the factors discussed in this letter will weigh further in favor of sealing the Confidential Materials.  *See Beach* v. *JPMorgan Chase Bank, N.A.*, 2019 WL 2428631, at *10 (S.D.N.Y. June 11, 2019) (Furman, J.) (granting sealing request when "the Court [did not] need to address the arguments, or rely on the documents offered in support of them, in resolving the class certification motion"); *In re Accent Delight Int'l Ltd.*, 2018 WL 2849724, at *6 (S.D.N.Y. June 11, 2018) (Furman, J.) ("[I]n reaching its decisions above the Court did not need to reference or otherwise rely on the sealed exhibits . . . .  At best, therefore, the weight of any presumption is limited.").

The Honorable Jesse M. Furman -3-

          Sincerely,

          */s/ Jeffrey T. Scott*

          Jeffrey T. Scott

The motion to seal is GRANTED temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. The Clerk of Court is directed to terminate ECF No. 702.

        SO ORDERED.

        August 9, 2021