# CAHILL GORDON & REINDEL LLP
## 32 OLD SLIP
## NEW YORK, NY 10005

HELENE R. BANKS
ANIRUDH BANSAL
DAVID L. BARASH
LANDIS C. BEST
BRADLEY J. BONDI
BROCKTON B. BOSSON
JONATHAN BROWNSON *
JOYDEEP CHOUDHURI *
JAMES J. CLARK
CHRISTOPHER W. CLEMENT
LISA COLLIER
AYANO K. CREED
PRUE CRIDDLE ±
SEAN M. DAVIS
STUART G. DOWNING
ADAM M. DWORKIN
ANASTASIA EFIMOVA
JENNIFER B. EZRING
HELENA S. FRANCESCHI
JOAN MURTAGH FRANKEL
JONATHAN J. FRANKEL

ARIEL GOLDMAN
PATRICK GORDON
JASON M. HALL
STEPHEN HARPER
WILLIAM M. HARTNETT
NOLA B. HELLER
CRAIG M. HOROWITZ
DOUGLAS S. HOROWITZ
TIMOTHY B. HOWELL
DAVID G. JANUSZEWSKI
ELAI KATZ
JAKE KEAVENY
BRIAN S. KELLEHER
RICHARD KELLY
CHÉRIE R. KISER ‡
JOEL KURTZBERG
TED B. LACEY
MARC R. LASHBROOK
ALIZA R. LEVINE
JOEL H. LEVITIN
GEOFFREY E. LIEBMANN

TELEPHONE: (212) 701-3000
WWW.CAHILL.COM

1990 K STREET, N.W.
WASHINGTON, DC 20006-1181
(202) 862-8900

CAHILL GORDON & REINDEL (UK) LLP
24 MONUMENT STREET
LONDON EC3R 8AJ
+44 (0) 20 7920 9800

WRITER'S DIRECT NUMBER

BRIAN T. MARKLEY
MEGHAN N. McDERMOTT
WILLIAM J. MILLER
NOAH B. NEWITZ
WARREN NEWTON §
DAVID R. OWEN
JOHN PAPACHRISTOS
LUIS R. PENALVER
KIMBERLY PETILLO-DÉCOSSARD
SHEILA C. RAMESH
MICHAEL W. REDDY
OLEG REZZY
THORN ROSENTHAL
TAMMY L. ROY
JONATHAN A. SCHAFFZIN
DARREN SILVER
JOSIAH M. SLOTNICK
RICHARD A. STIEGLITZ JR.
ROSS E. STURMAN
SUSANNA M. SUH
ANTHONY K. TAMA

JONATHAN D. THIER
SEAN P. TONOLLI
JOHN A. TRIPODORO
GLENN J. WALDRIP, JR.
HERBERT S. WASHER
MICHAEL B. WEISS
DAVID WISHENGRAD
C. ANTHONY WOLFE
COREY WRIGHT
ELIZABETH M. YAHL
JOSHUA M. ZELIG

* ADMITTED AS A SOLICITOR IN
ENGLAND AND WALES ONLY
± ADMITTED AS A SOLICITOR IN
WESTERN AUSTRALIA ONLY
‡ ADMITTED IN DC ONLY
§ ADMITTED AS AN ATTORNEY
IN THE REPUBLIC OF SOUTH AFRICA
ONLY

(212) 701-3732

August 6, 2021

**The motion to seal is GRANTED temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. The Clerk of Court is directed to terminate ECF No. 687.**

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

**SO ORDERED.**

August 9, 2021

Re:     *City of Providence, Rhode Island et al. v. BATS Global Markets, Inc. et al.,* No. 14-cv-2811 (JMF) (S.D.N.Y.)

Dear Judge Furman:

We represent and write on behalf of non-party Credit Suisse Securities (USA) LLC ("CSSU") in the above-referenced litigation. On July 27, 2021, Defendants The Nasdaq Stock Market LLC and Nasdaq OMX BX, Inc. notified undersigned counsel that in connection with Defendants' opposition to Plaintiffs' class certification motion in the above-referenced matter, a Declaration and transactional data produced pursuant to a Stipulated Protective Order (Dkt. No. 402) by CSSU (hereafter, the "Proprietary Material") will be referenced in Defendants' briefing and/or associated expert report. Additionally, Defendants have notified CSSU that the Declaration has been filed under seal as Exhibit 7 to Defendants' opposition to Plaintiffs' class certification motion. Consistent with Your Honor's Individual Rule 7.C "Procedures for Filing Sealed or Redacted Documents," CSSU requests that the Declaration remain under seal, and that references to the Proprietary Material in publicly filed submissions be redacted.[1]

---

[1] CSSU has not been provided with a copy of Defendants' brief or expert report. Defendants instead have provided CSSU with limited indication of how information from CSSU's productions will be incorporated into Defendants' filings. Accordingly, we cannot file with this letter motion the brief and

CAHILL GORDON & REINDEL LLP

-2-

The Proprietary Materials constitute proprietary and trade secret information[2] in that they discuss or reveal, in significant detail, the systems that non-party CSSU uses to intake, store, organize, and analyze transactions and transactional data, both during the relevant period of the litigation and today. The Declaration contains information revealing the capabilities and limitations of these systems, and also details the results of running specific queries in these systems. The transactional data has been produced in a format that reveals the organizational structure of the proprietary systems used to maintain it, and details dozens of data fields CSSU collects commercially sensitive information on for each transaction.

Under *Lugosch v. Pyramid Co. of Onondaga*, the presumption of access to judicial documents must be balanced against the "privacy interests of those resisting disclosure." 435 F.3d 110, 120 (2d Cir. 2006). Consistent with *Lugosch* and its progeny, the proposed sealing is narrowly tailored to serve the compelling interest of non-party CSSU's interest in protecting its proprietary and most commercially sensitive information, as outlined above. In this analysis, the privacy interests of "innocent third parties . . . should weigh heavily in a court's balancing equation." *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001). This Court has held that confidential business information is a privacy interest worthy of protection. *See, e.g.*, *Hanks v. Voya Retirement Ins. & Annuity Co.*, 2021 WL 2451981 (S.D.N.Y. 2021); *Waiv Solutions Inc. v. HTC Corp.*, 2021 WL 871415 (S.D.N.Y. 2021). Given that, to the best of CSSU's knowledge, the information contained in the Declaration and transactional data is not directly related to the claims and defenses of the Parties, this interest is balanced against the presumption of public access to judicial records.

CSSU notes that it does not request an across-the-board sealing or redaction of the materials it has produced in connection with the above-referenced litigation and relied on in Defendants' brief and expert reports, some of which describe the proprietary systems in question at a high-level. Instead, CSSU specifically requests the sealing and redaction of the Proprietary Material, which discusses the proprietary systems with sufficient detail that public disclosure would significantly harm CSSU's commercial interests.

---

expert reports indicating where CSSU would require redactions of references to the Proprietary Material. From Defendants' present representations, we understand that references to the Proprietary Material would necessitate approximately five redactions to Defendants' filings. CSSU asks the Court to permit Defendants to apply these redactions on CSSU's behalf.

[2] Rule 7.A of Your Honor's Individual Rules lists "proprietary . . . information" among categories of information that do not require prior Court approval for redactions. Although the Proprietary Material may be considered proprietary information under Rule 7.A, CSSU submits this request for avoidance of doubt.

CAHILL GORDON & REINDEL LLP

-3-

Respectfully Submitted,

/s/ Britney R. Foerter
Britney R. Foerter
James D. Miller
Cahill Gordon & Reindel LLP
32 Old Slip
New York, New York 10005
Telephone: (212) 701-3732
bfoerter@cahill.com
jdmiller@cahill.com

cc:      All counsel of record (via ECF)