```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
CITY OF PROVIDENCE, RHODE ISLAND, et al.,                          :
                                                                   :
                                      Plaintiffs,                  :
                                                                   :     14-CV-2811 (JMF)
                -v-                                                :
                                                                   :          ORDER
BATS GLOBAL MARKETS, INC., et al.,                                 :
                                                                   :
                                      Defendants.                  :
                                                                   :
-------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

      Counsel for all parties shall appear on **March 11, 2022,** at **10:00 a.m.**, for oral argument on Defendants' motion for summary judgment for lack of Article III standing, *see* ECF No. 607, and Defendants' motion to exclude the opinions and testimony of David Lauer, *see* ECF No. 651. No later than **February 22, 2022**, the parties shall confer and submit a joint letter indicating their views on whether argument should be held in person, by telephone, or by videoconference. (If the argument is held via videoconference, the parties would be responsible for choosing an appropriate videoconference platform and making the necessary arrangements.)

      At oral argument, counsel should be prepared to address the following questions regarding Defendants' motion to exclude the opinions and testimony of David Lauer:

1. Whether the methodology used by Lauer in his First and Supplemental Reports, *see* ECF Nos. 619-1, 660-1, and specifically his classification of high-frequency trading ("HFT") firms and non-HFT firms, is sufficiently tied to use of the at-issue products and services (i.e., proprietary data feeds, co-location, and complex order types) to support his opinions about the harm purportedly caused by those products, and, if not, how that affects the reliability of his methodology (if at all);

2. How Lauer's use of market participant identifiers ("MPIDs") of the executing broker in his analyses in his First and Supplemental Reports affects the reliability of his methodology (if at all);

3. How Lauer's use of trades that were purportedly part of larger "parent" orders in his analyses in his First and Supplemental Reports affects the reliability of his methodology (if at all);

4. How Lauer's decision not to control for (or disentangle the effects of) factors other than use of the at-issue products in his analyses in his First and Supplemental Reports affects

the reliability of his methodology (if at all).

Likewise, counsel should be prepared to address the following questions regarding Defendants' motion for summary judgment for lack of Article III standing:

5. What bearing (if any) should the fact that Defendants Nasdaq Stock Market, LLC, and Nasdaq BX, Inc. decided not to move for summary judgment on standing grounds have on the Court's analysis;

6. Whether or to what extent Plaintiffs' arguments in support of standing rise and fall on the admissibility of the Supplemental Lauer Report;

7. Relatedly, whether each Plaintiff must show at least one trade on each Defendant Exchange in which they were harmed due to the at-issue products in order to demonstrate an injury-in-fact;

8. Whether summary judgment on standing is appropriate as to Plaintiff State-Boston Retirement System ("Boston") regardless of whether the Supplemental Lauer Report is admissible because the Report did not analyze trades made on behalf of Boston, *see* ECF No. 660-1 ("Supp. Lauer Report"), at 4-5; *see also* ECF No. 638, at 15 n.4;

9. Whether summary judgement on standing as to Plaintiffs' claims against Defendants Chicago Stock Exchange, Inc., Nasdaq Stock Market, LLC, Nasdaq BX, Inc., and New York Stock Exchange, LLC, is appropriate regardless of whether the Supplemental Lauer Report is admissible because the Supplemental Lauer Report did not analyze trades made on those exchanges, *see* Supp. Lauer Report 4-5; *see also* ECF No. 724, at 3 n.4.

The Court will advise the parties if there are additional motions, topics, or questions that they should be prepared to address as part of oral argument.

Ideally, each side should designate a single lawyer to handle oral argument on each issue (i.e., one lawyer to address the motion to preclude and either the same lawyer, or another lawyer, to address standing) — although the Court will give individual parties an opportunity to be heard if there are any party-specific arguments or issues. The Court anticipates issuing another order prior to oral argument addressing the procedures for oral argument.

SO ORDERED.

Dated: February 14, 2022
New York, New York

JESSE M. FURMAN
United States District Judge