**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

April 11, 2022

**VIA ECF AND EMAIL**
**(FURMAN_NYSDCHAMBERS@NYSD.USCOURTS.GOV)**

Honorable Jesse M. Furman
United States District Court Judge
Southern District of New York
40 Foley Square, Room 1105
New York, NY 10007

Re:   **City of Providence, Rhode Island v. Bats Global Markets, Inc. et al.**
      **Civ. Action No. 1:14-CV-2811-JMF**

Dear Judge Furman:

On behalf of Cowen Execution Services, LLC, Cowen and Company, LLC and their affiliates (collectively "Cowen"), non-party, broker-dealer subpoena recipients in the above-captioned matter, we write pursuant to Rule 7 of Your Honors' Individual Rules and Practices and in response to this Court's March 28, 2022 Order. (ECF No. 832). As this Court is aware, on August 6, 2021, we sought leave to maintain under seal certain confidential information of non-party Cowen filed by Defendants as part of Defendants' July 26, 2021 Opposition to Plaintiffs' Motion for Class Certification. (ECF No. 682). This Court granted the motion to seal temporarily, reserving the right to assess whether to keep the materials at issue under seal or redacted at a later time. (ECF No. 690.) For the reasons outlined below, we renew our request to maintain these documents under seal.

### Applicable Standard

In evaluating whether a document should remain under seal, a court balances the presumption of public access to judicial documents against the privacy interests of those resisting disclosure. *See, e.g., Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); *Grand v. Schwarz*, No. 15-CV-8779 (KMW), 2018 U.S. Dist. LEXIS 52540, at *5 (S.D.N.Y. Mar. 28, 2018). The weight afforded to the presumption of access is governed by the "role of the material at issue" and the "resultant value

of such information to those monitoring the federal courts." *Id*. at 119.  "The right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).  Courts may refuse public access to judicial filings that contain "sources of business information that might harm a litigant's competitive standing." *Id*. at 598.  Further, courts have recognized that the privacy interests of non-parties should be afforded even more protection. *See, e.g.*, *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (citations omitted).

### **Proposed Redactions**

Cowen renews its request to maintain the below excerpt, which appears in Defendants' Opposition to Plaintiffs' Motion for Class Certification, under redaction.  As previously explained, the information cited in the excerpt includes proprietary, privileged, and confidential business information that Cowen provided to its client, Wells Capital Management, in response to its client's due diligence request under a confidentiality obligation by Wells Capital Management.  Specifically, the information divulges confidential and proprietary details concerning Cowen's Anti-Gaming technology and its use by Cowen.  This information was not widely disseminated or otherwise made available publicly, and is more detailed than the information appearing in Cowen's marketing materials concerning this technology.  The document from which the information is excerpted was produced by Wells Capital Management pursuant to a subpoena under a "Confidential" designation and was filed in connection with Plaintiffs' Motion for Class Certification, which has since been denied as moot.  (ECF No. 832.)

Cowen regards its communications in response to the due diligence request as competitively sensitive information.  *See, e.g.*, *Alexander Interactive, Inc. v. Adorama, Inc*., No. 12-cv-6608, 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014) (sealing party's "confidential information about its relationship with its dealer-customer"); *Travelers Indem. Co. v. Excalibur Reins. Corp.*, No. 11-cv-1209, 2013 WL 4012772, at *5 (D. Conn. Aug. 5, 2013) (allowing redaction of "specific portions of documents revealing sensitive business information," including "confidential proprietary information, documents and client data").  Further, the exact information contained in the questionnaire and at issue here is the kind of "trading strategies [and] objectives" as well as "information regarding proprietary modeling assumptions" that are routinely sealed.  *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015).  Disclosing this information to one client pursuant to a request for information does not materially affect the confidential and proprietary nature of this information.

There are no legitimate factors that weigh against Cowen's proprietary interest in such competitively sensitive information.  As this Court is aware, the Motion for Class Certification was denied and, therefore, all information submitted in connection therewith was ultimately unrelated to the Court's disposition of this case.

For the reasons stated above, Cowen respectfully requests that the excerpt remain under seal.

Respectfully,

*Shaimaa Hussein*

Shaimaa M. Hussein

cc: All counsel of record (via ECF)

Cowen shall coordinate with Defendants to file a version of the relevant document with proposed redactions no later than **April 28, 2022.** Defendants and Cowen must consult and comply with Section 7 of the Court's Individual Rules, which requires, among other things, that any party seeking leave to maintain a document in redacted form must simultaneously publicly file on ECF a copy of the document with proposed redactions and also file under seal on ECF (with the appropriate level of restriction) an unredacted copy of the document with the proposed redactions highlighted.

SO ORDERED.

April 25, 2022