# CARLET, GARRISON, KLEIN & ZARETSKY, L.L.P.
**ATTORNEYS AT LAW**

1135 Clifton Avenue, Suite 104
Clifton, New Jersey 07013
(973) 777-6200
FAX: (973) 777-0412

Frank A. Carlet*
Norman I. Klein**
Michael J. Zaretsky**

*    NJ & DC BAR
**   NJ & NY BAR
***  NJ, NY & DC BAR

Of Counsel
Laurence C. Stern***

New York Office
Chrysler East Building
666 Third Avenue, 10th Floor
New York, New York 10017

April 18, 2022

VIA ECF
The Honorable Jesse M. Furman
U.S. District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

**Re: *City of Providence, Rhode Island v. Bats Global Markets, Inc.;* Case No. 1:14-cv-02811-JMF**

Dear Judge Furman:

The undersigned represents non-party, Columbia Management Investment Advisors, LLC ("CMIA"), which produced documents in response to a subpoena duces tecum (the "Subpoena") served upon CMIA by the attorneys for The NASDAQ Stock Market LLC and NASDAQ OMX BX, Inc. ("NASDAQ"). We understand that a number of documents produced by CMIA in response to the Subpoena were designated by CMIA as "Confidential" pursuant to the Stipulated Protective Order filed on February 10, 2020 (ECF No. 402).

On July 27, 2021, CMIA received an email from the attorneys for NASDAQ notifying it that on July 26, 2021, they had filed documents under seal that included information contained in the "Confidential" documents produced by CMIA. That email did not attach the specific documents filed, but it did provide excerpts from what CMIA was advised was an expert report of Professor Terrence Hendershott that refers and cites to designated confidential information contained in documents produced by CMIA. Since the unredacted report was filed under seal, we are unable to access the report on the ECF system and, therefore, cannot be certain of the ECF document number of the report, but we believe it may be ECF No. 644-1 or ECF No. 681-2.

By our letter of July 30, 2021 (ECF No. 677), we asked that CMIA's confidential information be maintained under seal. We, now, submit this letter-motion pursuant to Your Honor's Order of April 12, 2022 (ECF No. 856) and the text order of the same date (ECF No. 858) to request that references to CMIA's confidential information remain under seal.

CMIA provides investment advice and portfolio management to its clients. The documents produced by CMIA in response to the Subpoena contained both private information regarding an investment of a client of CMIA as well as CMIA's proprietary and trade secret information regarding its methods and procedures relating to, among other things, processing client trades. The client information was entrusted to CMIA with the express

**CARLET, GARRISON, KLEIN & ZARETSKY, L.L.P.**

Honorable Jesse M. Furman
April 18, 2022
Page Two

agreement that it will be maintained confidential by CMIA, and the proprietary information is protected by CMIA from disclosure because of its value to CMIA's competitors.

We acknowledge the common law right of public access to "judicial documents" filed with the Court. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). CMIA, as a non-party, is not familiar with the issues presented by the filing to which the sealed documents purportedly relate, but we have reviewed the Court's Opinion and Order ("Opinion") of March 28, 2022 (ECF No. 832) and we do not see any references in the Opinion to the portions of Professor Hendershott's report that NASDAQ's attorneys advised us contained references to CMIA's confidential information. Accordingly, we assume that such material was not relevant to the Court's decision and is not, therefore, of interest to the public.

We, respectfully, submit that the fact that private information of a client, as well as proprietary methods and practices of CMIA, an "innocent third-party", appear to be included in the confidential material warrants the continued sealing of the documents. Specifically, we believe that these "countervailing" factors outweigh the public's need to have access to such information. *Id.*, at 124. *See, also, U.S. v. Amodeo,* 71 F.3d 1044, 1050-51 (1995) (Protecting privacy interests of an innocent third-party are "a venerable exception to the presumption of public access").

For the foregoing reasons, we respectfully request that the Court order that the subject materials be kept under seal.

Thank you for your consideration of this letter.

           Respectfully submitted,

           /s/ *Michael J. Zaretsky*
           Michael J. Zaretsky

MJZ/dn

cc: All Counsel of record (Via ECF)

> CMIA shall coordinate with Defendants to file versions of the relevant document(s) with proposed redactions no later than **April 28, 2022.** Defendants and CMIA must consult and comply with Section 7 of the Court's Individual Rules, which requires, among other things, that any party seeking leave to maintain a document in redacted form must simultaneously publicly file on ECF a copy of the document with proposed redactions and also file under seal on ECF (with the appropriate level of restriction) an unredacted copy of the document with the proposed redactions highlighted.
>
> SO ORDERED.
>
> /s/ Jesse M. Furman
> April 25, 2022