UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
:
CITY OF PROVIDENCE, RHODE ISLAND, et al.,   :
:
                    Plaintiffs,   :
:      14-CV-2811 (JMF)
          -v-   :
:      MEMORANDUM OPINION
BATS GLOBAL MARKETS, INC., et al.,   :      AND ORDER
:
                    Defendants.   :
:
-----------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      This case, familiarity with which is presumed, has a long procedural history. To the extent relevant here, the Court dismissed Plaintiffs' claims in 2015, holding that Defendants here, stock exchanges (the "Exchanges"), were protected by absolute immunity and that, in any event, Plaintiffs failed to state a claim under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b). *See In re Barclays Liquidity Cross & High Frequency Trading Litig.* ("*In re Barclays LX I*"), 126 F. Supp. 3d 342, 355-62 (S.D.N.Y. 2015). The Court of Appeals disagreed on both counts, vacating and remanding Plaintiffs' Section 10(b) claims for further proceedings. *See City of Providence, R.I. v. BATS Glob. Mkts., Inc.*, 878 F.3d 36 (2d Cir. 2017). In 2019, on remand, the Court denied the Exchanges' renewed motion to dismiss for lack of standing and failure to state a claim. *See In re Barclays Liquidity Cross & High Frequency Trading Litig.* ("*In re Barclays LX II*"), No. 14-MD-2589 (JMF), 2019 WL 2269929 (S.D.N.Y. May 28, 2019). Following discovery, however, the Exchanges moved to preclude the testimony of Plaintiffs' principal expert and for summary judgment. Earlier this year, the Court granted those motions, holding that Plaintiffs' expert's testimony was inadmissible and that, in the

absence of his testimony, Plaintiffs could not prove through admissible evidence that they have standing. *See City of Providence, R.I. v. BATS Glob. Mkts., Inc.*, No. 14-CV-2811, 2022 WL 902402 (S.D.N.Y. Mar. 28, 2022).  Plaintiffs initially appealed, but the appeals were withdrawn.

The Exchanges now move, by letter, for an order vacating (1) the portions of the Court's 2015 Opinion and Order addressing the merits of Plaintiffs' claims and (2) the Court's 2019 Opinion and Order denying the Exchanges' renewed motion to dismiss.  *See* ECF No. 880.  In support of that request, they rely on a handful of decisions — all from outside the Second Circuit — holding that, "[w]hen a federal court has never obtained jurisdiction over a case, such as when the plaintiff(s) lack standing, the proper disposition is to vacate all prior decisions made in the case." *Austin v. Union Bank & Tr. Co.*, No. 3:14-CV-00706 (YY), 2017 WL 7201528, at *7 (D. Or. May 17, 2017); *see also Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1344 (Fed. Cir. 2007); *Cunningham v. BHP Petroleum Great Britain, PLC*, 427 F.3d 1238, 1245-46 (10th Cir. 2005); *Walters v. Edgar*, 163 F.3d 430, 432 (7th Cir. 1998).  They also invoke *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950), in which the Supreme Court held that when a case becomes moot on appeal, the proper course is to vacate and remand with a direction to dismiss. "That procedure," the Court reasoned, "clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance.  When that procedure is followed, the rights of all parties are preserved; none is prejudiced by a decision which in the statutory scheme was only preliminary." *Id.* at 40.

In the Court's view, these cases do not compel the relief sought by the Exchanges.  It is well established that a "plaintiff's burden to establish constitutional standing changes over each successive stage of the litigation, commensurate with the changing standards on dispositive motion practice." *Schmelczer v. Penn Credit Corp.*, No. 20-CV-2380 (KMK), 2022 WL 862254,

at *6 (S.D.N.Y. Mar. 23, 2022). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss, [a court] presume[s] that general allegations embrace those specific facts that are necessary to support the claim. In response to a summary judgment motion, however, the plaintiff can no longer rest on such mere allegations, but must set forth by affidavit or other evidence specific facts." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (cleaned up). The question presented by the Exchanges' request is whether a court should vacate a prior decision addressing the merits when, as here, the court found, at the motion-to-dismiss stage, that the plaintiffs had standing, but later found, based on the higher burden applicable at summary judgment, that they did not. The out-of-Circuit cases cited by the Exchanges do not speak to that question because none involved that procedural history. (Moreover, as out-of-Circuit cases, they are obviously not binding here.) And the Exchanges do not seek to vacate a judgment, as in *Munsingwear*; instead, they seek to vacate interlocutory decisions of a district court, which would presumably serve merely as persuasive authority in any future litigation. The Exchanges fail to explain how they would be "prejudiced by" those decisions remaining on the books in the same way that a party could be prejudiced by an unreviewed judgment. *Munsingwear*, 340 U.S. at 40.

In short, the Exchanges fail to persuade the Court that vacatur of its prior decisions is appropriate, let alone required. Accordingly, the Exchanges' request is DENIED without prejudice to renewal in the event that the Exchanges can support it with authority more directly on point or can otherwise persuade the Court that the request is appropriate.

SO ORDERED.

Dated: July 29, 2022
New York, New York

_____
JESSE M. FURMAN
United States District Judge